## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRYSTAL VASQUEZ, MARIA de PILAR ESPINOZA VERA, MILENA ELIZABETH AGUILAR SANTANA, JOSE ALEXEI MORALES GARAVIT, KRAIG BROWN, DIORISSA CARELA MEDINA, ARACELIS PERALTA, ADONIS PEREZ, EDGAR O. SANCHEZ GATICA, JOSE GUILLERMO MEDRANO AGUILAR, RONAL MIGUEL ARGUETA MEDRANO, MARIO RENE CHAFOYA, and EUGENIO SERRANO, individually and on behalf of all others similarly situated,<br><br>                             Plaintiffs,<br><br>   – against –<br><br>STAFF SUPPORT TEAM, MACK MANAGEMENT GROUP LLC, MACK CAT LABOR, ROBERT MACK, SUPREME RESTORATION, LLC, DBA SERVPRO OF WASHINGTON COUNTY, and JDL INC., DBA SERVPRO OF NEWPORT & BRISTOL COUNTIES,<br><br>                           Defendants. | **Case No.: 1:22-cv-3468-LDH-CLP** |
| KRYSTAL VASQUEZ, MILENA ELIZABETH AGUILAR SANTANA, KRAIG BROWN, JOSE GUILLERMO, MEDRANO AGUILAR, and MARIO CHAFOYA, individually and on behalf of all others similarly situated,<br><br>                           Plaintiffs,<br><br>   – against –<br><br>A+ STAFFING LLC; A+ STUDENT STAFFING LLC,  MACK STAFFING SERVICES; ROBERT MACK, SUPREME RESTORATION, LLC, DBA SERVPRO OF WASHINGTON COUNTY, and JDL INC., DBA SERVPRO OF NEWPORT & BRISTOL COUNTIES,<br><br>                           Defendants. | **Case No.: 1:22-cv-02306-LDH-CLP** |

**SUPPLEMENTAL DECLARATION OF BRENDAN SWEENEY IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS AND
COLLECTIVE, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL,
APPOINTMENT OF A SETTLEMENT CLAIMS ADMINISTRATOR, AND APPROVAL
OF PROPOSED NOTICE OF SETTLEMENT**

I, Brendan Sweeney, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as

follows:

1.       I am an attorney admitted to practice in the State of New York and in this court.  I

am a Partner at The Law Office of Christopher Q. Davis PLLC (the "Working Solutions Law

Firm"), counsel for Plaintiffs in the above-captioned matter.  As such, I am fully familiar with

the facts and circumstances stated herein.

2.       This Declaration is intended to supplement the Declaration that I submitted on

February 15, 2024.

3.       I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on

behalf of the proposed class.

4.       I make these statements based on personal knowledge and would so testify if

called as a witness.

5.       I submit this Declaration in Support of Plaintiffs' Renewed Unopposed Motion

for Preliminary Approval of Class Action Settlement, Certification of the Settlement Class and

Collective, Appointment as Class Counsel, Appointment of a Settlement Claims Administrator,

and Approval of Proposed Notice of Settlement ("Motion for Preliminary Approval").  All

defined terms contained herein shall have the same meanings as set forth in the Settlement

Agreement, executed on or about February 13, 2024, and attached to my February 15, 2024

Declaration as Attachment 1.

6.      Multiple Named Plaintiffs were involved in the mediation that resulted in the original settlement.  The Named Plaintiffs agreed to compromise and settle their claims.

7.      In response to the Court's August 27, 2024, Memorandum and Order (the "August 27 Order") (ECF No. 100), counsel for the Parties negotiated an Amended Settlement Agreement (Attachment 1) and an amended Notice of Class Action Settlement and Claim Form (Attachments 2 and 3).

8.      Considering the risk that certain legal theories that underpin Plaintiff's claims are unsettled, the risk that certain claims could be compelled to arbitration and the risk that some of the Defendants may be unable to withstand a judgment, the proposed settlement is an excellent result for all Class Members.  When Service Awards are included, on average, Class Members who participate in the settlement will recover 36% of their unpaid wages.  Attachment 4 is an analysis that compares the recovery available to each Class Member to our estimate of their unpaid wages (not including penalties, interest or attorneys' fees).

9.      The proposed settlement allocates the Net Settlement fund based on weeks worked.  It is reasonable to allocate the settlement fund based on the amount each settlement Class Member actually worked because the primary driver of the settlement was the prevailing wage claim.

10.      The settlement provides for service awards of $5,000 to each of the thirteen Named Plaintiffs and $2,500 to each of the fifty-one opt-in Plaintiffs.

11.      Each Named Plaintiff and Opt-in Plaintiff spent time detailing their claims to Class Counsel.  The Named Plaintiffs initially brought the claims forward and spent significant time meeting with Class Counsel.  They gathered documents and reviewed them with Class Counsel.  Opt-in Plaintiffs also spent time in interviews with Class Counsel and they collected

documents that were provided to Class Counsel. Opt-in Plaintiffs joined the cases after they had been filed by the Named Plaintiffs and their participation generally required less time.

12.     When the service awards are included, the settlement allows the Named and Opt-in Plaintiffs to recover an average of 78% of their underpaid wages.  The settlement provides absent class members, on average, 30% of their underpaid wages.

13.     The Named Plaintiffs and Opt-in Plaintiffs are entitled to receive $442,594.00 from Defendants.  When attorneys' fees and administration expenses are included, the minimum settlement cost for Defendants, before any absent Class Members make claims, will be $894,399. Even if only half of the funds available to absent Class Members are claimed, the settlement would cost Defendants $1,072,199 and the reversion to Defendants would be $177,801.

**Attorneys' Fees**

14.     The parties agreed to remove the "clear sailing" clause in the Amended Settlement Agreement.

15.     Class Counsel expended substantial time and effort to achieve the $1,250,000 Maximum Settlement Amount on behalf of the Class.  Attachment 5 is Class Counsel's time records for these cases.

16.     Before the initiation of these cases, Class Counsel conducted a thorough investigation into the merits of the potential claims and defenses. Class Counsel focused their investigation and legal research on the underlying merits of the Class Members' claims, the damages to which they were entitled, and the appropriateness of collective and class certification. Prior to filing the initial Complaint, several lawyers and staff conducted multiple in-depth interviews with several people who would become Named Plaintiffs to understand their duties, the way they were paid and other information relevant to their potential claims.  Class

counsel also devoted significant time to legal research regarding the potential claims for payment of prevailing wages, the procedures for pursuing this type of claim and the likelihood of class certification. Class Counsel's team also devoted significant time, both before and after filing the initial Complaints, to collecting documents and audio recordings from Potential Class Members and reviewing those materials.

17. Class Counsel filed complaints in separate cases against A+ Staffing, Staff Support, and Mack (referred to herein as the "Subcontractor Defendants") in April and June 2022. After filing the initial Complaints, Class Counsel opposed several letter motions seeking dismissal of the Complaints and filed Amended Complaints. The A+ Defendants also filed a motion to compel arbitration, which Plaintiffs opposed.

18. In mid-2022, Plaintiffs and the Subcontractor Defendants agreed to participate in mediation. In preparation for the mediation, Plaintiffs and the Subcontractor Defendants exchanged significant documents and data. Class Counsel analyzed the documents and data, prepared a detailed Mediation Statement and engaged a consulting expert to assist with an analysis of potential damages. The Plaintiffs and the Subcontractor Defendants engaged in a mediation on November 18, 2022, before Mediator Alfred G. Feliu, Esq. This mediation did not result in a settlement. The Plaintiffs subsequently amended their Complaints to add the ServPro entities as Defendants.

19. On December 27, 2022, the Mack Defendants filed letters requesting a premotion conference to file a motion to dismiss. On January 12, 2023, A+ Staffing and Staff Support also filed letters requesting a premotion conference to file a motion to dismiss. The A+ Defendants also argued that several Named Plaintiffs and Opt-in Plaintiffs signed arbitration agreements. On

January 18, 2023, Plaintiffs submitted letters responding to the arguments raised in Defendants' premotion conference letters.

20.     Judge DeArcy Hall conducted a conference on March 7, 2023. Judge DeArcy Hall made clear that Plaintiffs' claims for prevailing wages based on a third-party beneficiary theory would not be dismissed at the pleading stage. The court specifically rejected Defendants' arguments that Plaintiffs had a duty to exhaust administrative remedies and that alleged flaws in the process that led the Comptroller to declare that subway cleaners are entitled to be paid at prevailing wage rates impact Plaintiffs' claims. The Court also rejected the argument that the MTA is a necessary party in this case. Class Counsel subsequently filed Third Amended Complaints in both cases.

21.     The court and the parties also agreed that discovery, and individualized evidentiary hearings, would be required to resolve the A+ Defendants' Motion to Compel arbitration. On April 3, 2023, A+ Staffing and Staff Support filed their motions to compel arbitration. Over the next three months, Plaintiffs, A+ Staffing, and Staff Support exchanged extensive discovery, including document discovery and interrogatory responses, relating to the formation of the arbitration agreements. The Plaintiffs deposed one witness, Teresa Pollock, the primary Human Resources Manager for A+ Staffing and Staff Support.

22.     On April 28, 2023, Plaintiffs filed a motion to certify the FLSA collective. On June 2, 2023, Defendants filed opposition to Plaintiffs' motion. Plaintiffs filed reply papers in support of their motion on June 16, 2023.

23.     On July 18, 2023, the Plaintiffs, A+ Staffing, and Staff Support informed the Court that they had completed the exchange of discovery relating to the arbitration agreements. On August 21, 2023, Plaintiffs filed opposition to the A+ Staffing and Staff Support's motions to

compel arbitration.  On September 5, 2023, A+ Staffing and Staff Support filed reply papers in support of their motions.  On September 22, 2023, the Court tentatively scheduled the evidentiary hearings at the end of October for the motions to compel arbitration.

24.    On or around September 28, 2023, the Parties informed the Court that they had agreed to a second private mediation on December 14, 2023, with Martin F. Scheinman. In light of this agreement, the Court adjourned the evidentiary hearings and related deadlines.

25.    The parties again exchanged information and documents and Class Counsel again devoted significant time to preparing for the second mediation.  The second mediation resulted in the settlement that is before the Court.

26.    In performing these and other tasks, Class Counsel has expended more than 860 hours of attorney, paralegal, and staff member time—an aggregate lodestar of more than $377,000.000.  These hours are reasonable for a case like this one and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff participating in the case. Class Counsel used a small team of attorneys and support staff at any one time in order to minimize duplication of efforts and maximize billing judgment and made every effort to have the work performed by the attorney, paralegal, or other support staff with the lowest hourly rate who was able to perform it effectively.

27.    The lodestar amount to date was calculated using an hourly rate of $550 for Partners Margaret A. Malloy[1], Brendan Sweeney and Christopher Davis, $375 for Associate Nicholas Bittner and rates of $150 or $100 for law clerks and paralegals.  In *Shaw, et al. v. Hornblower Cruises & Events,* LLC, 21-cv-10408-VM-OTW (S.D.N.Y. October 4, 2023) Judge Marrero granted preliminary approval of a settlement in which Class Counsel used the same rates

---

[1] Ms. Malloy left The Law Offices of Christopher Q. Davis during the pendency of this case.

(final approval in that case has been delayed because of a bankruptcy filing).  Similarly, in *Rosenberg, et al. v. BioReference Laboratories, Inc.,* Case 2:22 cv-02321-CCC-CLW (D.N.J. Jan. 30, 2024) the court approved a fee petition using these hourly rates.

28.     The requested fee is not based solely on time and effort already expended; rather, it is also meant to compensate Class Counsel for time that will be spent assisting administration of the settlement in the future.  In Class Counsel's experience, administering class settlements of this size requires substantial and ongoing commitment. As is common in wage and hour class actions, Class Counsel expects to respond to Class Member inquiries even after final approval, especially after settlement checks are issued.

29.     Based on the time invested in these cases to date, Class Counsel's request for $416,000, represents only approximately a 1.1 times multiplier of the lodestar amount.

**The NYCCHR Charges**

30.     Four of the Named Plaintiffs, Krysal Vasquez ("Vasquez"), Milena Santana ("Santana"), Diorissa Medina ("Medina") and Aracelis Peralta ("Peralta"), and two of the opt-in Plaintiffs, Anyela Maeda Barrera ("Berrera") and Natalia Colombo ("Colombo") separately filed Complaints with the New York City Commission on Human Rights alleging that the Subcontractor Defendants subjected them to sexual harassment during their employment (the "NYCCHR Charges").

31.     The mediation that resulted in the settlement in the collective and class wage and hour cases took place on December 14, 2023, and the original Settlement Agreement in these matters was fully executed in early February 2024.

Case 1:22-cv-03468-CLP    Document 94    Filed 10/25/24    Page 9 of 91 PageID #: 2847

32.     The mediation that resulted in the settlement of the NYCCHR Charges took place on February 28, 2024.  Each of the six individuals who brought the NYCCHR Charges decided to resolve their claims in return for individual settlement payments.

33.     The settlement of these wage and hour class actions, and the subsequent settlement of the NYCCHR Charges, were entirely separate.  We do not believe that Rule 23(e)(3) is applicable here because the NYCCHR Charges and this case are separate, and the settlements of these matters were not connected in any way.

Dated: October 25, 2024

Respectfully Submitted,

*Brendan Sweeney*
Brendan Sweeney
**The Law Office of Christopher Q. Davis**
80 Broad Street, Suite 703
New York, New York 10004

# ATTACHMENT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

KRYSTAL VASQUEZ, MARIA de PILAR ESPINOZA
VERA, MILENA ELIZABETH AGUILAR SANTANA,
JOSE ALEXEI MORALES GARAVIT, KRAIG
BROWN, DIORISSA CARELA MEDINA, ARACELIS
PERALTA, ADONIS PEREZ, EDGAR O. SANCHEZ
GATICA, JOSE GUILLERMO MEDRANO
AGUILAR, RONAL MIGUEL ARGUETA
MEDRANO, MARIO RENE CHAFOYA, and
EUGENIO SERRANO, individually and on behalf of all
others similarly situated,

                      Plaintiffs,

   – against –

STAFF SUPPORT TEAM, MACK
MANAGEMENT GROUP LLC, MACK CAT
LABOR, ROBERT MACK, SUPREME
RESTORATION, LLC, DBA SERVPRO OF
WASHINGTON COUNTY, and JDL INC., DBA
SERVPRO OF NEWPORT & BRISTOL
COUNTIES,

                    Defendants.

**Case No.: 1:22-cv-3468-LDH-CLP**

---

KRYSTAL VASQUEZ, MILENA ELIZABETH
AGUILAR SANTANA, KRAIG BROWN, JOSE
GUILLERMO, MEDRANO AGUILAR, and MARIO
CHAFOYA, individually and on behalf of all others
similarly situated,

                    Plaintiffs,

   – against –

A+ STAFFING LLC; A+ STUDENT STAFFING
LLC,  MACK STAFFING SERVICES; ROBERT
MACK, SUPREME RESTORATION, LLC, DBA
SERVPRO OF WASHINGTON COUNTY, and JDL
INC., DBA SERVPRO OF NEWPORT & BRISTOL
COUNTIES,

                    Defendants.

**Case No.: 1:22-cv-02306-LDH-CLP**

## <u>AMENDED SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Agreement") is entered into by and between Krystal Vasquez, Maria de Pilar Espinoza Vera, Milena Elizabeth Aguilar Santana, Jose Alexei Morales Garavit, Kraig Brown, Jose Guillermo Medrano Aguilar, Mario Rene Chafoya, Diorissa Carela Medina, Aracelis Peralta, Adonis Perez, Edgar O. Sanchez Gatica, Ronal Miguel Argueta Medrano, and Eugenio Serrano (collectively, the "Named Plaintiffs"), individually and on behalf of the Class (as defined below), and A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, Mack Cat Labor, Supreme Restoration LLC d/b/a Servpro of Washington County, and JDL Inc. d/b/a Servpro of Newport and Bristol Counties (collectively, the "Defendants" and with Named Plaintiffs, the "Parties").

## RECITALS AND BACKGROUND

WHEREAS, on April 22, 2022, Krystal Vasquez filed a Class and Collective Action Complaint against A+ Staffing LLC, A+ Student Staffing LLC (collectively, "A+ Staffing"), Mack Staffing Services, and Robert Mack in the United States District Court for the Eastern District of New York, bearing Case No. 1:22-cv-02306 ("Action No. 1");

WHEREAS, on June 13, 2022, Krystal Vasquez, Maria de Pillar and Espinoza Vera filed a Class and Collective Action Complaint against Staff Support Team ("Staff Support"), Mack Management Group LLC, Mack Cat Labor, and Robert Mack (collectively, "Mack") in the United States District Court for the Eastern District Court of New York, bearing Case No. 1:22-cv-3468 ("Action No. 2") (Action No. 1 and Action No. 2 collectively referred to herein as the "Actions");

WHEREAS, in or about September 2022, a First Amended Class and Collective Action Complaint was filed in the Actions;

WHEREAS, on or about September 28, 2022, a pre-motion letter was filed in the Actions on behalf of Mack seeking permission to file a motion to dismiss the breach of contract, unjust enrichment, and quantum meruit claims asserted in the First Amended Class and Collective Action Complaint;

WHEREAS, on or about November 18, 2022, the Plaintiffs, A+ Staffing, Staff Support, and Mack engaged in a mediation before Mediator Alfred G. Feliu, Esq. that did not result in a settlement;

WHEREAS, in or about December 2022, a Second Amended Class and Collective Action Complaint was filed in the Actions in which Supreme Restoration, LLC d/b/a Servpro of Washington County and JDL, Inc., d/b/a Servpro of Newport & Bristol Counties (collectively, "Servpro") were also named as Defendants;

WHEREAS, Defendants filed pre-motion letters in the Actions seeking permission to file a motion to dismiss the breach of contract, unjust enrichment, and quantum meruit claims asserted in the Second Amended Class and Collective Action Complaint;

WHEREAS, in or about March 2023, the Named Plaintiffs filed a Third Amended Class and Collective Action Complaint in the Actions alleging claims against Defendants for (a) breach of contract for the alleged failure to pay the Named Plaintiffs prevailing wage in accordance with Servpro's contracts with the New York City Transit Authority ("NYCTA Contracts"); and (b) unjust enrichment and quantum meruit for the alleged failure to pay the Named Plaintiffs prevailing wage in accordance with the NYCTA Contracts, and further alleging claims against Staff Support, A+ Staffing, and Mack for: (a) the alleged failure to pay the Named Plaintiffs overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. §§ 201 *et seq.*, and the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*; (b) the alleged failure to provide Plaintiffs with accurate wage notices and wage statements in accordance with NYLL § 195; (c) the alleged failure to pay the Named Plaintiffs paid sick leave in accordance with NYLL § 196-b; and (d) retaliation against Plaintiffs in violation of the NYLL (the "Litigation");

WHEREAS, solely for the purpose of settling this Litigation, and without admitting any wrongdoing or liability, Defendants have agreed, for settlement purposes only, to the conditional certification of a collective action under § 216(b) of the FLSA and to class certification under Fed. R. Civ. P. 23;

WHEREAS, the Parties have engaged in extensive informal discovery in connection with the potential settlement of this matter;

WHEREAS, Named Plaintiffs and Defendants, through their respective counsel, have also participated in extensive arms-length negotiations in efforts to settle the disputes underlying the Litigation, including participating in a full-day mediation session on December 14, 2023 with Mediator Martin F. Scheinman, Esq., an experienced and well-known mediator who has successfully negotiated settlements in similar wage and hour class and collective actions, which resulted in a settlement in principle and binding Term Sheet, which is superseded by this Agreement;

WHEREAS, Defendants deny and continue to deny all of the allegations made in the Litigation and have denied and continue to deny that they are liable or that they owe damages to anyone with the respect to the allegations or causes of action asserted in the Litigation. Nonetheless, solely for the purposes of settling this Litigation, and without admitting any wrongdoing or liability, Defendants have agreed to disseminate a notice of settlement pursuant to Fed. R. Civ. P. 23 and §216(b) of the FLSA to all Class Members and FLSA Collective Members (as both terms are defined below);

WHEREAS, the purpose of this Agreement is to settle fully and finally all State Law Claims and FLSA Claims (as defined below) among the Named Plaintiffs, the Class Members, the FLSA Collective Members, and Defendants, including all claims asserted in the Litigation, in order to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Class Counsel (as defined below) analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Named Plaintiffs, the Class Members and the FLSA Collective Members, and based upon Class Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in recovery that is less favorable and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs, Class Members, and FLSA Collective Members;

WHEREAS, on August 27, 2024, the Court issued a Memorandum and Order partially denying Plaintiffs' Unopposed Motion for Preliminary Approval and providing direction as to steps the Parties could take to obtain approval of the settlement;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to full and complete settlement of the Litigation on the following terms and conditions:

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1** **"A+ Staffing."** A+ Staffing shall mean A+ Staffing LLC, A+ Student Staffing LLC, collectively.

**1.2** **"Actions" or "Litigation."** The Actions or Litigation shall mean the filed complaints in the United States District Court Eastern District of New York, bearing the captions of: (a) *Krystal Vasquez, et al. v. Staff Support Team, et al.*, Case No. 1:22-cv-3468; and (b) *Krystal Vasquez, et al. v. A+ Staffing LLC, et al.*, Case No. 1:22-cv-02306.

**1.3** **"Administrator" or "Claims Administrator."** The Administrator or Claims Administrator refers to RG2 Claims Administration LLC a third-party administrator, to mail the Notices and administer the Settlement.

**1.4** **"Agreement."** Agreement means this Settlement Agreement and Release.

**1.5** **"Authorized Claimant/Collective Action Member."** An Authorized Claimant/Collective Action Member is a Class Member who timely files an Opt-in/Claim Form in accordance with the terms of this Agreement, and who is therefore entitled to receive a Settlement Check. The Named Plaintiffs are Authorized Claimants upon execution of this Agreement and need not return a Claim Form.

**1.6** **"Class" or "Class Member(s)."** Class or Class Members shall be defined as: Named Plaintiffs, Opt-in Plaintiffs and all non-exempt employees who were employed by one or more of the Defendants from April 22, 2019 through the date of execution of the Agreement, who do not opt-out of the Litigation in accordance with the procedures set forth below.

**1.7** **"Class Counsel" or "Plaintiffs' Counsel."** Class Counsel or Plaintiffs' Counsel shall mean Brendan Sweeney and Christopher Q. Davis of The Law Office of Christopher Q. Davis, Working Solutions NYC, 80 Broad Street, Suite 703, New York, New York 10004.

**1.8** **"Class Member List" or "Class List."** The Class Member List or Class List shall mean a list of all Class Members that shall be compiled by the Claims Administrator as follows: (a) within fourteen days after this Agreement is executed, Defense Counsel shall provide a list to the Claims Administrator in Excel format, reflecting all Class Members, identified by, to the fullest extent possible, as based on the employee records of A+ Staffing, Staff Support, and Mack: (i) name; (ii) last known address, e-mail address and cellular telephone number; (iii) dates of employment; and (iv) Social Security Numbers or Tax Identification Numbers, (b) within fourteen days after this Agreement is executed, Class Counsel shall provide a list to the Claims Administrator in Excel format, reflecting all Class Members about whom they have information, identified by, to the fullest extent possible, as based on the employee records of A+ Staffing, Staff Support, and Mack: (i) name; (ii) last known address, e-mail address and cellular telephone number; (iii) dates of employment; and (iv) Social Security Numbers or Tax Identification Numbers, this combined list shall be the "Class List," provided (c) if any individual is identified as a Class Member but Defense Counsel does not have information required by the Claims Administrator to process a settlement payment to such individual, Class Counsel shall provide W-4s for those individuals. If the individual does not provide the requested information to the Claims Administrator, the individual will no longer be deemed a "Class Member." The Class Member List is to be used solely by the Claims Administrator to effectuate settlement, and may not be copied, disseminated or used for any other purpose.

**1.9** **"Court."** The Court shall mean the United States District Court, Eastern District of New York.

**1.10** **"Days."** Unless otherwise specified, days shall mean calendar days. If any deadline specified in this Agreement falls on a weekend or holiday, the due date shall be extended to the next business day that is not a weekend or holiday.

**1.11** **"Defendants."** Defendants shall mean A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, Mack Cat Labor, Supreme Restoration LLC d/b/a Servpro of Washington County, and JDL Inc. d/b/a Servpro of Newport and Bristol Counties, collectively.

**1.12** **"Defense Counsel" or "Defendants' Counsel."** Defense Counsel or Defendant's Counsel shall be: (a) for Servpro - Aaron N. Solomon, Esq. and Edward H. Grimmett, Esq. of Kaufman Dolowich & Voluck LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (b) for A+ Staffing and Staff Support – John J. Porta, Esq. and Melanie H. Ross, Esq. of Jackson Lewis P.C., 666 Third Avenue, 29th Floor, New York, NY 10017; and (c) for Mack – Jeremy Klausner, Esq. of Jeremy Klausner Law P.C., 21 Sheffield Ter., West Orange, New Jersey 07052.

**1.13** **"Fairness Hearing."** The Fairness Hearing shall mean the hearing before the Court relating to the Motion for Final Approval, unless otherwise scheduled by the Court without the filing of a motion.

**1.14** **"Final Effective Date."** The Final Effective Date shall be thirty (30) days after the Court has entered a Final Approval Order (as defined herein) approving this Agreement, provided the time to appeal from the Final Approval Order has expired and no notice of appeal has been filed. In the event a notice of appeal is filed, the Final Effective Date shall be the latest of the following: (1) the date any appeal from the Final Approval Order has been finally dismissed; (2) the date the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and/or (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical (i.e., including identical payment obligations and procedures, releases, and other material terms) to the form of the Final Approval Order entered by the Court.

**1.15** **"Final Approval Order."** The Final Approval Order shall mean the order entered by the Court after the Fairness Hearing approving the terms and conditions of this Agreement, distribution of the settlement payments from the Settlement Account, approval of professional fees, expenses and costs, and dismissal of the Litigation with prejudice.

**1.16** **"FLSA Collective Member(s)."** FLSA Collective Members shall be defined as Named Plaintiffs, any individual who filed an Opt-in form in either Litigation, and all Class Members who file an Opt-in/Claim Form in accordance with the terms of this Agreement. FLSA Collective Members who submit an Opt-in/Claim Form will fully and finally release their FLSA claims upon final approval of the settlement.

**1.17** **"FLSA Claims."** The FLSA Claims shall mean any and all claims, demands rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues arising in any way from the beginning of time until the date of the Final Approval Order, whether known or unknown, contingent or absolute, suspected or

unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims that could have been, or might be asserted in any court, tribunal or proceeding, against Released Entities by or on behalf of the Named Plaintiffs, the Class Members, the Authorized Claimants, and/or the FLSA Collective Members under federal wage and hour laws, including, but not limited to, the FLSA, 29 U.S.C. §§ 201 *et seq.*

**1.18**    **"Gross Settlement Fund."** Gross Settlement Fund refers to One Million Two Hundred Fifty Thousand Dollars and Zero Cents ($1,250,000.00), the maximum amount Defendants have agreed to pay to the Settlement Administrator pursuant to this Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, any and all amounts to be paid to Authorized Claimants, the Court-approved costs of the Administrator, and any Court-approved service award.

**1.19**    **"Mack."** Mack shall mean Mack Staffing Services, Mack Management Group LLC, Mack Cat Labor, and Robert Mack, collectively.

**1.20**    **"Motion for Final Approval."** The Motion for Final Approval shall mean the Named Plaintiffs' anticipated motion, with supporting documents and materials, for the Court's final approval of the settlement.

**1.21**    **"Named Plaintiffs."** The Named Plaintiffs shall mean Krystal Vasquez, Maria de Pilar Espinoza Vera, Milena Elizabeth Aguilar Santana, Jose Alexei Morales Garavit, Kraig Brown, Jose Guillermo Medrano Aguilar, Mario Rene Chafoya, Diorissa Carela Medina, Aracelis Peralta, Adonis Perez, Edgar O. Sanchez Gatica, Ronal Miguel Argueta Medrano, and Eugenio Serrano, collectively.

**1.22**    **"Notice" or "Notices."** Notice or Notices shall mean the Court-approved Notice of Proposed Settlement including notice of an opportunity to opt-out and/or object to the proposed settlement, and the Opt-in/Claim Form attached hereto as Exhibit A.

**1.23**    **"Objector."** An Objector shall mean any Class Member who properly files an objection to this Agreement and does not include any individual who opts-out of this Agreement.

**1.24**    **"Opt-out Statement."**   An Opt-out Statement is a written signed statement by a Class Member who has decided to opt-out and not be included in this Agreement.  Any Class Member who does not timely (pursuant to Section 2.8 below) submit an Opt-out Statement waives and releases all State Law Claims, even if he or she does not cash his or her settlement check(s).  Only Class Members who endorse their settlement checks will waive and release their FLSA Claims as well.  Class Members who submit an Opt-out Statement retain their FLSA Claims and/or State Law Claims.

**1.25    "Parties."** The Parties shall refer to Named Plaintiffs and Defendants, collectively.

**1.26    "Plaintiffs."** Plaintiffs shall mean Named Plaintiffs, FLSA Collective Members, and Class Members, collectively.

**1.27    "Preliminary Approval Order."** The Preliminary Approval Order shall mean the Order entered by the Court: (i) certifying a collective pursuant to 29 U.S.C. 216(b) and a class pursuant to Fed. R. Civ. P. 23 solely for purposes of effectuating the Agreement; (ii) preliminarily approving the terms and conditions of this Agreement; (iii) appointing The Law Office of Christopher Q. Davis as Class Counsel; (iv) directing the manner and timing of providing Notice to the Class Members; (v) appointing the Claims Administrator; and (vi) setting dates to effectuate the terms of this Agreement, including the date of the Fairness Hearing.

**1.28    "Released Entities."** The Released Entities shall mean Defendants, A-PLUS Student Staffing Inc. d/b/a A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team LLC, Mack Staffing Services, Robert Mack, Mack Management Group LLC, Mack Cat Labor, Supreme Restoration LLC d/b/a Servpro of Washington County, and JDL Inc. d/b/a Servpro of Newport and Bristol Counties[1], MA DL Inc.[2], OB DL LLC,[3] DLJD Inc. d/b/a Servpro of Long Island City, LES DM Inc. d/b/a Servpro of Lower East Side Manhattan, SW JD Inc. d/b/a Servpro SW Onondaga, BUF DL LLC,[4] NJEMC DL LLC,[5] and their respective estates, heirs, executors, administrators, agents, successors, and assigns, as well as their individual and collective subsidiaries, parents, affiliates, shareholders, partners (general and limited), members, lenders (including any administrative agent or collateral agent for such lenders), employee benefit plan administrators, creditors, insurers, sureties, predecessors, and successors of the foregoing, as well as the officers, managers, owners, directors, employees, agents, representatives, attorneys, trustees, executors, heirs, spouses, transferees, and assigns of any and all of them in their individual and/or representative capacities, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, solely in their capacity as such.  The term Released Entities also includes the following individuals as well as their current and future heirs, executors, administrators, agents, successors, and assigns: 1) Dion Luzzi, 2) Larry Kluger, Jade Edwards and Betsy Garner.

**1.29    "Servpro."** Servpro shall mean Supreme Restoration LLC d/b/a Servpro of Washington County, and JDL Inc. d/b/a Servpro of Newport and Bristol Counties, collectively.

---

[1] Also d/b/a Servpro of East Providence.
[2] d/b/a Servpro of East Boston, Chelsea & Revere and Servpro of Stoughton, Brockton.
[3] d/b/a Servro of Oyster Bay, Servpro of Great Neck/Port Washington, and Servpro of Patchogue.
[4] d/b/a Servpro of East Niagara and Servpro of Central Buffalo.
[5] d/b/a Servpro of Parsippany/Montville, Servpro of Edison, Servpro of Greater Hunterdon County, and Servpro of Morristown.

**1.30**    **"Settlement Amount."** The Settlement Amount shall mean a qualified settlement fund established by the Administrator, pursuant to this Agreement.

**1.31**     **"Settlement Checks."** The Settlement Checks shall mean the checks issued to Authorized Claimants from the Settlement Account by the Administrator as calculated by the Administrator in accordance with this Agreement.

**1.32**    **"Staff Support."** Staff Support shall mean Staff Support Services.

**1.33**    **"State Law Claims."** The State Law Claims shall mean any and all demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues arising in any way during the beginning of time until the date of the Final Approval Order, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might be asserted in any court, tribunal or proceeding that could have been asserted by, or on behalf of, the Named Plaintiffs, the Class Members, the Authorized Claimants, and/or the FLSA Collective Members against the Released Entities for breach of contract and/or under the New York Labor Law, the New York Building Services Wage Order, the New York Miscellaneous Industries Wage Order, the New York Wage Theft Prevention Act, the New York Minimum Wage Act, and any other rule, regulation, statute, law, or ordinance that governs the payment of wages and is promulgated by any city, county, town, village, or municipality within the state of New York or in any other state or locality. State Law Claims include such aforementioned claims for statutory, constitutional, contractual or common law claims for unpaid regular, or overtime wages, meal breaks, payment of final wages, earned sick time, accrued benefit time, prevailing wages, improper notice, improper paystubs, spread of hours, unpaid gratuities, service charges, living wage, tips, any related wage and hour claims, quantum meruit or unjust enrichment, interest on such claims, penalties, damages, liquidated damages, attorney's fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief.

**1.34**    **"Opt-In Plaintiffs"** means any individual who filed an Opt-in form in either Litigation.

**2.**    **INITIAL PROCEDURAL ISSUES**

**2.1**    **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

**2.2**    **Retention of the Administrator.** In compliance with the Preliminary Approval Order of the Court and the schedule set forth therein, Class Counsel shall engage the Administrator to mail Notices and administer the settlement.

**2.3**    **Responsibilities of the Administrator.** The Administrator shall be responsible for:

(A)    preparing, printing and disseminating the Notices to the Class and any other notices required by the Court or by law (in English and Spanish);

(B)    copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party;

(C)    promptly furnishing to counsel for the Parties copies of any Opt-out Statements, objections or other written or electronic communications from Class Members which the Administrator receives;

(D)    keeping track of Opt-out Statements, including maintaining the original mailing envelope in which the request was mailed;

(E)    setting up a Settlement Account to be used for the distribution of; a) all Settlement Checks to Authorized Claimants; b) the Court-Approved costs and fees to Class Counsel; c) the Court-approved fees of the Claims Administrator; and, d) the Court-approved Service Award to the Named Plaintiff;

(F)    calculating the amount of each Class Member's Individual Settlement Allocation;

(G)    calculating the employer-side payroll taxes required pursuant to the settlement;

(H)    calculating and paying each Authorized Claimant's taxes and preparing appropriate tax forms for Defendants and for each Authorized Claimant;

(I)    mailing the Settlement Checks to Authorized Claimants;

(J)    ascertaining current address and addressee information for each Notice returned as undeliverable and the mailing of Notice;

(K)    responding to inquiries of the Class regarding procedures for filing objections and Opt-out Statements;

(L)    referring to Class Counsel all inquiries by the Class regarding matters not within the Administrator's duties specified herein;

(M)    responding to inquiries from Class Counsel and Defense Counsel consistent with the Administrator's duties specified herein;

(O)    promptly apprising Class Counsel and Defense Counsel of the activities of the Administrator;

(P)    maintaining adequate records of its activities, including the dates of the mailing of Notice(s), returned mail and other communications and attempted written or electronic communications with the Class;

(Q)     confirming in writing to Plaintiffs' Counsel and Defense Counsel its completion of the administration of the settlement;

(R)     timely responding to communications from the Parties or their counsel; and

(S)     such other tasks the Parties mutually agree.

Throughout the period of claims administration, the Administrator will provide reports to the Parties upon request by either Party regarding the status of the mailing of the Notices to the Class, the claims administration process, and distribution of the Settlement Checks or any other aspect of the claims administration process.

**2.4     Notice to Class.** The Notice will inform Class Members about the settlement set forth in this Agreement and will also advise them of the opportunity to object to, opt-out of, or take steps to remain in the Class and opt-in to the Collective Action in order to obtain a Settlement Check pursuant to this Agreement, and/or to appear at the Fairness Hearing.  Within fourteen (14) days of the entry of the Preliminary Approval Order by the Court, Counsel (in accordance with Paragraph 1.8) shall provide the Administrator with the Class List.  Within twenty-one (21) days of the entry of the Preliminary Approval Order by the Court, the Administrator will mail to all Class Members, via First Class United States Mail, the Court–approved Notices of Proposed Class and Collective Action Settlement (in English and Spanish) and the Opt-in/Claim Form.  The Administrator will take all reasonable steps to obtain the correct address of any Class Member for whom a Notice is returned by the post office as undeliverable, including one 15-day skip trace, and shall attempt a re-mailing to any Class Member for whom it obtains a more recent address. The Administrator will notify Class Counsel and Defense Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement. Class Members who do not appear on the Class List have until the end of the Opt-out Period (defined herein) to identify themselves.

**2.5     Access to the Administrator.** The Parties will have equal access to the Administrator through the claims administration period.  Class Counsel and Defense Counsel agree to provide the Administrator with all accurate information necessary to reasonably assist the Administrator in locating the Class.

**2.6     Approval of the Preliminary Approval Order.**

(A)      As soon as possible after execution of this Agreement, Class Counsel shall file an updated motion for Preliminary Settlement Approval ("Preliminary Approval Motion") which shall include: (i) the proposed Notice of Proposed Class and Collective Action Settlement and the Opt-in/Claim Form; (ii) a proposed Preliminary Approval Order; (iii) an executed version of this Agreement; and (iv) the necessary documents, memorandum, affidavits, and exhibits for the purposes of certifying a Class under Fed. R. Civ. P. 23 and a collective under § 216(b) of

the FLSA for settlement purposes only, and preliminarily approving the Agreement.

(B)   The Preliminary Approval Motion will also seek: (i) the setting of a date for individuals to submit Opt-in/Claim form or opt-out of this settlement and/or provide objections to this settlement, which date will be sixty (60) days from the initial mailing of Notice to the Class Members by the Administrator; and (ii) to set a date for the Fairness Hearing, for Final Approval of the Settlement which shall be no earlier than ninety (90) days following the date that the Court enters the proposed Preliminary Approval Order.

(C)   The proposed Preliminary Approval Motion, including but not limited to the Notice of Proposed Class Action Settlement and proposed Preliminary Approval Order shall be drafted by Class Counsel, but subject to comment, revision and approval by Defense Counsel.  Any such comments must be provided within seven days after Class Counsel provides a draft to counsel for Defendants. Defendants agree that they will not withhold consent so long as the Preliminary Approval Motion and other documents are consistent with the terms and conditions of this Agreement.

**2.7   Good Faith.**

(A)   The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Dismissal with prejudice.  Any disputes which arise between the Parties related to the Parties' efforts to obtain a Preliminary Approval Order, Final Approval Order, Final Dismissal with prejudice shall be submitted to mediator Martin F. Scheinman, Esq. for further guidance.

**2.8   Opt-outs.**

(A)   Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to the Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the Subway Cleaner wage and hour settlement" or words that are indisputably to that effect ("Opt-out Statement").  To be effective, an Opt-out Statement must be post-marked or received by the Administrator within sixty (60) days after the initial mailing of Notice to the Class.

(B)   The end of the time-period to opt-out of the settlement ("Opt-out Period") shall be sixty (60) days after the initial mailing of Notice to the Class.

(C)   The Administrator will send a final list of all Opt-out Statements to Class Counsel and Defense Counsel no later than fourteen (14) days after the Opt-out Period. The Administrator will retain the stamped originals of all Opt-out Statements and

originals of all envelopes accompanying Opt-out Statements in its files until such time as the Administrator is relieved of its duties and responsibilities under this Agreement.

(D)    Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the settlement in this case, and have any State Law Claims released and dismissed. Class Members who endorse, deposit, sign, and/or negotiate their settlement check(s) will also release their FLSA Claims.

(E)    Within 10 days of the conclusion of the Opt-out Period, Defendants shall have the option to cancel the settlement if more than 33% of the Class Members opt-out of the settlement. Should Defendants elect such a cancellation, the Parties will revert to their respective positions prior to entering into this Agreement and the Litigation will proceed as if no settlement had been attempted.

**2.9    Objections to Settlement.**

(A)    Objectors who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Administrator via First-Class United States Mail postmarked by sixty (60) days after the initial mailing of Notice to the Class. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone number for the Class Member making the objection. The Administrator will stamp the date received on the original and send copies of each objection, supporting documents, to Class Counsel and Defense Counsel by email delivery no later than three (3) days after receipt of the objection.  The Administrator shall provide all objections in its final affidavit to be filed with the application for Final Approval no later than fifteen (15) days prior to the Fairness Hearing.

(B)    An Objector also has the right to appear at the Fairness Hearing, either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. An Objector is a Class Member and an objection does not constitute the filing of an Opt-out Statement.

**2.10    Fairness Hearing and Motion for Final Approval and Dismissal.**

(A)    In accordance with the schedule set by the Court in the Preliminary Approval Order and in advance of the Fairness Hearing, the Parties shall file a Motion for Final Approval, with supporting documents and materials for final Approval of the settlement, which shall be subject to review and comment by the Named Plaintiffs and Defendants.  Defendants agree that they will not withhold consent so long as the Final Approval Motion and other documents are consistent with the terms and

conditions of this Agreement. The Motion for Final Approval may contain a compliance affidavit from the Administrator, an application for attorneys' fees, costs and the Service Awards, and supporting affirmation and documents from Class Counsel regarding the fairness, adequacy and reasonableness of the settlement or any aspect related to this Agreement.  The Motion for Final Approval may also include a proposed Final Approval Order.

(B)    At the Fairness Hearing, the Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Administrator to distribute Settlement Checks; (3) order the attorneys' fees, expenses and costs to be paid to Class Counsel out of the Settlement Account; (4) order the Administrator's fees and expenses be paid out of the Settlement Account; (5) order that the Service Awards discussed in Section 3.2(B) *infra* be paid out of the Settlement Account; (6) order the dismissal with prejudice of all State Law Claims by all Class Members who did not opt-out as well as Named Plaintiffs; (7) dismiss FLSA Claims for all Class Members who submitted opt-in/Claim forms; (8) order entry of Final Dismissal with prejudice in accordance with this Agreement; and (9) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated hereby.

**2.11    Effect of Failure to Grant Final Approval.** In the event the Court fails to dismiss this matter with prejudice in accordance with this Agreement or such dismissal or this settlement does not become Final as defined herein, the Parties shall resume the Litigation unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of dismissal with prejudice, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.  In the event any reconsideration or appellate review is denied, or a mutually agreed-upon settlement is not approved:

(A)    The Litigation will proceed as if no settlement had been attempted.  In that event, the class and collective certified for purposes of settlement shall be automatically decertified, and Defendants may contest whether this Litigation should be maintained as a class action or collective action and contest the merits of the claims being asserted by Named Plaintiffs in this action.

(B)    The Administrator will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement.  Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Claims Administrator in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

(C)    Any amounts deposited into the Settlement Account will be returned to Defendants, less the accrued administration fees of the Administrator if the Notices were already distributed by the Administrator.

**3    SETTLEMENT TERMS**

**3.1    Gross Settlement Amount.**

(A)    Defendants agree to create a "Gross Settlement Fund" in an amount not to exceed One Million Two Hundred Fifty Thousand Dollars and Zero Cents ($1,250,000.00), which shall fully resolve and satisfy any claims for: (i) attorneys' fees, expenses and costs approved by the Court; (ii) the Court-approved costs and fees of the Administrator; (iii) all amounts to be paid to all Authorized Claimants for releasing claims as set forth herein; and (iii) any Court-approved service award.

**3.2    Net Settlement Amount and Allocation to Class Members.** After deduction from the Gross Settlement Fund of: (i) the Court-approved service awards;  (ii) the Court-approved costs and fees of the Administrator; and (iii) Court-approved attorney's fees and costs (the "Net Settlement Amount"), Individual Settlement Allocations will be computed based on the number of weeks worked by Class Members during the Class Period. The Individual Settlement Allocations shall be calculated as set forth herein using the individual weeks worked by each Class Member during the period of April 2019 through the date of execution of this Agreement. To the extent the Parties disagree as to the number of weeks worked by any Class Member, Defendants agree to rely on representations provided by Class Counsel as to weeks worked.  Only Class Members who submit Opt-in Claim forms and do not timely opt-out under the terms of this Agreement shall be entitled to receive a check for their Individual Settlement Allocation.

(A)    **Calculation of Individual Settlement Allocations.**  A Class Member's Individual Settlement Allocation will be determined by the Settlement Administrator pursuant to the following formula:

(1)    Each Class Member's weeks worked for Defendant between April 2019 through the date of execution of this Agreement (the "Calculation Period") shall be determined.

(2)    To calculate each Class Member's Individual Settlement Allocation: (i) add all weeks worked by Class Members during the Calculation Period together to obtain the "Total Denominator;" (ii) Divide the weeks worked by each Class Member during the Calculation Period by the Total Denominator to obtain each Class Member's "Portion of the Net Settlement Fund;" (iii) multiply each Class Member's "Portion of the Net Settlement Fund" by the Net Settlement Fund to determine each Class Member's Individual Settlement Allocation.

(3)    The Total Denominator for each Class Member will be the same number.  As a result of this calculation, the total of all Class Members' numerators must equal the Total Denominator.  Thus, each Class Member's individual weeks worked during the Calculation Period divided by the sum of all weeks worked by all Class Members during the Calculation Period equals the Class Member's individual "Portion of the Net Settlement Fund."

(B) **Service Award to Named Plaintiff**. Class Counsel shall seek Court Approval of the payment of a Service Award of Five Thousand Dollars and Zero Cents ($5,000.00) to each Named Plaintiff and Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) to each Opt-in Plaintiff in consideration for their work performed on behalf of the Class (the "Service Award"). For the purposes of this Agreement, the Named Plaintiff and Opt-in Plaintiffs are collectively referred to as the "Service Award Recipients." Defendants shall not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Gross Settlement Fund. In the event the Court inquires about Defendants' position on the issue of the Service Award, Defendants will inform the Court that, for settlement purposes only, it takes no position on the issue so long as it does not increase the Gross Settlement Fund. The substance of Named Plaintiffs' application for a Service Award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for a Service Award shall not terminate this Agreement or otherwise affect the Court's Final Approval.

(C) **Additional Payment to Named Plaintiffs To Resolve Individual Retaliation Claims.** A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, Mack Cat Labor (the "SubContractor Defendants") agree to make additional payments to resolve the retaliation claims asserted by the Named Plaintiffs as follows: (i) $1,000.00 each to Krystal Vasquez  and Kraig Brown; and (ii) $500 each to Milena Elizabeth Aguilar Santana, Jose Alexei Morales Garavit, Diorissa Carela Medina,Jose Guillermo Medrano Aguilar, Ronal Miguel Argueta Medrano, Eugenio Serrano and Edgar O. Sanchez Gatica (the "Individual Retaliation Settlement Payments").

**3.3     Professional Fees and Costs.** At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees not to exceed Four Hundred Sixteen Thousand Dollars and Zero Cents ($416,000.00) as well as for reimbursement of their actual litigation expenses and costs up to Twenty-Two Thousand Dollars and Zero Cents ($22,000.00).  These fees, expenses and costs shall come out of the Gross Settlement Fund.  The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's Final Approval.

**3.4      Administrator's Fees.** As part of Named Plaintiffs' motion for final approval of the settlement, Named Plaintiff will submit a declaration from the Administrator detailing the administration process, and will petition the Court for an award of administration fees not to exceed Thirteen Thousand Five Hundred Fifty Five Dollars and Zero cents ($13,555.00).  At the Fairness Hearing, Class Counsel will petition the Court to award the Administrator its fees and expenses to be paid out of the Settlement Fund.  The Administrator's fees up to Thirteen Thousand Five Hundred Fifty Five Dollars and Zero cents ($13,555.00) shall be paid from the Gross Settlement Fund.  The substance of Class Counsel's application for the Administrator's fees and expenses is not part of this Agreement and is to be considered separately from the Court's consideration of the

fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to the request for Administrator costs and expenses shall not terminate this Agreement or otherwise affect the Court's Final Approval.  The Administrator Fees shall be deducted from the Gross Settlement Fund prior to distribution of any monies to the Class Members, FLSA Collective Members, Class Counsel and/or the Named Plaintiff.

**3.5     Funding and Payment**

(A)     A+ Staffing and Staff Support, collectively, shall fund Six Hundred Seventy Thousand Dollars and Zero Cents ($670,000.00) of the Gross Settlement Fund into the Settlement Account within thirty (30) days of the entry of the Final Approval Order by the Court.

(B)     Servpro shall fund Four Hundred Fifty Thousand Dollars and Zero Cents ($450,000.00) of the Gross Settlement Fund into the Settlement Account within thirty (30) days of the entry of the Final Approval Order of the Court.

(C)     Mack shall fund One Hundred Five Thousand Dollars and Zero Cents ($105,000.00) of the Gross Settlement Fund into the Settlement Account within thirty (30) days of the entry of the Final Approval Order of the Court.

(D)     If this Agreement i approved by the Court by way of entry of a Final Approval Order, within fourteen (14) days of the Final Effective Date, the Administrator shall mail or wire-transfer payment to Class Counsel in the amount of Court-approved costs plus attorney's fees equal to the approved amount.

(E)     If this Agreement is approved by the Court by way of entry of a Final Approval Order, within fourteen (14) days of the Final Effective Date, the Administrator shall return any funds from the Net Settlement Amount not claimed by Authorized Claimants.

(F)     Within thirty (30) days of the Final Effective Date the Administrator will mail Settlement Checks to all Authorized Claimants.

(G)     Authorized Claimants shall have ninety (90) days after the Settlement Checks are mailed to cash their respective Settlement Checks. After the 90-day period ends, residual funds may be applied to any unforeseen liabilities, claims, expenses, and costs incurred by the Administrator, provided the Administrator first consults with and obtains approval from Class Counsel and Defendant's Counsel. Any uncashed Settlement Checks, and all other amounts remaining in the fund after 90 days shall be void and returned to Defendants, which shall be allocated to defendants as follows: (i) 54% of the remaining funds to A+ Staffing and Staff Support, collectively; (ii) 38% of the remaining funds to Servpro; and (iii) 8% of the remaining funds to Mack.

(H)    To the extent Defendants fail to provide deposits to the Settlement Administrator pursuant to this section, or any check fails to clear, a late penalty of 16% on the outstanding balance, compounded annually, shall be assessed.

(I)    The Parties understand and agree that, in the event a Defendant fails to comply with the terms of this agreement, including the obligation to submit payment as specified in Paragraph 3.5(A),(B), and (C), this agreement will remain in full force and effect with regard to any Defendant who has fully complied with its obligations under this agreement. Plaintiffs will hold the Defendants who complied with the obligations harmless and not seek contribution from them.

**3.6    Tax Characterization.**

(A)    Except as set forth below, settlement payments to the Authorized Claimants will be allocated as follows for tax purposes: (i) 50% in consideration for time worked as back-wage payments and/or wage income subject to W-2 reporting; and (ii) 50% in consideration for compensatory damages subject to W-9 reporting.

(B)    Service Awards and the Individual Retaliation Settlement Payments to the Named and Opt-in Plaintiffs shall be treated as payments for compensatory damages subject to W-9 reporting.

(C)    All Wage Payments (*i.e.,* the portion set forth in Section 3.6(A)(i) above) shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") on an IRS Form W-2. Payments of attorneys' fees, expenses and costs pursuant to Section 3.3 shall be made without any withholdings, and a Form 1099 shall be issued for this payment, subject to Defendant's prior receipt of an appropriate W-9 from Class Counsel. Any Service Award Payment shall be made without any withholdings and reported to the IRS via a Form 1099. Defendants and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in this Section 3.6.

(D)    Defendants shall pay the employer's share of the FICA tax and any federal and state unemployment tax due that are traditionally borne by employers, with respect to the Wage Payments outside of the Gross Settlement Fund. The Administrator shall be responsible for making all withholdings from employees' settlement payments required pursuant to any federal, state, or local tax law or regulation, with respect to the Wage Payments. The Claims Administrator shall inform Defense Counsel of the estimated employer-side payroll taxes that will have to be paid by Defendant within three (3) days of the Court entering a Final Approval Order.

3.7    **Allocation of Unapproved Attorneys' Fees, Expenses, Service Award and Administration Fees.**  Any amounts not approved for Attorneys' Fees, Expenses, Service Award or Administration Fees shall be reallocated from the Settlement Amount for payment to Class Members.

4.    **RELEASE**

4.1   **Mutual Release of Claims.**

(A)    **Release of State Claims.** Upon the Final Approval Order being issued, and except as to such rights or claims as may be specifically created by this Agreement, each Class Member who does not opt-out of this Agreement, on his or her behalf, and on behalf of his or her respective current, former and future heirs, executors, and administrators, fully releases and discharges the Released Entities from any and all State Law Claims. Upon the Final Approval Order being issued, and except as to such rights or claims as may be specifically created by this Agreement, each Defendant fully releases and discharges Class Members who do not opt-out of this Agreement from any and all State Law Claims.

(B)    **Release of FLSA Claims.** Upon the Final Approval Order being issued, and except as to such rights or claims as may be specifically created by this Agreement, each Authorized Claimant, on his or her behalf, and on behalf of his or her respective current, former and future heirs, executors, administrators, agents, and attorneys, fully releases and discharges the Released Entities from any and all FLSA Claims.

(C)    **Release by Service Award/Individual Retaliation Settlement Payments Recipients.**  In consideration of the Service Awards and/or the Individual Retaliation Settlement Payments paid to them pursuant to Section 3.2(B) and (C) of this Agreement, the Service Award/Individual Retaliation Settlement Payment Recipients as well as their spouses, children, representatives, beneficiaries, conservators, attorneys, heirs, executors, administrators, and assigns fully release and discharge Defendants and the Released Entities from any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues arising in any way from the beginning of time until the date of the Approval Order whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that were, could have been, or might be asserted in any court, tribunal or proceeding of any kind or nature that the Service Award Recipients as well as their spouses, children, representatives, beneficiaries, conservators, attorneys, heirs, executors, administrators, agents, or assigns may have or may have against Releasees, including but not limited to any alleged violation of: Title VII of the Civil Rights Act of 1964; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; The Equal Pay Act; the Genetic Information Nondiscrimination Act of 2008; The Employee Retirement Income Security Act of 1974; The Immigration Reform and Control

Act; The Consolidated Omnibus Budget Reconciliation Act; The Americans with Disabilities Act of 1990; The Fair Credit Reporting Act; The Occupational Safety and Health Act; The Rehabilitation Act; The Federal Worker Adjustment and Retraining Notification Act; The Family and Medical Leave Act; The Federal False Claims Act; The New York Worker Adjustment and Retraining Notification Act; The New York Corrections Law, including Sections 750-755 thereof; The New York State Human Rights Law; The New York Civil Rights Law; The New York City Human Rights Law; The New York City Earned Safe and Sick Time Act; and any other federal, state, and/or local law or ordinance. This release includes all claims for all damages arising from any such released claims. The claims of Anyela Maeda Barrera, Natalia Colombo, Aracelis Peralta, Diorissa Carela Medina, Milena Elizabeth Aguila Santana, and Krystal Vasquez, which were filed at the New York City Commission on Human Rights and settled are specifically excluded from this release. Upon the Final Approval Order being issued, and except as to such rights or claims as may be specifically created by this Agreement, each A+ Staffing and Mack fully releases and discharges each Service Award/Individual Retaliation Settlement Payment Recipients from any and all claims.

(D)     [Reserved]

(D)     **No Assignment.** Class Counsel and Named Plaintiffs, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

(E)     **Non-Admission of Liability.** By entering into this Agreement, Defendants do not in any way admit any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendant in no way admits to the suitability of this case for class or collective action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Named Plaintiffs. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (i) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; and (ii) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**5.     INTERPRETATION AND ENFORCEMENT**

**5.1     Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2     Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**5.3     Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs, their representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.4     Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**5.5     Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.6     Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**5.7     Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.8     Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.9     Binding Arbitration.** The Parties agree that Martin F. Scheinman, Esq. shall retain arbitral jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby, whose decision shall be binding on the parties.

**5.10     Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party

of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.11    When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and final approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.12    Binding Authority of Counsel**. Counsel hereby represent that they are fully authorized to bind the parties they represent to the terms and conditions hereof and that they have retainer agreements and/or authorizations to execute this Agreement on their behalf.

**5.13    Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

**5.14    Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on such party's behalf on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**5.15    CAFA Notice.** Defendants shall timely provide notices not later than 10 days after the entry of the Preliminary Approval Order , as required by the Class Action Fairness Act ("CAFA") and provide copies of such notices to Class Counsel simultaneous with providing such notice.

**[SPACE INTENTIONALLY LEFT BLANK – SIGNATURE PAGE TO FOLLOW]**

**WE AGREE TO THESE TERMS,**

**Counsel to the Named Plaintiff,**
**FLSA Collective Members**
**and Class Members:**

By:  *Brendan Sweeney*
      Brendan Sweeney, Esq.
      The Law Office of Christopher Q. Davis, Working Solutions NYC
      80 Broad Street, Suite 703
      New York, New York 10004.

Dated: Oct. 24, 2024

**Counsel to Servpro:**

By:  _____
      Aaron N. Solomon, Esq.
      Kaufman Dolowich & Voluck, LLP
      135 Crossways Park Drive, Suite 201
      Woodbury, New York 11797

Dated: _____

**Counsel to A+ Staffing and Staff Support:**

By:  _____
      John J. Porta, Esq
      Jackson Lewis P.C.
      666 Third Avenue, 29th Floor
      New York, NY 10017

Dated: _____

**Counsel to Mack:**

By:  _____
      Jeremy Klausner, Esq.
      Jeremy Klausner Law P.C.
      21 Sheffield Ter.
      West Orange, New Jersey 07052

Dated: _____

**WE AGREE TO THESE TERMS,**

**Counsel to the Named Plaintiff,**
**FLSA Collective Members**
**and Class Members:**

By: *Brendan Sweeney*
　　　Brendan Sweeney, Esq.
　　　The Law Office of Christopher Q. Davis, Working Solutions NYC
　　　80 Broad Street, Suite 703
　　　New York, New York 10004.

Dated: Oct. 24, 2024

**Counsel to Servpro:**

By: _____
　　　Aaron N. Solomon, Esq.
　　　Kaufman Dolowich & Voluck, LLP
　　　135 Crossways Park Drive, Suite 201
　　　Woodbury, New York 11797

Dated: _____

**Counsel to A+ Staffing and Staff Support:**

By: _____
　　　John J. Porta, Esq
　　　Jackson Lewis P.C.
　　　666 Third Avenue, 29th Floor
　　　New York, NY 10017

Dated: _____

**Counsel to Mack:**

By: _____
　　　Jeremy Klausner, Esq.
　　　Jeremy Klausner Law P.C.
　　　21 Sheffield Ter.
　　　West Orange, New Jersey 07052

Dated: October 24, 2024

**WE AGREE TO THESE TERMS,**

**Counsel to the Named Plaintiff,**
**FLSA Collective Members**
**and Class Members:**

By: *Brendan Sweeney*
  Brendan Sweeney, Esq.
  The Law Office of Christopher Q. Davis, Working Solutions NYC
  80 Broad Street, Suite 703
  New York, New York 10004.

Dated: Oct. 24, 2024

**Counsel to Servpro:**

By: _____
  Aaron N. Solomon, Esq.
  Kaufman Dolowich & Voluck, LLP
  135 Crossways Park Drive, Suite 201
  Woodbury, New York 11797

Dated: _____

**Counsel to A+ Staffing and Staff Support:**

By: *John J. Porta*
  John J. Porta, Esq
  Jackson Lewis P.C.
  666 Third Avenue, 29th Floor
  New York, NY 10017

Dated: October 24, 2024

**Counsel to Mack:**

By: _____
  Jeremy Klausner, Esq.
  Jeremy Klausner Law P.C.
  21 Sheffield Ter.
  West Orange, New Jersey 07052

Dated: _____

**WE AGREE TO THESE TERMS,**

**Counsel to the Named Plaintiff,**
**FLSA Collective Members**
**and Class Members:**

By: *Brendan Sweeney*
Brendan Sweeney, Esq.
The Law Office of Christopher Q. Davis, Working Solutions NYC
80 Broad Street, Suite 703
New York, New York 10004.

Dated: Oct. 24, 2024

**Counsel to Servpro:**

By: _____
Aaron N. Solomon, Esq.
Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Dated: Oct. 25, 2024_____

**Counsel to A+ Staffing and Staff Support:**

By: _____
John J. Porta, Esq
Jackson Lewis P.C.
666 Third Avenue, 29th Floor
New York, NY 10017

Dated: _____

**Counsel to Mack:**

By: _____
Jeremy Klausner, Esq.
Jeremy Klausner Law P.C.
21 Sheffield Ter.
West Orange, New Jersey 07052

Dated: _____

# ATTACHMENT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KRYSTAL VASQUEZ, MARIA de PILAR ESPINOZA VERA, MILENA ELIZABETH AGUILAR SANTANA, JOSE ALEXEI MORALES GARAVIT, KRAIG BROWN, DIORISSA CARELA MEDINA, ARACELIS PERALTA, ADONIS PEREZ, EDGAR O. SANCHEZ GATICA, JOSE GUILLERMO MEDRANO AGUILAR, RONAL MIGUEL ARGUETA MEDRANO, MARIO RENE CHAFOYA, and EUGENIO SERRANO, individually and on behalf of all others similarly situated, <br><br>                                    Plaintiffs, <br><br>          – against – <br><br> STAFF   SUPPORT   TEAM,   MACK MANAGEMENT GROUP LLC, MACK CAT LABOR, ROBERT MACK, SUPREME RESTORATION, LLC, DBA SERVPRO OF WASHINGTON COUNTY, and JDL INC., DBA SERVPRO OF NEWPORT & BRISTOL COUNTIES, <br><br>                                    Defendants. | Case No.: 1:22-cv-3468-LDH-CLP |
| KRYSTAL VASQUEZ, MILENA ELIZABETH AGUILAR SANTANA, KRAIG BROWN, JOSE GUILLERMO, MEDRANO AGUILAR, and MARIO CHAFOYA, individually and on behalf of all others similarly situated, <br><br>                                    Plaintiffs, <br><br>          – against – <br><br> A+ STAFFING LLC; A+ STUDENT STAFFING LLC,  MACK STAFFING SERVICES; ROBERT MACK, SUPREME RESTORATION, LLC, DBA SERVPRO OF WASHINGTON COUNTY, and JDL INC., DBA SERVPRO OF NEWPORT & BRISTOL COUNTIES, <br><br>                                    Defendants. | Case No.: 1:22-cv-02306-LDH-CLP |

**If you were employed as a Subway Cleaner by A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, Mack Cat Labor, Supreme Restoration LLC d/b/a Servpro of Washington County, and JDL Inc. d/b/a Servpro of Newport and Bristol Counties (collectively, "Defendants") as a non-exempt employee from April 22, 2019 through January 31, 2024, please read this Notice.**

DATED:          [_____, 2024]

## <u>PLEASE READ THIS NOTICE CAREFULLY</u>

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. This is not a solicitation from a lawyer. This notice contains important information as to your right to participate in the settlement or elect not to be included in the class.**

# <u>INTRODUCTION</u>

Former employees of Defendants, Krystal Vasquez, Maria de Pilar Espinoza Vera, Milena Elizabeth Aguilar Santana, Jose Alexei Morales Garavit, Kraig Brown, Jose Guillermo Medrano Aguilar, Mario Rene Chafoya, Diorissa Carela Medina, Aracelis Peralta, Adonis Perez, Edgar O. Sanchez Gatica, Ronal Miguel Argueta Medrano, and Eugenio Serrano (the "Named Plaintiffs"), filed two lawsuits alleging unpaid prevailing wages, supplemental benefits, overtime compensation, and other claimed damages against Defendants. The lawsuits are filed in the United States District Court for the Eastern District of New York.  The lawsuits are known as (a) *Krystal Vasquez, et al. v. Staff Support Team, et al.*, Case No. 1:22-cv-3468; and (b) *Krystal Vasquez, et al. v. A+ Staffing LLC, et al.*, Case No. 1:22-cv-02306.  The Named Plaintiffs allege in the lawsuit that, among other things, Defendants failed to pay them and other hourly employees prevailing wages and supplemental benefits, in violation of the New York Labor Law ("NYLL").  The Named Plaintiffs also allege that A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, and Mack Cat Labor failed to pay appropriate overtime compensation as required by the Fair Labor Standards Act ("FLSA"). Defendants deny the Named Plaintiff's allegations.  Defendants deny that the Named Plaintiffs and the Class are owed any additional compensation.  Defendants contend that Plaintiffs and the Class were compensated appropriately. The Court has not decided who is right or who is wrong.

- To avoid the uncertainty of litigation, Plaintiffs and Defendants have settled. Defendants agreed to pay a total of One Million Two Hundred Fifty Thousand Dollars and Zero Cents ($1,250,000.00) (the "Settlement Fund") that will be used to pay current and former employees. Defendants agreed to settle, but deny any wrongdoing.

- If you were employed by A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, or Mack Cat Labor as a non-exempt employee from April 22, 2019 to January 31, 2024, your individual settlement payment will be based on the length of time you worked for A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, or Mack Cat Labor  between April 22, 2019 and January 31, 2024.

- The lawyers for the employees have asked the Court for Four Hundred Sixteen Thousand Dollars and Zero Cents ($416,000.00) of the Settlement Fund as attorneys' fees, and Twenty-Two Thousand Dollars and Zero Cents ($22,000.00) for actual litigation expenses and costs, to compensate them for investigating the facts, litigating the case, and negotiating the settlement.

- Read this notice carefully.  Your legal rights may be affected whether you act or don't act. You have a choice to make now:

2

- Your rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT AN OPT-IN/ CLAIM FORM** | Submitting an Opt-In/Claim Form is the **only** way to receive a payment for your proportionate share of the settlement fund (see below). |
| **EXCLUDE YOURSELF ("OPT OUT")** | If you wish to exclude yourself ("opt out") from the lawsuit you must follow the directions outlined in response to question 7 below. **If you exclude yourself, you will receive no payment.** This is the only option that allows you to ever be part of another lawsuit against Defendants about the claims in this case. |
| **OBJECT** | If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims relating to unpaid wages under New York Law, and/or any state or local statute, rule, regulation or ordinance governing the payment of wages unless you submit a valid and timely opt-out form. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

***IMPORTANT: If you do nothing and the Court approves the settlement you will waive certain rights against the Defendants and you will not receive any compensation.***

## BASIC INFORMATION

### 1. Why did I receive this notice?

You have received this notice because employment records and Class Counsel's records show that you worked as a non-exempt employee of A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, or Mack Cat Labor at sometime between April 22, 2019 through January 31, 2024. Therefore, A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, Mack Cat Labor's records and Class Counsel's records show that you are a member of the Class. The Court ordered that you be sent this notice because you have a right to know about this proposed settlement, and your options, before the Court decides whether to

3

approve the settlement. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who is eligible to receive them.

**2.  What is a class action?  What is a collective action?**

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Cheryl L. Pollak, United States Magistrate Judge of the United States District Court for the Eastern District of New York is presiding over this class action. Judge Pollak has not made any determination about who is right or wrong in this lawsuit. A collective action is like a class action except each individual "opts in" to the case. In this case, Class Members can opt in to the collective action as part of the settlement process.

**3.  Why is there a settlement?**

The Court did not decide in favor of the Named Plaintiffs or Defendants. There was no trial. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays, and uncertainties associates with a trial, and the employees allegedly affected will get compensation.

Before entering into this settlement, Class Counsel analyzed and evaluated the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, and analyzed payroll data for Plaintiffs and a sample of the potential Class Members. Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement.

Accordingly, Class Counsel believes that the terms and conditions of the settlement are fair, reasonable, and adequate and that the settlement is in the best interest of the Named Plaintiffs and the Class Members.

**4.  How can I obtain my share of  the settlement?**

*YOU MUST SUBMIT AN OPT-IN/CLAIM FORM TO RECEIVE YOUR SHARE OF THE SETTLEMENT FUND.*

You are automatically a member of the Class if you worked for A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, or Mack Cat Labor as a non-exempt employee during the period of April 22, 2019 to January 31, 2024. In order to receive money from the settlement you must submit an Opt-in/Claim Form and you must not have assigned or transferred away your rights to participate in the settlement.

**5.  What do I do if I am still not sure if I am included?**

The Court has designated the law firm of The Law Office of Christopher Q. Davis, Working Solutions NYC, 80 Broad Street, Suite 703, New York, New York 10004, as qualified to represent you and all Class Members. If you are still not sure whether you are included, you can call Class

Counsel, at 201-817-2783 for more information.  You can also contact the settlement claims administrator.  The settlement claims administrator's contact information is included in this notice.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

Defendants have agreed to establish a settlement fund in the amount of One Million Two Hundred Fifty Thousand Dollars and Zero Cents ($1,250,000.00) to be divided among current and former employees who are covered by the settlement. The settlement fund shall cover payments to Class Counsel for attorneys' fees and costs (estimated at $416,000 plus costs not to exceed $22,000), payment to the Named Plaintiffs for their service to the Class/Collective (up to $5,000), payment to the Plaintiffs who opted into the lawsuits for their service to the Class/Collective (up to $2,500), and the costs of administering the settlement (to be paid to the settlement claims administrator in an amount up to
$13,555.00) and additional payments of either $1,000 or $500 to Named Plaintiffs who asserted individual claims for retaliation. The remaining amount shall be divided among Class Members in accordance with the formula described below. The amount that remains for division amongst class members after all of the deductions is known as the Net Settlement Fund.

## 7. How will my payment be calculated?

Based on the Settlement Agreement, each Class Member receives a percentage of the Net Settlement Fund that is calculated based upon the number of weeks that each Class Member worked for A+ Staffing LLC, A+ Student Staffing LLC, Staff Support Team, Mack Staffing Services, Robert Mack, Mack Management Group LLC, or Mack Cat Labor during the period of April 22, 2019 to January 31, 2024.

Each Class Member's percentage of the Net Settlement Fund is calculated by: (i) taking the weeks worked by an individual Class Member during the period of April 22 2019 to January 31, 2024 and (ii) dividing it by the sum of all of the weeks worked by all of the Class Members during the period of April 22, 2019 to January 31, 2024. This calculation yields the individual Class Member's percentage of the Net Settlement Fund.

Next, each Class Member's percentage of the Net Settlement Fund is multiplied by the Net Settlement Fund to determine each Class Member's Individual Settlement Allocation.

For more information about the formula, please contact the settlement claims administrator.

## 8. What am I giving up if I stay in the Class?

If you submit an Opt-in/Claim Form, you will be part of the Class and the Collective Action. As part of the settlement you will release all of your wage-related and breach of contract claims against Defendants and/or the Released Entities, for the period of April 22, 2019 to January 31, 2024, arising under the Fair Labor Standards Act, the New York Labor Law, and/or any other state or local statute, rule, regulation or ordinance governing the payment of wages.

Releasing a claim means that you cannot sue or be party to any other lawsuit against Defendant and/or the Released Entities about that claim.

The Settlement Agreement contains the complete terms of the release. The Released Entities are identified in the Settlement Agreement. You can get a copy of the Settlement Agreement from Class Counsel or the Claims Administrator.

Unless you exclude yourself from the Class, all of the Court's orders will apply to you and legally bind you.

## HOW TO GET A SETTLEMENT PAYMENT

**9. How can I get a settlement payment?**

You must submit an Opt-In/Claim Form (attached). If and when the Court approves the settlement and after all appeals have been exhausted, you will be sent a settlement check provided that Defendants have records of your employment or Class Counsel receives a completed w-9 form from you. If you choose to exclude yourself, then you will not receive a payment. Any uncashed checks, 90 days after issuance, will be cancelled and the unclaimed funds returned to Defendants.

**10. When will I receive a settlement payment?**

The Court will hold a fairness hearing to determine whether to approve the settlement, as described in more detail in Section 19. If the Court approves the settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**11. How will my payment be taxed?**

Fifty percent (50%) of your payment will be taxed as wages and fifty percent (50%) will be taxed as 1099-Misc non-wage income representing liquidated damages and interest. Neither Class Counsel nor Defendant makes any representations concerning the tax consequences of this settlement and you are advised to seek your own personal tax advice regarding the tax implications of the settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to release any potential claims against Defendants, and also agree to not receive a payment from this settlement, then you must take steps to do so. This is called excluding yourself —or is sometimes referred to as opting out of the settlement Class.

**12. How can I exclude myself from the settlement?**

If you want to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the A+ Staffing/Staff Support/Mack/Servpro wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement"). Your

exclusion request must be postmarked no later than [_____], 2024 and must be mailed to the settlement claims administrator at the address below:

INSERT CLAIMS ADMIN ADDRESS

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. If you exclude yourself from the lawsuit, you may not object to it.

### 13. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants or the Released Entities for claims during the period of April 22, 2019 to January 31, 2024, relating to the payment of wages, under the NYLL and/or any other state or local statute, rule, or ordinance governing the payment of wages.

### 14. If I exclude myself, can I get money from the settlement?

No. If you exclude yourself, you will not receive any money from this settlement. If you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding the same claims at issue in this case.

### 15. Do I have a lawyer in this case?

The law firm of The Law Office of Christopher Q. Davis, Working Solutions NYC, 80 Broad Street, Suite 703, New York, New York 10004, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the service providers be paid?

Class Counsel will ask the Court to approve payment of up to $416,000 (33% of the total settlement fund established by Defendant) to them for attorneys' fees, plus additional costs and expenses to be determined, up to $22,000. The fees are compensation for all work performed by Class Counsel in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

The Court can approve payment of up to $13,555.00 to the settlement claims administrator for the fees it incurs in connection with administering the settlement. The settlement administration fees will be paid from the settlement fund.

**17. How do I tell the Court that I don't like the settlement?**

OBJECTING TO THE SETTLEMENT

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement in (a) *Krystal Vasquez, et al. v. Staff Support Team, et al.*, Case No. 1:22-cv-3468; and (b) *Krystal Vasquez, et al. v. A+ Staffing LLC, et al.*, Case No. 1:22-cv-02306. Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone number. You statement should be as detailed as possible otherwise the Court may not allow you to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection.

Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by [_____], 2024 at the address provided in this notice.

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

**18. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. If you want to object to the settlement, you may also come to the Fairness Hearing at your own expense. You can also pay your own lawyer to attend but it is not necessary. The Court may, or may not, permit you (or your lawyer) to speak at the Fairness Hearing. However, you do not need to come to the Fairness Hearing.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You can attend this hearing. But, you do not have to attend.

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at [_____] a.m./p.m. on [_____], 2024, in _____, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201.

9

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The judge will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

**20.  Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can review the Settlement Agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

**21.  How do I get more information?**

If you have other questions about the settlement, you can contact the Settlement Claims Administrator, or Class Counsel at the address and telephone number below.

The Law Office of Christopher Q. Davis, Working Solutions NYC
80 Broad Street, Suite 703
New York, New York 10004
Telephone: 201-817-2783

DATED:        [_____], 2024

# ATTACHMENT 3

## CLAIM FORM

KRYSTAL VASQUEZ, ET AL., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. STAFF SUPPORT TEAM, MACK MANAGEMENT GROUP LLC, MACK CAT LABOR, ROBERT MACK, SUPREME RESTORATION, LLC, DBA SERVPRO OF WASHINGTON COUNTY, AND JDL INC., DBA SERVPRO OF NEWPORT & BRISTOL COUNTIES, (Case No.: 1:22-cv-3468-LDH-CLP); and

KRYSTAL VASQUEZ, ET AL., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. A+ STAFFING LLC; A+ STUDENT STAFFING LLC, MACK STAFFING SERVICES; ROBERT MACK, SUPREME RESTORATION, LLC, DBA SERVPRO OF WASHINGTON COUNTY, and JDL INC., DBA SERVPRO OF NEWPORT & BRISTOL COUNTIES, (Case No.: 1:22-cv-02306-LDH-CLP)

Yes, I wish to participate in the Settlement and be eligible to receive a prorated share of the Net Settlement Amount calculated based on a formula that considers the number of weeks worked during the Class Period, in exchange for my release of all wage and hour claims against the Defendants listed above including all such claims under the Fair Labor Standards Act. By signing below, I consent to be an Opt-In Plaintiff in the above referenced action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs, and any other relief arising out of my work for the Defendants.

I understand that 50% settlement funds allocated to me shall be deemed 1099 income not subject to applicable payroll and withholding taxes. I also understand that the other 50% will be allocated as back wages and reported as W-2 income which shall be taxed at the appropriate rate in according with the IRS regulations and that the Claims Administrator will withhold the appropriate amounts, but that I will be responsible for ensuring the proper payments are made when I file and pay my taxes. And I have been further advised to consult with a tax advisor before spending any of the proceeds of this settlement.

**I understand and agree that I am bound to the Release as set forth in the Settlement Agreement** which generally provides that any Class Member who does not opt-out of the Settlement releases all all of your wage-related and breach of contract claims against Defendants and/or the Released Entities, for the period of April 22, 2019 to January 31, 2024, arising under the Fair Labor Standards Act, the New York Labor Law, and/or any other state or local statute, rule, regulation or ordinance governing the payment of wages.

_____          _____

Sign Your Name Here                                    Date

_____

Print Your Name Here

(_____) _____

Phone Number                                    E-mail Address

_____

Address Where You Want Your Check Mailed:

**TO RECEIVE PAYMENT YOU MUST COMPLETE AND SUBMIT THIS FORM TO [INSERT SETTLEMENT ADMINISTRATOR] BY [DEADLINE], ALONG WITH PROPERLY COMPLETED W-4 AND W-9 FORMS**

# ATTACHMENT 4

**Krystal Vasquez v. A+ Staffing LLC et al.**
**Summary of Total Recovery by Plaintiff, Opt-In Plaintiffs, and Class Members**

| | | |
|---|---|---|
| Individual Retaliation | $ | 5,500 |
| Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | $ | 600,195 |
| **Subtotal** | **$** | **605,695** |
| Service Award | $ | 192,500 |
| **Total Recovery** | **$** | **798,195** |
| Attorney Fees | $ | 416,250 |
| Reimbursment of Expenses | $ | 22,000 |
| Administrator Expenses | $ | 13,555 |
| **Gross Settlement Amount** | **$** | **1,250,000** |

| | Emp ID | Type | # Weeks Worked | Allocation % | Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | Named Plaintiff/Opt-In Service Award | Individual Retaliation | Total Recovery | Calculated Underpayment | Total Settlement Recovery Percentage |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | BROWN, KRAIG | Named | 101 | 1.11% | $ 6,658.58 | $ 5,000.00 | $ 1,000.00 | $ 12,658.58 | $ 29,526.86 | 42.87% |
| 2 | SERRANO, EUGENIO | Named | 93 | 1.02% | 6,131.17 | 5,000.00 | 500.00 | 11,631.17 | 37,165.51 | 31.30% |
| 3 | VASQUEZ, KRYSTAL | Named | 75 | 0.82% | 4,944.49 | 5,000.00 | 1,000.00 | 10,944.49 | 30,230.94 | 36.20% |
| 4 | ARGUETA, RONALD | Named | 63 | 0.69% | 4,153.37 | 5,000.00 | 500.00 | 9,653.37 | 44,962.55 | 21.47% |
| 5 | ESPINOZA, MARIA | Named | 13 | 0.14% | 857.04 | 5,000.00 | | 5,857.04 | 4,317.28 | 135.67% |
| 6 | SANTANA, MILENA | Named | 80 | 0.88% | 5,274.12 | 5,000.00 | 500.00 | 10,774.12 | 36,575.85 | 29.46% |
| 7 | Adonis Perez | Named | 52 | 0.57% | 3,428.18 | 5,000.00 | | 8,428.18 | 9,734.55 | 86.58% |
| 8 | Aracelis Peralta | Named | 49 | 0.54% | 3,230.40 | 5,000.00 | | 8,230.40 | 8,609.70 | 95.59% |
| 9 | Diorissa Carela Medina | Named | 63 | 0.69% | 4,153.37 | 5,000.00 | 500.00 | 9,653.37 | 6,102.50 | 158.19% |
| 10 | Edgar Gatica | Named | 57 | 0.63% | 3,757.81 | 5,000.00 | 500.00 | 9,257.81 | 20,679.60 | 44.77% |
| 11 | Jose Alexi Morales Garavit | Named | 21 | 0.23% | 1,384.46 | 5,000.00 | 500.00 | 6,884.46 | 3,895.95 | 176.71% |
| 12 | Jose Guillermo Medrano Aguilar | Named | 26 | 0.29% | 1,714.09 | 5,000.00 | 500.00 | 7,214.09 | 14,696.05 | 49.09% |
| 13 | Mario Chafoya | Named | 108 | 1.19% | 7,120.06 | 5,000.00 | | 12,120.06 | 1,639.50 | 739.25% |
| 14 | BEJARANO, EDITH | Opt In | 102 | 1.12% | 6,724.50 | $ 2,500.00 | | 9,224.50 | 90,313.51 | 10.21% |
| 15 | BELTRAN DIAZ, CAROLINE | Opt In | 55 | 0.60% | 3,625.96 | 2,500.00 | | 6,125.96 | 13,961.27 | 43.88% |
| 16 | COLOMBO, NATALIA | Opt In | 46 | 0.51% | 3,032.62 | 2,500.00 | | 5,532.62 | 27,764.19 | 19.93% |
| 17 | FRIAS ALCANTARA, REGINA | Opt In | 124 | 1.36% | 8,174.89 | 2,500.00 | | 10,674.89 | 6,036.08 | 176.85% |
| 18 | GARCIA, MATTHEW | Opt In | 81 | 0.89% | 5,340.05 | 2,500.00 | | 7,840.05 | 21,249.06 | 36.90% |
| 19 | GASO MORA, MANUEL ANTONIO | Opt In | 91 | 1.00% | 5,999.31 | 2,500.00 | | 8,499.31 | 38,645.30 | 21.99% |
| 20 | GUERRERO, OSCAR GUSTAVO | Opt In | 35 | 0.38% | 2,307.43 | 2,500.00 | | 4,807.43 | 26,066.54 | 18.44% |
| 21 | NIEVES, DULCE | Opt In | 108 | 1.19% | 7,120.06 | 2,500.00 | | 9,620.06 | 26,407.08 | 36.43% |
| 22 | Perez Y Perez, DIMAS | Opt In | 20 | 0.22% | 1,318.53 | 2,500.00 | | 3,818.53 | 4,924.67 | 77.54% |
| 23 | RUIZ, JHON | Opt In | 105 | 1.15% | 6,922.28 | 2,500.00 | | 9,422.28 | 38,212.88 | 24.66% |
| 24 | SERRATO, YASMITH | Opt In | 122 | 1.34% | 8,043.03 | 2,500.00 | | 10,543.03 | 60,375.03 | 17.46% |
| 25 | SIACHOQUE, HEIDI N | Opt In | 80 | 0.88% | 5,274.12 | 2,500.00 | | 7,774.12 | 29,842.81 | 26.05% |
| 26 | SALAZAR, OSCAR Norato | Opt In | 61 | 0.67% | 4,021.52 | 2,500.00 | | 6,521.52 | 11,464.15 | 56.89% |
| 27 | GARCES, MAIRA ZULIMA (aka Maira Montanez Garces) | Opt In | 52 | 0.57% | 3,428.18 | 2,500.00 | | 5,928.18 | 14,245.73 | 41.61% |
| 28 | MENDOZA, PEDRO | Opt In | 81 | 0.89% | 5,340.05 | 2,500.00 | | 7,840.05 | 57,381.80 | 13.66% |
| 29 | MAEDA, ANYELA | Opt In | 22 | 0.24% | 1,450.38 | 2,500.00 | | 3,950.38 | 5,029.76 | 78.54% |
| 30 | ORZUNA-CORDERO, OCTAVIA | Opt In | 9 | 0.10% | 593.34 | 2,500.00 | | 3,093.34 | 580.80 | 532.60% |
| 31 | RICAURTE , LUZ | Opt In | 68 | 0.75% | 4,483.00 | 2,500.00 | | 6,983.00 | 57,539.94 | 12.14% |
| 32 | Bryan A. Farino Lopez | Opt In | 32 | 0.35% | 2,109.65 | 2,500.00 | | 4,609.65 | 10,171.27 | 45.32% |
| 33 | Claudia P. Chaparro | Opt In | 73 | 0.80% | 4,812.64 | 2,500.00 | | 7,312.64 | 12,096.90 | 60.45% |
| 34 | Deisy Hernandez Gomez | Opt In | 48 | 0.53% | 3,164.47 | 2,500.00 | | 5,664.47 | 16,495.20 | 34.34% |
| 35 | Edward Guerrero | Opt In | 20 | 0.22% | 1,318.53 | 2,500.00 | | 3,818.53 | 59,063.35 | 6.47% |
| 36 | Jessica L. Vanegas | Opt In | 50 | 0.55% | 3,296.33 | 2,500.00 | | 5,796.33 | 19,109.70 | 30.33% |
| 37 | John M. Parra Mena | Opt In | 17 | 0.19% | 1,120.75 | 2,500.00 | | 3,620.75 | 3,632.80 | 99.67% |

**Krystal Vasquez v. A+ Staffing LLC et al.**
**Summary of Total Recovery by Plaintiff, Opt-In Plaintiffs, and Class Members**

| | | |
|---|---|---:|
| Individual Retaliation | $ | 5,500 |
| Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | $ | 600,195 |
| **Subtotal** | **$** | **605,695** |
| Service Award | $ | 192,500 |
| **Total Recovery** | **$** | **798,195** |
| Attorney Fees | $ | 416,250 |
| Reimbursment of Expenses | $ | 22,000 |
| Administrator Expenses | $ | 13,555 |
| **Gross Settlement Amount** | **$** | **1,250,000** |

| | Emp ID | Type | # Weeks Worked | Allocation % | Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | Named Plaintiff/Opt-In Service Award | Individual Retaliation | Total Recovery | Calculated Underpayment | Total Settlement Recovery Percentage |
|---|---|---|---|---|---|---|---|---|---|---|
| 38 | Juan C. Henao Perdomo | Opt In | 45 | 0.49% | 2,966.69 | 2,500.00 | | 5,466.69 | 11,354.57 | 48.15% |
| 39 | Kelly L. Gonzalez Serrato | Opt In | 48 | 0.53% | 3,164.47 | 2,500.00 | | 5,664.47 | 18,938.70 | 29.91% |
| 40 | Leonor E. Dominguez Gonzalez | Opt In | 131 | 1.44% | 8,636.37 | 2,500.00 | | 11,136.37 | 12,768.20 | 87.22% |
| 41 | Luz Monje | Opt In | 74 | 0.81% | 4,878.56 | 2,500.00 | | 7,378.56 | 33,763.20 | 21.85% |
| 42 | Maria E. Clavijo | Opt In | 15 | 0.16% | 988.90 | 2,500.00 | | 3,488.90 | 6,575.60 | 53.06% |
| 43 | Maria J. Tavera Ricaurte | Opt In | 112 | 1.23% | 7,383.77 | 2,500.00 | | 9,883.77 | 10,632.89 | 92.95% |
| 44 | Mayra Hernandez | Opt In | 26 | 0.29% | 1,714.09 | 2,500.00 | | 4,214.09 | 8,187.30 | 51.47% |
| 45 | Osmin E. Quinteros Hernandez | Opt In | 74 | 0.81% | 4,878.56 | 2,500.00 | | 7,378.56 | 33,763.20 | 21.85% |
| 46 | Percy R. Gutierrez Tello | Opt In | 23 | 0.25% | 1,516.31 | 2,500.00 | | 4,016.31 | 3,107.04 | 129.26% |
| 47 | Rafael Alcantara | Opt In | 56 | 0.62% | 3,691.88 | 2,500.00 | | 6,191.88 | 19,972.13 | 31.00% |
| 48 | Raul Gutierrez Carbajal | Opt In | 19 | 0.21% | 1,252.60 | 2,500.00 | | 3,752.60 | 8,463.00 | 44.34% |
| 49 | Ruth C. Barbosa | Opt In | 44 | 0.48% | 2,900.77 | 2,500.00 | | 5,400.77 | 19,710.80 | 27.40% |
| 50 | Susana D. Rodriguez Alvarado | Opt In | 17 | 0.19% | 1,120.75 | 2,500.00 | | 3,620.75 | 4,113.00 | 88.03% |
| 51 | Valeria Brito Ospina | Opt In | 21 | 0.23% | 1,384.46 | 2,500.00 | | 3,884.46 | 6,276.45 | 61.89% |
| 52 | Vivian Fabian | Opt In | 96 | 1.05% | 6,328.95 | 2,500.00 | | 8,828.95 | 47,359.85 | 18.64% |
| 53 | Yasmil Devia Oviedo | Opt In | 49 | 0.54% | 3,230.40 | 2,500.00 | | 5,730.40 | 15,590.70 | 36.76% |
| 54 | Yesid Rojas | Opt In | 18 | 0.20% | 1,186.68 | 2,500.00 | | 3,686.68 | 11,276.40 | 32.69% |
| 55 | Yadira Moreno (Elizabeth Hernando | Opt In | 52 | 0.57% | 3,428.18 | 2,500.00 | | 5,928.18 | 17,961.30 | 33.01% |
| 56 | Camilo Torres | Opt In | 52 | 0.57% | 3,428.18 | 2,500.00 | | 5,928.18 | 26,653.31 | 22.24% |
| 57 | Carlos Ramirez | Opt In | 133 | 1.46% | 8,768.23 | 2,500.00 | | 11,268.23 | 68,170.96 | 16.53% |
| 58 | Oscar Salgado | Opt In | 63 | 0.69% | 4,153.37 | 2,500.00 | | 6,653.37 | 32,291.51 | 20.60% |
| 59 | Pedro Flores | Opt In | 43 | 0.47% | 2,834.84 | 2,500.00 | | 5,334.84 | 15,335.74 | 34.79% |
| 60 | Maria Chafla Guillca | Opt in | 1 | 0.01% | 65.93 | 2,500.00 | | 2,565.93 | 356.65 | 719.46% |
| 61 | Jenny A. Villamizar Vera | Opt In | 67 | 0.74% | 4,417.08 | 2,500.00 | | 6,917.08 | 23,895.23 | 28.95% |
| 62 | Moises Floresmilo Quishpi | Opt in | 52 | 0.57% | 3,428.18 | 2,500.00 | | 5,928.18 | 18,545.55 | 31.97% |
| 63 | Maria Lema Moina | Opt in | 34 | 0.37% | 2,241.50 | 2,500.00 | | 4,741.50 | 12,125.94 | 39.10% |
| 64 | Karen Chafla | Opt in | 51 | 0.56% | 3,362.25 | 2,500.00 | | 5,862.25 | 18,188.91 | 32.23% |
| 65 | 1 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 66 | 2 | Class | 34 | 0.37% | 2,241.50 | - | | 2,241.50 | 12,096.90 | 18.53% |
| 67 | 3 | Class | 9 | 0.10% | 593.34 | - | | 593.34 | 1,452.60 | 40.85% |
| 68 | 36343 | Class | 75 | 0.82% | 4,944.49 | - | | 4,944.49 | 34,219.46 | 14.45% |
| 69 | 12 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 70 | 27 | Class | 34 | 0.37% | 2,241.50 | - | | 2,241.50 | 12,096.90 | 18.53% |
| 71 | 36535 | Class | 33 | 0.36% | 2,175.58 | - | | 2,175.58 | 11,608.20 | 18.74% |
| 72 | 29 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 73 | 30 | Class | 3 | 0.03% | 197.78 | - | | 197.78 | 484.20 | 40.85% |
| 74 | 36569 | Class | 9 | 0.10% | 593.34 | - | | 593.34 | 1,452.60 | 40.85% |
| 75 | 36570 | Class | 75 | 0.82% | 4,944.49 | - | | 4,944.49 | 34,219.46 | 14.45% |

**Krystal Vasquez v. A+ Staffing LLC et al.**
**Summary of Total Recovery by Plaintiff, Opt-In Plaintiffs, and Class Members**

| | |
|---|---|
| Individual Retaliation | $ 5,500 |
| Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | $ 600,195 |
| **Subtotal** | **$ 605,695** |
| Service Award | $ 192,500 |
| **Total Recovery** | **$ 798,195** |
| Attorney Fees | $ 416,250 |
| Reimbursment of Expenses | $ 22,000 |
| Administrator Expenses | $ 13,555 |
| **Gross Settlement Amount** | **$ 1,250,000** |

| | Emp ID | Type | # Weeks Worked | Allocation % | Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | Named Plaintiff/Opt-In Service Award | Individual Retaliation | Total Recovery | Calculated Underpayment | Total Settlement Recovery Percentage |
|---|---|---|---|---|---|---|---|---|---|---|
| 76 | 36571 | Class | 6 | 0.07% | 395.56 | - | | 395.56 | 968.40 | 40.85% |
| 77 | 414 (part 2) | Class | 50 | 0.55% | 3,296.33 | - | | 3,296.33 | 19,823.88 | 16.63% |
| 78 | 36592 | Class | 50 | 0.55% | 3,296.33 | - | | 3,296.33 | 19,823.88 | 16.63% |
| 79 | 36673 | Class | 49 | 0.54% | 3,230.40 | - | | 3,230.40 | 19,427.40 | 16.63% |
| 80 | 36754 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 81 | 36763 | Class | 22 | 0.24% | 1,450.38 | - | | 1,450.38 | 6,258.90 | 23.17% |
| 82 | 36764 | Class | 58 | 0.64% | 3,823.74 | - | | 3,823.74 | 24,470.40 | 15.63% |
| 83 | 36765 | Class | 15 | 0.16% | 988.90 | - | | 988.90 | 3,022.80 | 32.71% |
| 84 | 51 | Class | 6 | 0.07% | 395.56 | - | | 395.56 | 968.40 | 40.85% |
| 85 | 36766 | Class | 41 | 0.45% | 2,702.99 | - | | 2,702.99 | 15,517.80 | 17.42% |
| 86 | 36767 | Class | 17 | 0.19% | 1,120.75 | - | | 1,120.75 | 3,947.40 | 28.39% |
| 87 | 36771 | Class | 8 | 0.09% | 527.41 | - | | 527.41 | 1,291.20 | 40.85% |
| 88 | 36779 | Class | 21 | 0.23% | 1,384.46 | - | | 1,384.46 | 5,796.60 | 23.88% |
| 89 | 36780 | Class | 22 | 0.24% | 1,450.38 | - | | 1,450.38 | 6,258.90 | 23.17% |
| 90 | 36786 | Class | 75 | 0.82% | 4,944.49 | - | | 4,944.49 | 34,219.46 | 14.45% |
| 91 | 36787 | Class | 42 | 0.46% | 2,768.91 | - | | 2,768.91 | 16,006.50 | 17.30% |
| 92 | 36809 | Class | 12 | 0.13% | 791.12 | - | | 791.12 | 1,936.80 | 40.85% |
| 93 | 36815 | Class | 11 | 0.12% | 725.19 | - | | 725.19 | 1,775.40 | 40.85% |
| 94 | 36821 | Class | 16 | 0.18% | 1,054.82 | - | | 1,054.82 | 3,485.10 | 30.27% |
| 95 | 36822 | Class | 38 | 0.42% | 2,505.21 | - | | 2,505.21 | 14,051.70 | 17.83% |
| 96 | 36824 | Class | 9 | 0.10% | 593.34 | - | | 593.34 | 1,452.60 | 40.85% |
| 97 | 36827 | Class | 20 | 0.22% | 1,318.53 | - | | 1,318.53 | 5,334.30 | 24.72% |
| 98 | 36830 | Class | 36 | 0.40% | 2,373.35 | - | | 2,373.35 | 13,074.30 | 18.15% |
| 99 | 36832 | Class | 58 | 0.64% | 3,823.74 | - | | 3,823.74 | 24,470.40 | 15.63% |
| 100 | 36834 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 101 | 150 | Class | 3 | 0.03% | 197.78 | - | | 197.78 | 484.20 | 40.85% |
| 102 | 152 | Class | 22 | 0.24% | 1,450.38 | - | | 1,450.38 | 6,258.90 | 23.17% |
| 103 | 36837 | Class | 61 | 0.67% | 4,021.52 | - | | 4,021.52 | 26,048.78 | 15.44% |
| 104 | 36838 | Class | 50 | 0.55% | 3,296.33 | - | | 3,296.33 | 19,823.88 | 16.63% |
| 105 | 36839 | Class | 16 | 0.18% | 1,054.82 | - | | 1,054.82 | 3,485.10 | 30.27% |
| 106 | 36840 | Class | 13 | 0.14% | 857.04 | - | | 857.04 | 2,248.65 | 38.11% |
| 107 | 36843 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 108 | 36846 | Class | 14 | 0.15% | 922.97 | - | | 922.97 | 2,560.50 | 36.05% |
| 109 | 36847 | Class | 40 | 0.44% | 2,637.06 | - | | 2,637.06 | 15,029.10 | 17.55% |
| 110 | 172 | Class | 4 | 0.04% | 263.71 | - | | 263.71 | 645.60 | 40.85% |
| 111 | 36854 | Class | 50 | 0.55% | 3,296.33 | - | | 3,296.33 | 19,823.88 | 16.63% |
| 112 | 175 | Class | 33 | 0.36% | 2,175.58 | - | | 2,175.58 | 11,608.20 | 18.74% |
| 113 | 36855 | Class | 32 | 0.35% | 2,109.65 | - | | 2,109.65 | 11,119.50 | 18.97% |
| 114 | 36856 | Class | 6 | 0.07% | 395.56 | - | | 395.56 | 968.40 | 40.85% |

**Krystal Vasquez v. A+ Staffing LLC et al.**
**Summary of Total Recovery by Plaintiff, Opt-In Plaintiffs, and Class Members**

| Individual Retaliation | $ | 5,500 |
|---|---|---|
| Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | $ | 600,195 |
| **Subtotal** | **$** | **605,695** |
| Service Award | $ | 192,500 |
| **Total Recovery** | **$** | **798,195** |
| Attorney Fees | $ | 416,250 |
| Reimbursment of Expenses | $ | 22,000 |
| Administrator Expenses | $ | 13,555 |
| **Gross Settlement Amount** | **$** | **1,250,000** |

| | Emp ID | Type | # Weeks Worked | Allocation % | Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | Named Plaintiff/Opt-In Service Award | Individual Retaliation | Total Recovery | Calculated Underpayment | Total Settlement Recovery Percentage |
|---|---|---|---|---|---|---|---|---|---|---|
| 115 | 180 | Class | 6 | 0.07% | 395.56 | - | | 395.56 | 968.40 | 40.85% |
| 116 | 36857 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 117 | 185 | Class | 14 | 0.15% | 922.97 | - | | 922.97 | 2,560.50 | 36.05% |
| 118 | 36858 | Class | 10 | 0.11% | 659.27 | - | | 659.27 | 1,614.00 | 40.85% |
| 119 | 188 | Class | 15 | 0.16% | 988.90 | - | | 988.90 | 3,022.80 | 32.71% |
| 120 | 36876 | Class | 55 | 0.60% | 3,625.96 | - | | 3,625.96 | 22,728.00 | 15.95% |
| 121 | 36895 | Class | 46 | 0.51% | 3,032.62 | - | | 3,032.62 | 17,961.30 | 16.88% |
| 122 | 191 | Class | 3 | 0.03% | 197.78 | - | | 197.78 | 484.20 | 40.85% |
| 123 | 193 | Class | 16 | 0.18% | 1,054.82 | - | | 1,054.82 | 3,485.10 | 30.27% |
| 124 | 36915 | Class | 27 | 0.30% | 1,780.02 | - | | 1,780.02 | 8,676.00 | 20.52% |
| 125 | 36919 | Class | 26 | 0.29% | 1,714.09 | - | | 1,714.09 | 8,187.30 | 20.94% |
| 126 | 36933 | Class | 4 | 0.04% | 263.71 | - | | 263.71 | 645.60 | 40.85% |
| 127 | 36944 | Class | 16 | 0.18% | 1,054.82 | - | | 1,054.82 | 3,485.10 | 30.27% |
| 128 | 201 | Class | 16 | 0.18% | 1,054.82 | - | | 1,054.82 | 3,485.10 | 30.27% |
| 129 | 36945 | Class | 8 | 0.09% | 527.41 | - | | 527.41 | 1,291.20 | 40.85% |
| 130 | 36946 | Class | 24 | 0.26% | 1,582.24 | - | | 1,582.24 | 7,209.90 | 21.95% |
| 131 | 36947 | Class | 41 | 0.45% | 2,702.99 | - | | 2,702.99 | 15,517.80 | 17.42% |
| 132 | 206 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 133 | 36950 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 134 | 36951 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 135 | 36952 | Class | 11 | 0.12% | 725.19 | - | | 725.19 | 1,775.40 | 40.85% |
| 136 | 36953 | Class | 9 | 0.10% | 593.34 | - | | 593.34 | 1,452.60 | 40.85% |
| 137 | 36954 | Class | 9 | 0.10% | 593.34 | - | | 593.34 | 1,452.60 | 40.85% |
| 138 | 36955 | Class | 41 | 0.45% | 2,702.99 | - | | 2,702.99 | 15,517.80 | 17.42% |
| 139 | 216 | Class | 4 | 0.04% | 263.71 | - | | 263.71 | 645.60 | 40.85% |
| 140 | 218 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 141 | 220 | Class | 32 | 0.35% | 2,109.65 | - | | 2,109.65 | 11,119.50 | 18.97% |
| 142 | 221 | Class | 5 | 0.05% | 329.63 | - | | 329.63 | 807.00 | 40.85% |
| 143 | 37023 | Class | 32 | 0.35% | 2,109.65 | - | | 2,109.65 | 11,119.50 | 18.97% |
| 144 | 225 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 145 | 230 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 146 | 37024 | Class | 41 | 0.45% | 2,702.99 | - | | 2,702.99 | 15,517.80 | 17.42% |
| 147 | 236 | Class | 7 | 0.08% | 461.49 | - | | 461.49 | 1,129.80 | 40.85% |
| 148 | 252 | Class | 5 | 0.05% | 329.63 | - | | 329.63 | 807.00 | 40.85% |
| 149 | 253 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 150 | 255 | Class | 20 | 0.22% | 1,318.53 | - | | 1,318.53 | 5,334.30 | 24.72% |
| 151 | 265 | Class | 11 | 0.12% | 725.19 | - | | 725.19 | 1,775.40 | 40.85% |
| 152 | 266 | Class | 32 | 0.35% | 2,109.65 | - | | 2,109.65 | 11,119.50 | 18.97% |
| 153 | 282 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |

**Krystal Vasquez v. A+ Staffing LLC et al.**
**Summary of Total Recovery by Plaintiff, Opt-In Plaintiffs, and Class Members**

| Individual Retaliation | $ | 5,500 |
|---|---|---|
| Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | $ | 600,195 |
| **Subtotal** | **$** | **605,695** |
| Service Award | $ | 192,500 |
| **Total Recovery** | **$** | **798,195** |
| Attorney Fees | $ | 416,250 |
| Reimbursment of Expenses | $ | 22,000 |
| Administrator Expenses | $ | 13,555 |
| **Gross Settlement Amount** | **$** | **1,250,000** |

| | Emp ID | Type | # Weeks Worked | Allocation % | Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | Named Plaintiff/Opt-In Service Award | Individual Retaliation | Total Recovery | Calculated Underpayment | Total Settlement Recovery Percentage |
|---|---|---|---|---|---|---|---|---|---|---|
| 154 | 283 | Class | 26 | 0.29% | 1,714.09 | - | | 1,714.09 | 8,187.30 | 20.94% |
| 155 | 288 | Class | 7 | 0.08% | 461.49 | - | | 461.49 | 1,129.80 | 40.85% |
| 156 | 294 | Class | 6 | 0.07% | 395.56 | - | | 395.56 | 968.40 | 40.85% |
| 157 | 295 | Class | 31 | 0.34% | 2,043.72 | - | | 2,043.72 | 10,630.80 | 19.22% |
| 158 | 37096 | Class | 23 | 0.25% | 1,516.31 | - | | 1,516.31 | 6,721.20 | 22.56% |
| 159 | 298 | Class | 29 | 0.32% | 1,911.87 | - | | 1,911.87 | 9,653.40 | 19.81% |
| 160 | 299 | Class | 28 | 0.31% | 1,845.94 | - | | 1,845.94 | 9,164.70 | 20.14% |
| 161 | 301 | Class | 28 | 0.31% | 1,845.94 | - | | 1,845.94 | 9,164.70 | 20.14% |
| 162 | 302 | Class | 29 | 0.32% | 1,911.87 | - | | 1,911.87 | 9,653.40 | 19.81% |
| 163 | 303 | Class | 29 | 0.32% | 1,911.87 | - | | 1,911.87 | 9,653.40 | 19.81% |
| 164 | 304 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 165 | 37097 | Class | 41 | 0.45% | 2,702.99 | - | | 2,702.99 | 15,517.80 | 17.42% |
| 166 | 37100 | Class | 41 | 0.45% | 2,702.99 | - | | 2,702.99 | 15,517.80 | 17.42% |
| 167 | 312 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 168 | 336 | Class | 3 | 0.03% | 197.78 | - | | 197.78 | 484.20 | 40.85% |
| 169 | 340 | Class | 28 | 0.31% | 1,845.94 | - | | 1,845.94 | 9,164.70 | 20.14% |
| 170 | 354 | Class | 27 | 0.30% | 1,780.02 | - | | 1,780.02 | 8,676.00 | 20.52% |
| 171 | 356 | Class | 16 | 0.18% | 1,054.82 | - | | 1,054.82 | 3,485.10 | 30.27% |
| 172 | 357 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 173 | 360 | Class | 19 | 0.21% | 1,252.60 | - | | 1,252.60 | 4,872.00 | 25.71% |
| 174 | 392 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 175 | 407 | Class | 9 | 0.10% | 593.34 | - | | 593.34 | 1,452.60 | 40.85% |
| 176 | 412 | Class | 9 | 0.10% | 593.34 | - | | 593.34 | 1,452.60 | 40.85% |
| 177 | 37101 | Class | 12 | 0.13% | 791.12 | - | | 791.12 | 1,936.80 | 40.85% |
| 178 | 416 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 179 | 418 | Class | 5 | 0.05% | 329.63 | - | | 329.63 | 807.00 | 40.85% |
| 180 | 419 | Class | 25 | 0.27% | 1,648.16 | - | | 1,648.16 | 7,698.60 | 21.41% |
| 181 | 433 | Class | 3 | 0.03% | 197.78 | - | | 197.78 | 484.20 | 40.85% |
| 182 | 437 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 183 | 496 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 184 | 531 | Class | 24 | 0.26% | 1,582.24 | - | | 1,582.24 | 7,209.90 | 21.95% |
| 185 | 541 | Class | 22 | 0.24% | 1,450.38 | - | | 1,450.38 | 6,258.90 | 23.17% |
| 186 | 553 | Class | 22 | 0.24% | 1,450.38 | - | | 1,450.38 | 6,258.90 | 23.17% |
| 187 | 638 | Class | 25 | 0.27% | 1,648.16 | - | | 1,648.16 | 7,698.60 | 21.41% |
| 188 | 639 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 189 | 643 | Class | 6 | 0.07% | 395.56 | - | | 395.56 | 968.40 | 40.85% |
| 190 | 644 | Class | 18 | 0.20% | 1,186.68 | - | | 1,186.68 | 4,409.70 | 26.91% |
| 191 | 645 | Class | 6 | 0.07% | 395.56 | - | | 395.56 | 968.40 | 40.85% |
| 192 | 654 | Class | 10 | 0.11% | 659.27 | - | | 659.27 | 1,614.00 | 40.85% |

**Krystal Vasquez v. A+ Staffing LLC et al.**
**Summary of Total Recovery by Plaintiff, Opt-In Plaintiffs, and Class Members**

| | | |
|---|---|---:|
| Individual Retaliation | $ | 5,500 |
| Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | $ | 600,195 |
| **Subtotal** | **$** | **605,695** |
| Service Award | $ | 192,500 |
| **Total Recovery** | **$** | **798,195** |
| Attorney Fees | $ | 416,250 |
| Reimbursment of Expenses | $ | 22,000 |
| Administrator Expenses | $ | 13,555 |
| **Gross Settlement Amount** | **$** | **1,250,000** |

| | Emp ID | Type | # Weeks Worked | Allocation % | Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | Named Plaintiff/Opt-In Service Award | Individual Retaliation | Total Recovery | Calculated Underpayment | Total Settlement Recovery Percentage |
|---|---|---|---|---|---|---|---|---|---|---|
| 193 | 676 | Class | 5 | 0.05% | 329.63 | - | | 329.63 | 807.00 | 40.85% |
| 194 | 677 | Class | 6 | 0.07% | 395.56 | - | | 395.56 | 968.40 | 40.85% |
| 195 | 683 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 196 | 684 | Class | 18 | 0.20% | 1,186.68 | - | | 1,186.68 | 4,409.70 | 26.91% |
| 197 | 709 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 198 | 726 | Class | 16 | 0.18% | 1,054.82 | - | | 1,054.82 | 3,485.10 | 30.27% |
| 199 | 727 | Class | 17 | 0.19% | 1,120.75 | - | | 1,120.75 | 3,947.40 | 28.39% |
| 200 | 728 | Class | 21 | 0.23% | 1,384.46 | - | | 1,384.46 | 5,796.60 | 23.88% |
| 201 | 37506 | Class | 32 | 0.35% | 2,109.65 | - | | 2,109.65 | 11,119.50 | 18.97% |
| 202 | 826 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 203 | 829 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 204 | 837 | Class | 8 | 0.09% | 527.41 | - | | 527.41 | 1,291.20 | 40.85% |
| 205 | 846 | Class | 17 | 0.19% | 1,120.75 | - | | 1,120.75 | 3,947.40 | 28.39% |
| 206 | 858 | Class | 16 | 0.18% | 1,054.82 | - | | 1,054.82 | 3,485.10 | 30.27% |
| 207 | 859 | Class | 3 | 0.03% | 197.78 | - | | 197.78 | 484.20 | 40.85% |
| 208 | 880 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 209 | 884 | Class | 15 | 0.16% | 988.90 | - | | 988.90 | 3,022.80 | 32.71% |
| 210 | 907 | Class | 16 | 0.18% | 1,054.82 | - | | 1,054.82 | 3,485.10 | 30.27% |
| 211 | 916 | Class | 10 | 0.11% | 659.27 | - | | 659.27 | 1,614.00 | 40.85% |
| 212 | 919 | Class | 7 | 0.08% | 461.49 | - | | 461.49 | 1,129.80 | 40.85% |
| 213 | 962 | Class | 14 | 0.15% | 922.97 | - | | 922.97 | 2,560.50 | 36.05% |
| 214 | 974 | Class | 4 | 0.04% | 263.71 | - | | 263.71 | 645.60 | 40.85% |
| 215 | 982 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 216 | 986 | Class | 14 | 0.15% | 922.97 | - | | 922.97 | 2,560.50 | 36.05% |
| 217 | 1006 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 218 | 1013 | Class | 18 | 0.20% | 1,186.68 | - | | 1,186.68 | 4,409.70 | 26.91% |
| 219 | 1024 | Class | 12 | 0.13% | 791.12 | - | | 791.12 | 1,936.80 | 40.85% |
| 220 | 1025 | Class | 5 | 0.05% | 329.63 | - | | 329.63 | 807.00 | 40.85% |
| 221 | 1029 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 222 | 1031 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 223 | 1037 | Class | 11 | 0.12% | 725.19 | - | | 725.19 | 1,775.40 | 40.85% |
| 224 | 1048 | Class | 5 | 0.05% | 329.63 | - | | 329.63 | 807.00 | 40.85% |
| 225 | 1049 | Class | 8 | 0.09% | 527.41 | - | | 527.41 | 1,291.20 | 40.85% |
| 226 | 1053 | Class | 3 | 0.03% | 197.78 | - | | 197.78 | 484.20 | 40.85% |
| 227 | 1057 | Class | 4 | 0.04% | 263.71 | - | | 263.71 | 645.60 | 40.85% |
| 228 | 1058 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 229 | 37508 | Class | 58 | 0.64% | 3,823.74 | - | | 3,823.74 | 24,470.40 | 15.63% |
| 230 | 37510 | Class | 23 | 0.25% | 1,516.31 | - | | 1,516.31 | 6,721.20 | 22.56% |
| 231 | 37511 | Class | 20 | 0.22% | 1,318.53 | - | | 1,318.53 | 5,334.30 | 24.72% |

**Krystal Vasquez v. A+ Staffing LLC et al.**
**Summary of Total Recovery by Plaintiff, Opt-In Plaintiffs, and Class Members**

| | | |
|---|---|---|
| Individual Retaliation | $ | 5,500 |
| Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | $ | 600,195 |
| **Subtotal** | **$** | **605,695** |
| Service Award | $ | 192,500 |
| **Total Recovery** | **$** | **798,195** |
| Attorney Fees | $ | 416,250 |
| Reimbursment of Expenses | $ | 22,000 |
| Administrator Expenses | $ | 13,555 |
| **Gross Settlement Amount** | **$** | **1,250,000** |

| | Emp ID | Type | # Weeks Worked | Allocation % | Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | Named Plaintiff/Opt-In Service Award | Individual Retaliation | Total Recovery | Calculated Underpayment | Total Settlement Recovery Percentage |
|---|---|---|---|---|---|---|---|---|---|---|
| 232 | 37513 | Class | 29 | 0.32% | 1,911.87 | - | | 1,911.87 | 9,653.40 | 19.81% |
| 233 | 37800 | Class | 40 | 0.44% | 2,637.06 | - | | 2,637.06 | 15,029.10 | 17.55% |
| 234 | 37804 | Class | 31 | 0.34% | 2,043.72 | - | | 2,043.72 | 10,630.80 | 19.22% |
| 235 | 37806 | Class | 9 | 0.10% | 593.34 | - | | 593.34 | 1,452.60 | 40.85% |
| 236 | 37841 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 237 | 305 (part 2) | Class | 59 | 0.65% | 3,889.66 | - | | 3,889.66 | 24,892.30 | 15.63% |
| 238 | 37842 | Class | 59 | 0.65% | 3,889.66 | - | | 3,889.66 | 24,892.30 | 15.63% |
| 239 | 37843 | Class | 4 | 0.04% | 263.71 | - | | 263.71 | 645.60 | 40.85% |
| 240 | 37881 | Class | 39 | 0.43% | 2,571.13 | - | | 2,571.13 | 14,540.40 | 17.68% |
| 241 | 189 | Class | 34 | 0.37% | 2,241.50 | - | | 2,241.50 | 12,096.90 | 18.53% |
| 242 | 38087 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 243 | 38088 | Class | 75 | 0.82% | 4,944.49 | - | | 4,944.49 | 34,219.46 | 14.45% |
| 244 | 38090 | Class | 41 | 0.45% | 2,702.99 | - | | 2,702.99 | 15,517.80 | 17.42% |
| 245 | 38097 | Class | 17 | 0.19% | 1,120.75 | - | | 1,120.75 | 3,947.40 | 28.39% |
| 246 | 38101 | Class | 75 | 0.82% | 4,944.49 | - | | 4,944.49 | 34,219.46 | 14.45% |
| 247 | 38152 | Class | 41 | 0.45% | 2,702.99 | - | | 2,702.99 | 15,517.80 | 17.42% |
| 248 | 38155 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 249 | 38208 | Class | 11 | 0.12% | 725.19 | - | | 725.19 | 1,775.40 | 40.85% |
| 250 | 38210 | Class | 11 | 0.12% | 725.19 | - | | 725.19 | 1,775.40 | 40.85% |
| 251 | 38212 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 252 | 38231 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 253 | 38233 | Class | 29 | 0.32% | 1,911.87 | - | | 1,911.87 | 9,653.40 | 19.81% |
| 254 | 38234 | Class | 75 | 0.82% | 4,944.49 | - | | 4,944.49 | 34,219.46 | 14.45% |
| 255 | 38278 | Class | 75 | 0.82% | 4,944.49 | - | | 4,944.49 | 34,219.46 | 14.45% |
| 256 | 38304 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 257 | 38450 | Class | 67 | 0.74% | 4,417.08 | - | | 4,417.08 | 29,557.96 | 14.94% |
| 258 | 38453 | Class | 21 | 0.23% | 1,384.46 | - | | 1,384.46 | 5,796.60 | 23.88% |
| 259 | 38454 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 260 | 38462 | Class | 12 | 0.13% | 791.12 | - | | 791.12 | 1,936.80 | 40.85% |
| 261 | 38476 | Class | 40 | 0.44% | 2,637.06 | - | | 2,637.06 | 15,029.10 | 17.55% |
| 262 | 38488 | Class | 20 | 0.22% | 1,318.53 | - | | 1,318.53 | 5,334.30 | 24.72% |
| 263 | 38502 | Class | 22 | 0.24% | 1,450.38 | - | | 1,450.38 | 6,258.90 | 23.17% |
| 264 | 38569 | Class | 72 | 0.79% | 4,746.71 | - | | 4,746.71 | 32,601.60 | 14.56% |
| 265 | 38606 | Class | 52 | 0.57% | 3,428.18 | - | | 3,428.18 | 20,985.60 | 16.34% |
| 266 | 38615 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 267 | 38648 | Class | 34 | 0.37% | 2,241.50 | - | | 2,241.50 | 12,096.90 | 18.53% |
| 268 | 38654 | Class | 4 | 0.04% | 263.71 | - | | 263.71 | 645.60 | 40.85% |
| 269 | 38655 | Class | 21 | 0.23% | 1,384.46 | - | | 1,384.46 | 5,796.60 | 23.88% |
| 270 | 38670 | Class | 73 | 0.80% | 4,812.64 | - | | 4,812.64 | 33,182.40 | 14.50% |

**Krystal Vasquez v. A+ Staffing LLC et al.**
**Summary of Total Recovery by Plaintiff, Opt-In Plaintiffs, and Class Members**

| Individual Retaliation | $ | 5,500 |
|---|---|---|
| Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | $ | 600,195 |
| **Subtotal** | **$** | **605,695** |
| Service Award | $ | 192,500 |
| **Total Recovery** | **$** | **798,195** |
| Attorney Fees | $ | 416,250 |
| Reimbursment of Expenses | $ | 22,000 |
| Administrator Expenses | $ | 13,555 |
| **Gross Settlement Amount** | **$** | **1,250,000** |

| | Emp ID | Type | # Weeks Worked | Allocation % | Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | Named Plaintiff/Opt-In Service Award | Individual Retaliation | Total Recovery | Calculated Underpayment | Total Settlement Recovery Percentage |
|---|---|---|---|---|---|---|---|---|---|---|
| 271 | 38672 | Class | 35 | 0.38% | 2,307.43 | - | | 2,307.43 | 12,585.60 | 18.33% |
| 272 | 38673 | Class | 31 | 0.34% | 2,043.72 | - | | 2,043.72 | 10,630.80 | 19.22% |
| 273 | 38674 | Class | 19 | 0.21% | 1,252.60 | - | | 1,252.60 | 4,872.00 | 25.71% |
| 274 | 38675 | Class | 59 | 0.65% | 3,889.66 | - | | 3,889.66 | 24,892.30 | 15.63% |
| 275 | 38676 | Class | 28 | 0.31% | 1,845.94 | - | | 1,845.94 | 9,164.70 | 20.14% |
| 276 | 38726 | Class | 35 | 0.38% | 2,307.43 | - | | 2,307.43 | 12,585.60 | 18.33% |
| 277 | 38728 | Class | 39 | 0.43% | 2,571.13 | - | | 2,571.13 | 14,540.40 | 17.68% |
| 278 | 38764 | Class | 15 | 0.16% | 988.90 | - | | 988.90 | 3,022.80 | 32.71% |
| 279 | 38830 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 280 | 38843 | Class | 3 | 0.03% | 197.78 | - | | 197.78 | 484.20 | 40.85% |
| 281 | 38853 | Class | 26 | 0.29% | 1,714.09 | - | | 1,714.09 | 8,187.30 | 20.94% |
| 282 | 39059 | Class | 36 | 0.40% | 2,373.35 | - | | 2,373.35 | 13,074.30 | 18.15% |
| 283 | 39220 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 284 | 39221 | Class | 67 | 0.74% | 4,417.08 | - | | 4,417.08 | 29,557.96 | 14.94% |
| 285 | 39578 | Class | 38 | 0.42% | 2,505.21 | - | | 2,505.21 | 14,051.70 | 17.83% |
| 286 | 39579 | Class | 11 | 0.12% | 725.19 | - | | 725.19 | 1,775.40 | 40.85% |
| 287 | 39585 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 288 | 39754 | Class | 5 | 0.05% | 329.63 | - | | 329.63 | 807.00 | 40.85% |
| 289 | 39904 | Class | 59 | 0.65% | 3,889.66 | - | | 3,889.66 | 24,892.30 | 15.63% |
| 290 | 39948 | Class | 30 | 0.33% | 1,977.80 | - | | 1,977.80 | 10,142.10 | 19.50% |
| 291 | 39995 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 292 | 40034 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 293 | 40044 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 294 | 40065 | Class | 58 | 0.64% | 3,823.74 | - | | 3,823.74 | 24,470.40 | 15.63% |
| 295 | 40132 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 296 | 40138 | Class | 56 | 0.62% | 3,691.88 | - | | 3,691.88 | 23,308.80 | 15.84% |
| 297 | 40154 | Class | 54 | 0.59% | 3,560.03 | - | | 3,560.03 | 21,792.74 | 16.34% |
| 298 | 40180 | Class | 6 | 0.07% | 395.56 | - | | 395.56 | 968.40 | 40.85% |
| 299 | 40201 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 300 | 40205 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 301 | 40206 | Class | 12 | 0.13% | 791.12 | - | | 791.12 | 1,936.80 | 40.85% |
| 302 | 40245 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 303 | 40305 | Class | 17 | 0.19% | 1,120.75 | - | | 1,120.75 | 3,947.40 | 28.39% |
| 304 | 40598 | Class | 23 | 0.25% | 1,516.31 | - | | 1,516.31 | 6,721.20 | 22.56% |
| 305 | 40812 | Class | 5 | 0.05% | 329.63 | - | | 329.63 | 807.00 | 40.85% |
| 306 | 40869 | Class | 51 | 0.56% | 3,362.25 | - | | 3,362.25 | 19,373.88 | 17.35% |
| 307 | 40907 | Class | 14 | 0.15% | 922.97 | - | | 922.97 | 2,560.50 | 36.05% |
| 308 | 40946 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 309 | 41065 | Class | 18 | 0.20% | 1,186.68 | - | | 1,186.68 | 4,409.70 | 26.91% |

**Krystal Vasquez v. A+ Staffing LLC et al.**
**Summary of Total Recovery by Plaintiff, Opt-In Plaintiffs, and Class Members**

| | | |
|---|---|---|
| Individual Retaliation | $ | 5,500 |
| Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | $ | 600,195 |
| **Subtotal** | **$** | **605,695** |
| Service Award | $ | 192,500 |
| **Total Recovery** | **$** | **798,195** |
| Attorney Fees | $ | 416,250 |
| Reimbursment of Expenses | $ | 22,000 |
| Administrator Expenses | $ | 13,555 |
| **Gross Settlement Amount** | **$** | **1,250,000** |

| | Emp ID | Type | # Weeks Worked | Allocation % | Available to Plaintiffs, Opt-In Plaintiffs, and Class Members | Named Plaintiff/Opt-In Service Award | Individual Retaliation | Total Recovery | Calculated Underpayment | Total Settlement Recovery Percentage |
|---|---|---|---|---|---|---|---|---|---|---|
| 310 | 41363 | Class | 13 | 0.14% | 857.04 | - | | 857.04 | 2,248.65 | 38.11% |
| 311 | 41394 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 312 | 41463 | Class | 44 | 0.48% | 2,900.77 | - | | 2,900.77 | 16,878.81 | 17.19% |
| 313 | 41763 | Class | 17 | 0.19% | 1,120.75 | - | | 1,120.75 | 3,947.40 | 28.39% |
| 314 | 41764 | Class | 10 | 0.11% | 659.27 | - | | 659.27 | 1,614.00 | 40.85% |
| 315 | 41848 | Class | 12 | 0.13% | 791.12 | - | | 791.12 | 1,936.80 | 40.85% |
| 316 | 41961 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 317 | 42002 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 318 | 42045 | Class | 3 | 0.03% | 197.78 | - | | 197.78 | 484.20 | 40.85% |
| 319 | 42061 | Class | 33 | 0.36% | 2,175.58 | - | | 2,175.58 | 11,608.20 | 18.74% |
| 320 | 42064 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 321 | 42066 | Class | 39 | 0.43% | 2,571.13 | - | | 2,571.13 | 14,540.40 | 17.68% |
| 322 | 42130 | Class | 35 | 0.38% | 2,307.43 | - | | 2,307.43 | 12,585.60 | 18.33% |
| 323 | 42166 | Class | 28 | 0.31% | 1,845.94 | - | | 1,845.94 | 9,164.70 | 20.14% |
| 324 | 42190 | Class | 13 | 0.14% | 857.04 | - | | 857.04 | 2,248.65 | 38.11% |
| 325 | 42208 | Class | 37 | 0.41% | 2,439.28 | - | | 2,439.28 | 13,563.00 | 17.98% |
| 326 | 42231 | Class | 2 | 0.02% | 131.85 | - | | 131.85 | 322.80 | 40.85% |
| 327 | 42232 | Class | 15 | 0.16% | 988.90 | - | | 988.90 | 3,022.80 | 32.71% |
| 328 | 42275 | Class | 1 | 0.01% | 65.93 | - | | 65.93 | 161.40 | 40.85% |
| 329 | 42301 | Class | 36 | 0.40% | 2,373.35 | - | | 2,373.35 | 13,074.30 | 18.15% |
| 330 | 42303 | Class | 35 | 0.38% | 2,307.43 | - | | 2,307.43 | 12,585.60 | 18.33% |
| 331 | 42454 | Class | 4 | 0.04% | 263.71 | - | | 263.71 | 645.60 | 40.85% |
| 332 | **Total** | | **9,104** | **100%** | **$  600,195.00** | **$  192,500.00** | **$  5,500.00** | **$  798,195.00** | **$  3,246,897.99** | |

| | | |
|---|---|---|
| 333 | **Average Per Class (331 Members)** | **36.29%** |
| 334 | **Median Per Class (331 Memebrs)** | **32.86%** |
| 335 | **Average - Named & Opt-In** | **78.51%** |
| 336 | **Median - Named & Opt-In** | **36.59%** |
| 337 | **Average - Absent Class Only** | **30.57%** |
| 338 | **Median - Absent Class Class Only** | **32.71%** |

# ATTACHMENT 5



Invoice # 567
Date: 10/24/2024
Due Upon Receipt

80 Broad Street, Suite 703
New York, New York 10004

Vasquez, Krystal

## Vasquez, Krystal (UNPAID WAGE MATTER) v. A+ Staffing et al.

### Services

| Attorney | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Margaret A. Malloy | 02/16/2022 | MM call Krystal | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 02/18/2022 | Communicate (with client): Krystal meet Maggie at the office to discuss employment history, review and gather documents from phone, email, etc. | 2.50 | $550.00 | $1,375.00 |
| Margaret A. Malloy | 02/28/2022 | Krystal meet Maggie at the office re. next steps, additional docs, timeline | 1.00 | $550.00 | $550.00 |
| Margaret A. Malloy | 02/28/2022 | Communicate (with client): continued meeting with Krystal re. legal claims | 0.50 | $550.00 | $275.00 |
| John Pietruszka | 03/01/2022 | Research: Researching how to calculate Prevailing Wage and Benefits of Client. | 2.62 | $350.00 | $917.00 |
| John Pietruszka | 03/01/2022 | Research: Researching whether we can successfully allege there was fraud in inducement of client's arbitration agreement. | 1.60 | $350.00 | $560.00 |
| Margaret A. Malloy | 03/01/2022 | Communicate (with client): emails with client re. docs needed | 0.20 | $550.00 | $110.00 |
| John Pietruszka | 03/02/2022 | | 1.20 | $350.00 | $420.00 |
| Margaret A. Malloy | 03/02/2022 | Communicate (with client): review docs from Staff Support employee portal; email with client | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 03/02/2022 | Review/analyze: review employment documents from employee portal | 1.00 | $550.00 | $550.00 |
| John Pietruszka | 03/03/2022 | Researching law regarding fraudulent inducement of arbitration agreement. | 2.69 | $350.00 | $941.50 |
| Brendan Sweeney | 03/03/2022 | Plan and prepare for: Conference with Maggie Malloy and | 1.00 | $550.00 | $550.00 |

| | | John Pietruszka regarding claims and strategy | | | |
|---|---|---|---|---|---|
| John Pietruszka | 03/04/2022 | Draft/revise: Researching whether the transportation worker exception applies to our client. | 2.60 | $350.00 | $910.00 |
| Margaret A. Malloy | 03/04/2022 | tc with Daniel Vargas | 0.40 | $550.00 | $220.00 |
| John Pietruszka | 03/07/2022 | Research: Researching whether express requirement of prevailing wage is required. | 1.32 | $350.00 | $462.00 |
| Brendan Sweeney | 03/08/2022 | Communicate (in firm): Conference with Maggie Malloy and John Pietruszka regarding research on arbitration agreement | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 03/08/2022 | Communicate (in firm): Conference with Brendan Sweeney and John Pietruszka regarding research on arbitration agreement | 0.50 | $550.00 | $275.00 |
| John Pietruszka | 03/09/2022 | Research: Researching other dockets to determine if another case has been filed. | 1.81 | $350.00 | $633.50 |
| Margaret A. Malloy | 03/09/2022 | Research: research re. FLSA & misclassification & pleading requirements | 0.90 | $550.00 | $495.00 |
| Margaret A. Malloy | 03/29/2022 | Research: research re. third-party beneficiary law, implied contractual provisions, other limits on third-party actions, pros & cons of state v. federal filing | 4.80 | $550.00 | $2,640.00 |
| Nicholas Bittner | 03/30/2022 | Research: Researching caselaw on NY's Paid Sick Leave Law | 2.00 | $375.00 | $750.00 |
| Margaret A. Malloy | 04/01/2022 | Communicate (with client): tc with Krystal re. status, fact-gathering, other witnesses, status of employment with Mack | 0.80 | $550.00 | $440.00 |
| Nicholas Bittner | 04/05/2022 | Communicate (in firm): Discussing drafting complaint with MM and BS | 0.70 | $375.00 | $262.50 |
| Margaret A. Malloy | 04/05/2022 | Communicate (in firm): Meeting with Brendan & Nick re. next steps, locating witnesses, what claims we are pursuing | 0.70 | $550.00 | $385.00 |
| Nicholas Bittner | 04/05/2022 | Review/analyze: Reviewing discovery (provided by client) | 1.70 | $375.00 | $637.50 |
| Nicholas Bittner | 04/06/2022 | Draft/revise: Researching and drafting complaint | 3.00 | $375.00 | $1,125.00 |
| Nicholas Bittner | 04/06/2022 | Communicate (with client): Call about facts | 0.40 | $375.00 | $150.00 |
| Nicholas Bittner | 04/07/2022 | Review/analyze: Reviewing discovery | 1.40 | $375.00 | $525.00 |
| Nicholas Bittner | 04/07/2022 | Draft/revise: Editing complaint | 0.70 | $375.00 | $262.50 |
| Nicholas Bittner | 04/07/2022 | Review/analyze: Reviewing/organizing discovery | 1.10 | $375.00 | $412.50 |
| Nicholas Bittner | 04/07/2022 | Review/analyze: Reviewing discovery | 2.00 | $375.00 | $750.00 |
| Nicholas Bittner | 04/08/2022 | Review/analyze: Reviewing discovery (recordings) | 2.80 | $375.00 | $1,050.00 |
| Nicholas Bittner | 04/11/2022 | Communicate (with client): Clarifying questions about documents/recordings | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 04/20/2022 | Communicate (in firm): Call regarding drafting complaint | 0.40 | $375.00 | $150.00 |
| Nicholas Bittner | 04/21/2022 | Draft/revise: Editing complaint | 3.80 | $375.00 | $1,425.00 |
| Nicholas Bittner | 04/22/2022 | Draft/revise: Editing complaint | 1.10 | $375.00 | $412.50 |
| Brendan Sweeney | 04/22/2022 | Draft/revise: Draft complaint | 1.20 | $550.00 | $660.00 |

| | | | | | |
|---|---|---|---|---|---|
| Brendan Sweeney | 04/22/2022 | Communicate (in firm): Conferences with Margaret Malloy regarding strategy for complaint | 0.60 | $550.00 | $330.00 |
| Margaret A. Malloy | 05/03/2022 | Communicate (with client): Client portal communication re. complaint filed | 0.10 | $550.00 | $55.00 |
| Brendan Sweeney | 05/03/2022 | Communicate (in firm): conference with Maggie Malloy regarding Mack Management as defendant | 0.40 | $550.00 | $220.00 |
| Margaret A. Malloy | 05/04/2022 | Communicate (other external): tc with Robert Mack re. his belief he should not have been named | 0.40 | $550.00 | $220.00 |
| Margaret A. Malloy | 05/20/2022 | Communicate (other external): Meet with Maria de Pilar Espinoza Vera. | 1.50 | $550.00 | $825.00 |
| Margaret A. Malloy | 05/24/2022 | Draft/revise: draft consent form for Maria and send for signature | 0.20 | $550.00 | $110.00 |
| Margaret A. Malloy | 05/24/2022 | Draft/revise: draft and send class action retainer for Maria | 0.20 | $550.00 | $110.00 |
| Margaret A. Malloy | 05/24/2022 | Communicate (with client): email Krystal re. class action retainer | 0.10 | $550.00 | $55.00 |
| Margaret A. Malloy | 05/30/2022 | Communicate (with client): email from Krystal re. text messages from Robert Mack | 0.10 | $550.00 | $55.00 |
| Margaret A. Malloy | 05/30/2022 | Research: online research re. new Mack entity, Mack Cat Labor, incl looking for service address | 0.30 | $550.00 | $165.00 |
| Antero Barrantes | 06/03/2022 | Communicate (with client): Maria Espinoza - set up in office meeting with att MM | 0.09 | $100.00 | $9.00 |
| Brendan Sweeney | 06/06/2022 | Draft/revise: review and edit complaint | 0.80 | $550.00 | $440.00 |
| Nicholas Bittner | 06/07/2022 | Draft/revise: Editing W2 Complaint | 2.50 | $375.00 | $937.50 |
| Brendan Sweeney | 06/07/2022 | Draft/revise: Draft complaint | 1.10 | $550.00 | $605.00 |
| Margaret A. Malloy | 06/09/2022 | Draft/revise: review, revise, finalize complaint | 4.50 | $550.00 | $2,475.00 |
| Margaret A. Malloy | 06/09/2022 | Communicate (in firm): tc with fellow employee / potential witness Kraig Brown | 0.90 | $550.00 | $495.00 |
| Margaret A. Malloy | 06/10/2022 | Communicate (opposing counsel): email w/opp counsel re. service on Mack defendants, time to answer, time to discuss case | 0.10 | $550.00 | $55.00 |
| Margaret A. Malloy | 06/10/2022 | Communicate (other external): meet with witness / potential client Kraig Brown | 2.20 | $550.00 | $1,210.00 |
| Antero Barrantes | 06/24/2022 | Communicate (with client): Milena Aguilar - set up in office meeting with att MM | 0.09 | $100.00 | $9.00 |
| Antero Barrantes | 06/24/2022 | Communicate (with client): Aracelis Peralta - set up in office meeting with att MM | 0.09 | $100.00 | $9.00 |
| Margaret A. Malloy | 06/29/2022 | Communicate (with client): tc with Krystal re. case status | 148.93 | $550.00 | $81,911.50 |
| Antero Barrantes | 06/29/2022 | Communicate (with client): Jose Alexi Morales - set up in office meeting w att MM | 0.09 | $100.00 | $9.00 |
| Antero Barrantes | 06/29/2022 | Communicate (with client): lead onboarding - Susana Rodriguez | 0.25 | $100.00 | $25.00 |
| Margaret A. Malloy | 07/13/2022 | Communicate (opposing counsel): email with opposing | 0.20 | $550.00 | $110.00 |

|  |  | counsel. Send waivers to atty for Mack Ds. |  |  |  |
|---|---|---|---|---|---|
| Margaret A. Malloy | 07/13/2022 | Draft/revise: revise waivers for Mack Ds | 0.10 | $550.00 | $55.00 |
| Antero Barrantes | 07/19/2022 | Communicate (with client): lead onboarding - Yesid Rojas | 0.25 | $100.00 | $25.00 |
| Antero Barrantes | 07/20/2022 | Communicate (with client): lead onboarding - Diorissa Medina | 0.25 | $100.00 | $25.00 |
| Antero Barrantes | 07/20/2022 | Communicate (with client): lead onboarding - Ronal Argueta | 0.25 | $100.00 | $25.00 |
| Antero Barrantes | 07/20/2022 | Communicate (with client): lead onboarding - Mario Chafoya | 0.25 | $100.00 | $25.00 |
| Nicholas Bittner | 07/22/2022 | Communicate (in firm): Setting up intake process | 5.00 | $375.00 | $1,875.00 |
| Nicholas Bittner | 07/22/2022 | Communicate (in firm): Setting up intake process | 2.50 | $375.00 | $937.50 |
| Brendan Sweeney | 07/22/2022 | Communicate (in firm): Review messages about threats by management, conferences with Nick Bittner | 0.70 | $550.00 | $385.00 |
| Brendan Sweeney | 07/22/2022 | Research: research regarding emergency relief in response to threats to class members | 1.20 | $550.00 | $660.00 |
| Brendan Sweeney | 07/22/2022 | Communicate (opposing counsel): Conference with attorney for Mack Management regarding threats by management | 0.20 | $550.00 | $110.00 |
| Antero Barrantes | 07/28/2022 | Communicate (with client): Edgar Sanchez - set up in office meeting | 0.09 | $100.00 | $9.00 |
| Margaret A. Malloy | 08/01/2022 | Communicate (in firm): discuss status of plaintiffs & plans with Antero | 0.40 | $550.00 | $220.00 |
| Margaret A. Malloy | 08/02/2022 | Communicate (in firm): discuss case status & plans with Nick | 0.70 | $550.00 | $385.00 |
| Margaret A. Malloy | 08/02/2022 | Research: research re. retaliation under NYLL | 1.40 | $550.00 | $770.00 |
| Margaret A. Malloy | 08/04/2022 | Communicate (in firm): meet to discuss potential retaliatory events, plan for amending complaints, status of other potential class member | 1.40 | $550.00 | $770.00 |
| Antero Barrantes | 08/05/2022 | Communicate (with client): Anyela Maeda Barrera - set up in office meeting with atts MM + CQD | 0.09 | $100.00 | $9.00 |
| Margaret A. Malloy | 08/07/2022 | Draft/revise: draft amended complaint | 1.20 | $550.00 | $660.00 |
| Antero Barrantes | 08/08/2022 | Communicate (with client): Phone Call with Client Diorissa Medina | 0.02 | $100.00 | $2.00 |
| Margaret A. Malloy | 08/08/2022 | Communicate (in firm): discuss potential new plaintiff w/ paralegal | 0.20 | $550.00 | $110.00 |
| Margaret A. Malloy | 08/08/2022 | Communicate (other external): email opp counsel re. our concerns | 0.10 | $550.00 | $55.00 |
| Margaret A. Malloy | 08/09/2022 | Communicate (in firm): talk to Nick re. amending complaint | 0.40 | $550.00 | $220.00 |
| Margaret A. Malloy | 08/09/2022 | Communicate (other external): tc w/opp counsel re. our concerns re retaliation | 0.20 | $550.00 | $110.00 |
| Nicholas Bittner | 08/09/2022 | Draft/revise: Drafting amended complaint | 3.50 | $375.00 | $1,312.50 |
| Margaret A. Malloy | 08/10/2022 | tried to reach Adonis | 0.10 | $550.00 | $55.00 |
| Margaret A. Malloy | 08/10/2022 | Draft/revise: amended complaint | 2.80 | $550.00 | $1,540.00 |
| Margaret A. Malloy | 08/10/2022 | Communicate (with client): called & texted | 0.10 | $550.00 | $55.00 |

| | | | | | |
|---|---|---|---|---|---|
| Antero Barrantes | 08/10/2022 | Communicate (with client): Tried to Reach | 0.17 | $100.00 | $17.00 |
| Margaret A. Malloy | 08/10/2022 | Communicate (with client): tc re. amending complaint, others interested | 0.60 | $550.00 | $330.00 |
| Nicholas Bittner | 08/14/2022 | Draft/revise: Editing amended complaint | 1.20 | $375.00 | $450.00 |
| Antero Barrantes | 08/16/2022 | Communicate (with client): lead onboarding - Deisy Hernandez & Oscar Guerrero | 0.25 | $100.00 | $25.00 |
| Margaret A. Malloy | 08/18/2022 | Communicate (opposing counsel): tc with counsel for Mack | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 08/18/2022 | Draft/revise: draft amended complaint | 1.10 | $550.00 | $605.00 |
| Margaret A. Malloy | 08/19/2022 | Communicate (in firm): discuss new clients with Antero | 0.20 | $550.00 | $110.00 |
| Antero Barrantes | 08/19/2022 | Communicate (in firm): discuss new clients with Antero | 0.20 | $100.00 | $20.00 |
| Brendan Sweeney | 08/19/2022 | Communicate (in firm): Conference with Maggie Malloy regarding strategy | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 08/19/2022 | Communicate (opposing counsel): Conference with opposing counsel regarding amended complaint and potential mediation | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 08/22/2022 | Communicate (with client): tc with client Edgar (Spanish speaker) | 1.40 | $550.00 | $770.00 |
| Antero Barrantes | 08/22/2022 | Communicate (with client): tc with client Edgar (Spanish speaker) | 1.40 | $100.00 | $140.00 |
| Margaret A. Malloy | 08/22/2022 | Communicate (in firm): discuss next steps | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 08/22/2022 | Communicate (in firm): discuss next steps | 0.80 | $550.00 | $440.00 |
| Margaret A. Malloy | 08/22/2022 | Draft/revise: draft amended complaint | 2.00 | $550.00 | $1,100.00 |
| Margaret A. Malloy | 08/22/2022 | Review/analyze: review complaint filed in other action | 1.20 | $550.00 | $660.00 |
| Antero Barrantes | 08/22/2022 | Communicate (with client): lead onboarding - Vivian Fabian | 0.25 | $100.00 | $25.00 |
| Margaret A. Malloy | 08/23/2022 | Communicate (opposing counsel): tc with counsel for Mack defendants re. scheduling, mediation, etc. Email everyone re. same. | 0.40 | $550.00 | $220.00 |
| Margaret A. Malloy | 08/23/2022 | Communicate (opposing counsel): email with counsel re. scheduling, letter to court | 0.10 | $550.00 | $55.00 |
| Antero Barrantes | 08/23/2022 | Communicate (with client): lead onboarding - Jose Medrano | 0.25 | $100.00 | $25.00 |
| Margaret A. Malloy | 08/24/2022 | Research: research re. class definitions | 0.50 | $550.00 | $275.00 |
| Antero Barrantes | 08/24/2022 | Communicate (with client): lead onboarding - Natalia Colombo | 0.25 | $100.00 | $25.00 |
| Margaret A. Malloy | 08/25/2022 | Draft/revise: draft amended complaint | 1.50 | $550.00 | $825.00 |
| Margaret A. Malloy | 08/25/2022 | Review/analyze: read & respond to emails from opposing counsel | 0.10 | $550.00 | $55.00 |
| Antero Barrantes | 08/26/2022 | Communicate (with client): lead onboarding - Manuel Gaso | 0.25 | $100.00 | $25.00 |
| Antero Barrantes | 08/26/2022 | Communicate (with client): lead onboarding - Rafael Alcantara | 0.25 | $100.00 | $25.00 |
| Margaret A. Malloy | 08/29/2022 | Communicate (with client): tc with potential client (Rafael) | 1.00 | $550.00 | $550.00 |

| | | | | | |
|---|---|---|---|---|---|
| Antero Barrantes | 08/29/2022 | Communicate (with client): tc with potential client (Rafael) | 1.00 | $100.00 | $100.00 |
| Margaret A. Malloy | 08/29/2022 | Communicate (with client): tc with potential client (Manuel) | 1.00 | $550.00 | $550.00 |
| Antero Barrantes | 08/29/2022 | Communicate (with client): tc with potential client (Manuel) | 1.00 | $100.00 | $100.00 |
| Antero Barrantes | 08/29/2022 | Communicate (with client): lead onboarding - Osmin Quinteros | 0.25 | $100.00 | $25.00 |
| Margaret A. Malloy | 08/31/2022 | Communicate (with client): two phone calls with potential client | 1.30 | $550.00 | $715.00 |
| Antero Barrantes | 08/31/2022 | Communicate (with client): two phone calls with potential client | 1.30 | $100.00 | $130.00 |
| Margaret A. Malloy | 08/31/2022 | Communicate (in firm): discuss next steps with paralegal re. filing opt ins, interviews, retainers | 0.80 | $550.00 | $440.00 |
| Antero Barrantes | 09/01/2022 | Communicate (with client): lead onboarding - Yasmil Oviedo | 0.25 | $100.00 | $25.00 |
| Margaret A. Malloy | 09/02/2022 | Communicate (in firm): discuss amended complaints with Nick | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 09/02/2022 | Communicate (in firm): discuss potential new clients with Antero | 0.20 | $550.00 | $110.00 |
| Nicholas Bittner | 09/02/2022 | Draft/revise: Editing 2 amended complaints | 6.00 | $375.00 | $2,250.00 |
| Margaret A. Malloy | 09/02/2022 | Draft/revise: draft amended complaints | 1.50 | $550.00 | $825.00 |
| Margaret A. Malloy | 09/12/2022 | Communicate (opposing counsel): read email from opposing counsel re. mediators | 0.10 | $550.00 | $55.00 |
| Law Clerk | 09/19/2022 | Reviewing facts in CaseFleet for draft pleading | 3.50 | $150.00 | $525.00 |
| Law Clerk | 09/19/2022 | Draft/revise: Draft memo to use for mediation on the gender discrimination claims under the NYSHRL. | 1.00 | $150.00 | $150.00 |
| Law Clerk | 09/19/2022 | Continue drafting memo on gender discrimination under NYSHRL. Read through relevant NYSHRL sections. | 3.50 | $150.00 | $525.00 |
| Law Clerk | 09/19/2022 | Continued reading through NYSHRL for gender discrimination memo. | 0.75 | $150.00 | $112.50 |
| Law Clerk | 09/19/2022 | Read through evidence in CaseFleet for Vasquez discrimination claims and listened to audio recordings regarding instances of harassment with Felix. | 3.00 | $150.00 | $450.00 |
| Margaret A. Malloy | 09/20/2022 | Communicate (in firm): MM & BS discuss mediation plans | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 09/20/2022 | Communicate (in firm): MM & BS discuss mediation plans | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 09/20/2022 | Communicate (other external): MM & BS discuss mediation plan with opp counsel | 0.60 | $550.00 | $330.00 |
| Brendan Sweeney | 09/20/2022 | Communicate (other external): MM & BS discuss mediation plan with opp counsel | 0.60 | $550.00 | $330.00 |
| Margaret A. Malloy | 09/20/2022 | Research: review prevailing wage research | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 09/20/2022 | Communicate (in firm): discuss whether we can talk to & include supervisorsy | 0.20 | $550.00 | $110.00 |
| Antero Barrantes | 09/20/2022 | Communicate (in firm): discuss whether we can talk to & include supervisorsy | 0.20 | $100.00 | $20.00 |

| | | | | | |
|---|---|---|---|---|---|
| Margaret A. Malloy | 09/20/2022 | Communicate (in firm): MM & AB discuss incoming calls, supervisors, etc. | 0.20 | $550.00 | $110.00 |
| Antero Barrantes | 09/20/2022 | Communicate (in firm): MM & AB discuss incoming calls, supervisors, etc. | 0.20 | $100.00 | $20.00 |
| Brendan Sweeney | 09/20/2022 | Communicate (in firm): Conference with Maggie Malloy to prepare strategy | 0.60 | $550.00 | $330.00 |
| Brendan Sweeney | 09/20/2022 | Communicate (opposing counsel): Conference with Defendants' counsel regarding mediation and pre-mediation discovery | 0.70 | $550.00 | $385.00 |
| Law Clerk | 09/20/2022 | Continued listening to recordings in CaseFleet for Vasquez gender discrimination memo. | 4.25 | $150.00 | $637.50 |
| Margaret A. Malloy | 09/21/2022 | Communicate (with client): MM & AB tc with Natalia re. sex harassment | 1.00 | $550.00 | $550.00 |
| Antero Barrantes | 09/21/2022 | Communicate (with client): MM & AB tc with Natalia re. sex harassment | 1.00 | $100.00 | $100.00 |
| Margaret A. Malloy | 09/21/2022 | Draft/revise: draft email to opp counsel | 0.70 | $550.00 | $385.00 |
| Brendan Sweeney | 09/21/2022 | Draft/revise: Conference with Maggie Malloy, draft request for pre-mediation discovery | 0.90 | $550.00 | $495.00 |
| Law Clerk | 09/21/2022 | Continued listening to audio files in CaseFleet on gender discrimination claims, transcribed audio files, recorded time markers, and started to draft fact section of gender discrimination memo. | 4.17 | $150.00 | $625.50 |
| Law Clerk | 09/21/2022 | Continued to write fact section of gender discrimination memo for Vasquez. | 3.50 | $150.00 | $525.00 |
| Law Clerk | 09/22/2022 | Continue writing fact section for Vasquez gender discrimination memo and moved onto using statutory and case law to write the statement of law section. | 3.00 | $150.00 | $450.00 |
| Law Clerk | 09/22/2022 | Continued using statutory and case law to write the statement of law section for the Vasquez gender discrimination memo. | 4.34 | $150.00 | $651.00 |
| Law Clerk | 09/23/2022 | Continued writing the statement of law section for the Vasquez gender discrimination memo. | 5.34 | $150.00 | $801.00 |
| Margaret A. Malloy | 09/26/2022 | Communicate (in firm): discuss clients & potential clients with AB & BS | 0.60 | $550.00 | $330.00 |
| Margaret A. Malloy | 09/26/2022 | Communicate (in firm): discuss next steps with BS | 0.20 | $550.00 | $110.00 |
| Law Clerk | 09/26/2022 | Manage data/files: Looked through Egnyte and CaseFleet files to see what else we have in terms of potential gender discrimination plaintiffs. | 3.00 | $150.00 | $450.00 |
| Law Clerk | 09/26/2022 | Draft/revise: Continue drafting statement of law section for gender discrimination memo and revised statement of fact section. | 2.00 | $150.00 | $300.00 |
| Margaret A. Malloy | 09/27/2022 | Communicate (in firm): MM & AB discuss new clients & potential clients | 0.40 | $550.00 | $220.00 |
| Antero Barrantes | 09/27/2022 | Communicate (in firm): MM & AB discuss new clients & potential clients | 0.40 | $100.00 | $40.00 |
| Margaret A. Malloy | 09/27/2022 | Communicate (other external): draft & send client list to | 0.40 | $550.00 | $220.00 |

| | | mediator | | | |
|---|---|---|---|---|---|
| Law Clerk | 09/27/2022 | Draft/revise: Continue drafting statement of law and statement of fact sections for gender discrimination memo using further audio and written evidence from Egnyte and CaseFleet. | 5.50 | $150.00 | $825.00 |
| Law Clerk | 09/28/2022 | Draft/revise: Continue drafting statement of law and statement of facts sections using evidence already on file for gender discrimination claims. | 6.17 | $150.00 | $925.50 |
| Brendan Sweeney | 09/29/2022 | Draft/revise: Legal research, draft opposition to pre-motion letter regarding individual liability | 1.40 | $550.00 | $770.00 |
| Law Clerk | 09/29/2022 | Communicate (in firm): Alex and Antero call to discuss interviewing more potential plaintiffs for gender harassment side. | 0.50 | $150.00 | $75.00 |
| Law Clerk | 09/30/2022 | Call with Matthew Garcia (retained client on wage and hour claims) to do initial interview and doc collection. | 0.84 | $150.00 | $126.00 |
| Brendan Sweeney | 10/03/2022 | Appear for/attend: Participate in call with mediator | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 10/03/2022 | Review/analyze: Analyze caselaw on prevailing wage and administrative exhaustion | 1.00 | $550.00 | $550.00 |
| Law Clerk | 10/03/2022 | Communicate (with client): Call between Antero, Alex, and Milena (retained client) to discuss gender discrimination experience with Felix. | 1.00 | $150.00 | $150.00 |
| Law Clerk | 10/03/2022 | Communicate (in firm): Alex and Antero debrief call with Milena and make a plan for next steps on which potential gender discrimination plaintiffs to reach out to next. | 0.42 | $150.00 | $63.00 |
| Law Clerk | 10/03/2022 | Draft/revise: Integrate Milena gender discrimination experience into fact pattern for gender discrimination memo. | 1.50 | $150.00 | $225.00 |
| Law Clerk | 10/04/2022 | Draft/revise: Continue integrating Milena harassment experience with Felix into gender discrimination memo. | 1.50 | $150.00 | $225.00 |
| Law Clerk | 10/04/2022 | Communicate (in firm): Alex and Antero call to discuss Carolina harassment experience and next steps for interviewing clients for gender discrimination side. | 0.17 | $150.00 | $25.50 |
| Law Clerk | 10/04/2022 | Other: Prepare interview questions and initial doc collection questions for Ed Guerrero call. Try calling Ed initially - no response. | 0.50 | $150.00 | $75.00 |
| Nicholas Bittner | 10/05/2022 | Review/analyze: Reviewing draft letter opposing motion | 0.20 | $375.00 | $75.00 |
| Law Clerk | 10/05/2022 | Draft/revise: Work on gender discrimination memo including updating fact section and revising statement of law section. | 1.00 | $150.00 | $150.00 |
| Law Clerk | 10/05/2022 | Communicate (with client): Tried calling Ed Guerrero for wage and hour side and left message to call me back. | 0.09 | $150.00 | $13.50 |
| Law Clerk | 10/05/2022 | Draft/revise: Further update gender discrimination memo fact section and statement of law. Begin application of fact to law. | 1.00 | $150.00 | $150.00 |
| Margaret A. Malloy | 10/17/2022 | Communicate (in firm): BS, MM discuss claims, potential claims, retaliation | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 10/17/2022 | Communicate (in firm): BS, MM discuss claims, potential claims, retaliation | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 10/17/2022 | Draft/revise: draft stipulation against retaliation | 1.20 | $550.00 | $660.00 |

| | | | | | |
|---|---|---|---|---|---|
| Margaret A. Malloy | 10/18/2022 | Communicate (in firm): MM & AB discuss new clients, threats | 0.60 | $550.00 | $330.00 |
| Antero Barrantes | 10/18/2022 | Communicate (in firm): MM & AB discuss new clients, threats | 0.60 | $100.00 | $60.00 |
| Margaret A. Malloy | 10/18/2022 | Communicate (with client): MM & AB tc with new client (Edith) | 0.50 | $550.00 | $275.00 |
| Antero Barrantes | 10/18/2022 | Communicate (with client): MM & AB tc with new client (Edith) | 0.50 | $100.00 | $50.00 |
| Margaret A. Malloy | 10/18/2022 | Review/analyze: review production from D, docs from clients, spreadsheets | 2.30 | $550.00 | $1,265.00 |
| Margaret A. Malloy | 10/18/2022 | Communicate (opposing counsel): draft email to opp counsel | 0.90 | $550.00 | $495.00 |
| Margaret A. Malloy | 10/18/2022 | Draft/revise: draft stip of nonretaliation | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 10/18/2022 | Communicate (opposing counsel): tc with opp counsel | 0.10 | $550.00 | $55.00 |
| Margaret A. Malloy | 10/20/2022 | Communicate (in firm): MM & BS discuss next steps for mediation info gathering | 0.30 | $550.00 | $165.00 |
| Brendan Sweeney | 10/20/2022 | Communicate (in firm): MM & BS discuss next steps for mediation info gathering | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 10/20/2022 | Communicate (opposing counsel): MM & BS tc with counsel for A+ defendants re. mediation info exchange | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 10/20/2022 | Communicate (opposing counsel): MM & BS tc with counsel for A+ defendants re. mediation info exchange | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 10/20/2022 | Review/analyze: Review materials provided by A plus and Staff Solutions Defendants as pre-mediation discovery | 1.10 | $550.00 | $605.00 |
| Brendan Sweeney | 10/20/2022 | Communicate (opposing counsel): Conference with attorneys for A+ and Staff Solutions | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 10/20/2022 | Draft/revise: Research for section of mediation statement regarding enforceability of arbitration agreements | 1.50 | $550.00 | $825.00 |
| Margaret A. Malloy | 10/24/2022 | Communicate (in firm): MM & BS discuss case strategy, next steps | 0.60 | $550.00 | $330.00 |
| Brendan Sweeney | 10/24/2022 | Communicate (in firm): MM & BS discuss case strategy, next steps | 0.60 | $550.00 | $330.00 |
| Margaret A. Malloy | 10/24/2022 | Communicate (in firm): MM, BS, CQD, RMH discuss strategies & plans | 1.50 | $550.00 | $825.00 |
| Christopher Q Davis | 10/24/2022 | Communicate (in firm): MM, BS, CQD, RMH discuss strategies & plans | 1.50 | $550.00 | $825.00 |
| Rachel Haskell | 10/24/2022 | Communicate (in firm): MM, BS, CQD, RMH discuss strategies & plans | 1.50 | $450.00 | $675.00 |
| Brendan Sweeney | 10/24/2022 | Communicate (in firm): MM, BS, CQD, RMH discuss strategies & plans | 1.50 | $550.00 | $825.00 |
| Margaret A. Malloy | 10/24/2022 | Communicate (in firm): MM, BS, CQD, AB discuss plan | 0.30 | $550.00 | $165.00 |
| Brendan Sweeney | 10/24/2022 | Communicate (in firm): MM, BS, CQD, AB discuss plan | 0.30 | $550.00 | $165.00 |
| Christopher Q Davis | 10/24/2022 | Communicate (in firm): MM, BS, CQD, AB discuss plan | 0.30 | $550.00 | $165.00 |
| Antero Barrantes | 10/24/2022 | Communicate (in firm): MM, BS, CQD, AB discuss plan | 0.30 | $100.00 | $30.00 |
| Margaret A. Malloy | 10/24/2022 | Communicate (other external): MM & RH talk to expert re. spreadsheets | 0.20 | $550.00 | $110.00 |

| Rachel Haskell | 10/24/2022 | Communicate (other external): MM & RH talk to expert re. spreadsheets | 0.20 | $450.00 | $90.00 |
|---|---|---|---|---|---|
| Margaret A. Malloy | 10/24/2022 | Review/analyze: review, analyze, edit damage calcs | 2.10 | $550.00 | $1,155.00 |
| Margaret A. Malloy | 10/25/2022 | Communicate (opposing counsel): discuss stip & other matters with Klausner | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 10/26/2022 | Communicate (other external): tc with damages expert re. spreadsheets | 0.40 | $550.00 | $220.00 |
| Margaret A. Malloy | 10/26/2022 | Review/analyze: review spreadsheets, contracts | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 10/26/2022 | Draft/revise: draft subpoenas | 0.90 | $550.00 | $495.00 |
| Margaret A. Malloy | 10/26/2022 | Research: re. subpoenas for docs & 100-mile rule | 1.20 | $550.00 | $660.00 |
| Margaret A. Malloy | 10/27/2022 | Draft/revise: email with opp counsel, revise & send nonretal stip | 0.20 | $550.00 | $110.00 |
| Margaret A. Malloy | 10/27/2022 | Communicate (opposing counsel): tc with attys for Ps in NV Maintenance case | 0.50 | $550.00 | $275.00 |
| Antero Barrantes | 10/28/2022 | Communicate (with client): AB In-Office Doc Collection [Jose Morales] | 3.00 | $100.00 | $300.00 |
| Margaret A. Malloy | 10/28/2022 | Communicate (in firm): MM & AB discuss upcoming interviews & doc collections | 0.70 | $550.00 | $385.00 |
| Antero Barrantes | 10/28/2022 | Communicate (in firm): MM & AB discuss upcoming interviews & doc collections | 0.70 | $100.00 | $70.00 |
| Margaret A. Malloy | 10/28/2022 | Communicate (in firm): MM & BS discuss mediation plans | 0.30 | $550.00 | $165.00 |
| Brendan Sweeney | 10/28/2022 | Communicate (in firm): MM & BS discuss mediation plans | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 10/28/2022 | Draft/revise: revise client questionnaire | 1.20 | $550.00 | $660.00 |
| Margaret A. Malloy | 10/28/2022 | Draft/revise: MM start reviewing memo re. sex harassment claims | 0.30 | $550.00 | $165.00 |
| Antero Barrantes | 10/31/2022 | Communicate (with client): AB In-Office Doc Collection [Milena Aguilar] | 3.50 | $100.00 | $350.00 |
| Antero Barrantes | 10/31/2022 | Communicate (with client): AB In-Office Doc Collection [Diorissa Medina] | 3.50 | $100.00 | $350.00 |
| Margaret A. Malloy | 10/31/2022 | Communicate (with client): meet with two clients (Milena & DioRissa) to discuss claims in detail | 1.30 | $550.00 | $715.00 |
| Margaret A. Malloy | 10/31/2022 | Communicate (opposing counsel): emails with counsel for Mack re. non-retaliation stip | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 10/31/2022 | Research: research re. TROs & retaliation | 0.90 | $550.00 | $495.00 |
| Margaret A. Malloy | 10/31/2022 | Communicate (opposing counsel): email opp counsel re. subpoenas | 0.10 | $550.00 | $55.00 |
| Antero Barrantes | 11/01/2022 | Communicate (with client): AB In-Office Doc Collection [Kraig Brown] | 3.77 | $100.00 | $377.00 |
| Margaret A. Malloy | 11/01/2022 | Communicate (opposing counsel): emails with OC re. filing amended complaints | 0.10 | $550.00 | $55.00 |
| Antero Barrantes | 11/02/2022 | Communicate (with client): AB In-Office Doc Collection | 3.67 | $100.00 | $367.00 |

| | | [Aracelis Peralta] | | | |
|---|---|---|---|---|---|
| Antero Barrantes | 11/02/2022 | Communicate (with client): AB In-Office Doc Collection [Adonis Perez] | 3.67 | $100.00 | $367.00 |
| Antero Barrantes | 11/03/2022 | Communicate (with client): AB In-Office Doc Collection [Mario Chafoya] | 4.50 | $100.00 | $450.00 |
| Antero Barrantes | 11/03/2022 | Communicate (with client): AB In-Office Doc Collection [Ronal Argueta] | 4.50 | $100.00 | $450.00 |
| Nicholas Bittner | 11/03/2022 | Review/analyze: Reviewing documents | 6.00 | $375.00 | $2,250.00 |
| Antero Barrantes | 11/04/2022 | Communicate (with client): AB In-Office Doc Collection [Susana Rodriguez] | 3.50 | $100.00 | $350.00 |
| Antero Barrantes | 11/08/2022 | Communicate (with client): AB In-Office Doc Collection [Jose Medrano] | 2.50 | $100.00 | $250.00 |
| Christopher Q Davis | 11/08/2022 | Mediation planning and preparation meeting with team. | 1.00 | $550.00 | $550.00 |
| Nicholas Bittner | 11/08/2022 | Draft/revise: damage calculations | 6.00 | $375.00 | $2,250.00 |
| Antero Barrantes | 11/09/2022 | Communicate (with client): AB In-Office Doc Collection [Natalia Colombo] | 2.00 | $100.00 | $200.00 |
| Christopher Q Davis | 11/09/2022 | telephone conference with NB and MM re damages calculations and mediation preparation. | 0.80 | $550.00 | $440.00 |
| Nicholas Bittner | 11/09/2022 | Draft/revise: Damage calculations | 6.00 | $375.00 | $2,250.00 |
| Antero Barrantes | 11/10/2022 | Communicate (with client): AB In-Office Doc Collection [Eugenio Serrano] | 2.67 | $100.00 | $267.00 |
| Margaret A. Malloy | 11/10/2022 | Review/analyze: damage calcs | 3.50 | $550.00 | $1,925.00 |
| Margaret A. Malloy | 11/10/2022 | Draft/revise: mediation statement | 3.40 | $550.00 | $1,870.00 |
| Nicholas Bittner | 11/10/2022 | Draft/revise: Damage calculations | 7.00 | $375.00 | $2,625.00 |
| Christopher Q Davis | 11/10/2022 | Reviewed damages material provided by counsel and by firm clients; slack communication with BS and MM re same; telephone conference with BS re damages data deficiencies and mediation preparation; slack with antero barrantes re assignments; telephone conference with nick bittner re damages calculations; reviewed damages calculations. | 3.20 | $550.00 | $1,760.00 |
| Christopher Q Davis | 11/11/2022 | Slack communication with MM re damages calculations and damages data; slack video conference with MM re same; email exchange with retained partner/firm for servpro re subpoena for records. | 0.80 | $550.00 | $440.00 |
| Margaret A. Malloy | 11/11/2022 | Communicate (in firm): MM & BS discuss upcoming call with OC | 0.20 | $550.00 | $110.00 |
| Brendan Sweeney | 11/11/2022 | Communicate (in firm): MM & BS discuss upcoming call with OC | 0.20 | $550.00 | $110.00 |
| Margaret A. Malloy | 11/11/2022 | Communicate (in firm): MM & AB discuss collection, new plaintiffs, filing opt-ins, etc. | 0.40 | $550.00 | $220.00 |
| Antero Barrantes | 11/11/2022 | Communicate (in firm): MM & AB discuss collection, new plaintiffs, filing opt-ins, etc. | 0.40 | $100.00 | $40.00 |
| Margaret A. Malloy | 11/11/2022 | Communicate (with client): email KV re. mediation | 0.10 | $550.00 | $55.00 |

| | | | | | |
|---|---|---|---|---|---|
| Margaret A. Malloy | 11/11/2022 | Communicate (with client): discuss bank records with KB | 0.20 | $550.00 | $110.00 |
| Margaret A. Malloy | 11/11/2022 | Communicate (in firm): MM & CD discuss status, strategy | 0.30 | $550.00 | $165.00 |
| Christopher Q Davis | 11/11/2022 | Communicate (in firm): MM & CD discuss status, strategy | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 11/11/2022 | Communicate (opposing counsel): MM & BS talk to Catalina re. missing docs & info, mediation | 0.40 | $550.00 | $220.00 |
| Brendan Sweeney | 11/11/2022 | Communicate (opposing counsel): MM & BS talk to Catalina re. missing docs & info, mediation | 0.40 | $550.00 | $220.00 |
| Margaret A. Malloy | 11/11/2022 | Review/analyze: review damage calcs & other spreadsheets | 1.50 | $550.00 | $825.00 |
| Margaret A. Malloy | 11/11/2022 | Communicate (opposing counsel): tc with counsel for Servpro re. subpoenas; email counsel re. same | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 11/11/2022 | Draft/revise: mediation statement | 5.10 | $550.00 | $2,805.00 |
| Brendan Sweeney | 11/11/2022 | Review/analyze: Review materials provided by A+ defendants to prepare for mediation | 1.20 | $550.00 | $660.00 |
| Brendan Sweeney | 11/11/2022 | Communicate (opposing counsel): Conference with Catalina Cadavid regarding information needed for mediation | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 11/12/2022 | Draft/revise: mediation statement | 4.80 | $550.00 | $2,640.00 |
| Brendan Sweeney | 11/13/2022 | Communicate (in firm): Conference with Maggie Malloy to prepare for mediation | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 11/15/2022 | Communicate (other external): tc with expert re. damages calcs | 0.80 | $550.00 | $440.00 |
| Margaret A. Malloy | 11/15/2022 | Communicate (with client): email Krystal re. mediation | 0.10 | $550.00 | $55.00 |
| Christopher Q Davis | 11/15/2022 | email and telephone conference with opposing counsel; email and telephone communication with expert; email and telephone communication with B Sweeney re same; slack communication with sweeney and m malloy re same; email communication with b sweeney and m malloy re same. | 3.50 | $550.00 | $1,925.00 |
| Margaret A. Malloy | 11/15/2022 | Communicate (with client): tc with client KB re. mediation | 0.10 | $550.00 | $55.00 |
| Margaret A. Malloy | 11/15/2022 | Communicate (in firm): MM & BS discuss mediation strategy, statement, calcs | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 11/15/2022 | Communicate (in firm): MM & BS discuss mediation strategy, statement, calcs | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 11/15/2022 | Communicate (in firm): AB & MM discuss new clients, more threats of retaliation | 0.30 | $550.00 | $165.00 |
| Antero Barrantes | 11/15/2022 | Communicate (in firm): AB & MM discuss new clients, more threats of retaliation | 0.30 | $100.00 | $30.00 |
| Margaret A. Malloy | 11/15/2022 | Draft/revise: mediation statement, review & revise damage calcs | 4.50 | $550.00 | $2,475.00 |
| Antero Barrantes | 11/15/2022 | Communicate (with client): AB In-Office Doc Collection [Maria Clavijo] | 3.00 | $100.00 | $300.00 |
| Margaret A. Malloy | 11/16/2022 | Communicate (other external): tc (#1) with expert re damage calcs | 0.80 | $550.00 | $440.00 |
| Brendan Sweeney | 11/16/2022 | Communicate (opposing counsel): Conference with mediator | 1.10 | $550.00 | $605.00 |

| | | | | | |
|---|---|---|---|---|---|
| Brendan Sweeney | 11/16/2022 | Plan and prepare for: Review mediation statement and case law on prevailing wage issues | 1.40 | $550.00 | $770.00 |
| Christopher Q Davis | 11/17/2022 | Slack with team re damages; reviewed damages spreadsheet; conference call with mediation team to discuss mediation strategy. | 1.40 | $550.00 | $770.00 |
| Brendan Sweeney | 11/18/2022 | Appear for/attend: Attend mediation | 4.50 | $550.00 | $2,475.00 |
| Brendan Sweeney | 11/18/2022 | Plan and prepare for: Prepare for mediation | 1.50 | $550.00 | $825.00 |
| Margaret A. Malloy | 11/21/2022 | Draft/revise: argument re. prevailing wage | 3.10 | $550.00 | $1,705.00 |
| Margaret A. Malloy | 11/21/2022 | Communicate (with client): tc with EG re his concerns about timesheet falsification | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 11/21/2022 | Communicate (in firm): MM, Alex, & AB discuss issues with EG & his payroll records | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 11/22/2022 | Draft/revise: draft & research amended complaints | 5.60 | $550.00 | $3,080.00 |
| Margaret A. Malloy | 11/28/2022 | Communicate (in firm): MM & AB discuss call from client (Edgar) | 0.20 | $550.00 | $110.00 |
| Antero Barrantes | 11/28/2022 | Communicate (in firm): MM & AB discuss call from client (Edgar) | 0.20 | $100.00 | $20.00 |
| Margaret A. Malloy | 12/06/2022 | Draft/revise: draft amended complaint | 4.20 | $550.00 | $2,310.00 |
| Antero Barrantes | 12/07/2022 | Communicate (with client): AB In-Office Doc Collection [Leonor Dominguez] | 2.50 | $100.00 | $250.00 |
| Margaret A. Malloy | 12/07/2022 | Draft/revise: draft amended complaint | 3.90 | $550.00 | $2,145.00 |
| Antero Barrantes | 12/08/2022 | Manage data/files: Upload Bank statements to Egnyte (Leonor Dominguez) | 0.32 | $100.00 | $32.00 |
| Antero Barrantes | 12/08/2022 | Draft/revise: Transcribing notes from in office doc collection with Leonor Dominguez | 1.00 | $100.00 | $100.00 |
| Margaret A. Malloy | 12/08/2022 | Draft/revise: draft stipulations on filing amended complaints; send to counsel fo review; negotiate language; revise | 0.50 | $550.00 | $275.00 |
| Margaret A. Malloy | 12/08/2022 | Draft/revise: draft amended complaints | 2.60 | $550.00 | $1,430.00 |
| Margaret A. Malloy | 12/09/2022 | Draft/revise: answer counsel's questions re. amended complaints; create redline; revise stips; file proposed stips | 0.60 | $550.00 | $330.00 |
| Margaret A. Malloy | 12/12/2022 | Communicate (other external): call chambers; email proposed orders | 0.20 | $550.00 | $110.00 |
| Margaret A. Malloy | 12/12/2022 | Draft/revise: draft response to premotion letter | 2.50 | $550.00 | $1,375.00 |
| Antero Barrantes | 12/13/2022 | File court documents: prepare & file amended complaint | 0.50 | $100.00 | $50.00 |
| Margaret A. Malloy | 12/14/2022 | Draft/revise: draft premotion letter | 1.80 | $550.00 | $990.00 |
| Margaret A. Malloy | 12/15/2022 | Draft/revise: premotion letter | 1.40 | $550.00 | $770.00 |
| Margaret A. Malloy | 12/15/2022 | Communicate (opposing counsel): emails w/ OC re. confusing orders | 0.20 | $550.00 | $110.00 |
| Margaret A. Malloy | 12/15/2022 | Communicate (other external): call chambers re. inconsistent treatment of related cases (spoke to law clerk) | 0.10 | $550.00 | $55.00 |
| Antero Barrantes | 12/16/2022 | Communicate (with client): AB In-Office Document Collection | 2.00 | $100.00 | $200.00 |

| | | [Pedro Mendoza] | | | |
|---|---|---|---|---|---|
| Margaret A. Malloy | 12/21/2022 | Review/analyze: review subpoena response from Servpro | 0.60 | $550.00 | $330.00 |
| Antero Barrantes | 01/06/2023 | Communicate (with client): Phone call with client Yasmil Oviedo (investigating facts) | 0.30 | $100.00 | $30.00 |
| Antero Barrantes | 01/06/2023 | Communicate (with client): Phone call with client Ruth Barbosa with updates on case and also investigating facts with her | 0.29 | $100.00 | $29.00 |
| Antero Barrantes | 01/06/2023 | Communicate (with client): Phone call with client Dimas Perez to give case status update and to also set up in-office document collection | 0.15 | $100.00 | $15.00 |
| Antero Barrantes | 01/09/2023 | Communicate (with client): Set up In-Office Doc Collection for 1/13/23 at 10AM | 0.02 | $100.00 | $2.00 |
| Antero Barrantes | 01/10/2023 | Communicate (other external): Call with potential client (Alejandra Montanez) following up on retainer. Will have legal assistant resend | 0.04 | $100.00 | $4.00 |
| Antero Barrantes | 01/11/2023 | Communicate (with client): AB In Office Doc Collection with Client [Dimas Perez] Part 1 | 1.00 | $100.00 | $100.00 |
| Margaret A. Malloy | 01/11/2023 | Draft/revise: draft RFPs | 0.60 | $550.00 | $330.00 |
| Antero Barrantes | 01/12/2023 | Communicate (with client): AB In-Office Interview/Doc Collection with Client [Vivian Fabian] Part 1 | 1.50 | $100.00 | $150.00 |
| Margaret A. Malloy | 01/12/2023 | Review/analyze: review A+ Ds' premotion letter | 0.30 | $550.00 | $165.00 |
| Margaret A. Malloy | 01/16/2023 | Draft/revise: draft premotion conference letter | 0.61 | $550.00 | $335.50 |
| Antero Barrantes | 01/17/2023 | Other: Intake call with possible lead (new client) Yadira Moreno who expressed explicit interest in joining the case | 0.70 | $100.00 | $70.00 |
| Margaret A. Malloy | 01/17/2023 | Research: research re. prevailing wage (for letter) | 0.40 | $550.00 | $220.00 |
| Antero Barrantes | 01/17/2023 | Other: Email to potential lead (Elizabeth Hernandez) | 0.09 | $100.00 | $9.00 |
| Margaret A. Malloy | 01/18/2023 | Draft/revise: revise premotion letter; research re. arbitration agreements & opposing motion to compel | 2.40 | $550.00 | $1,320.00 |
| Antero Barrantes | 01/19/2023 | Other: Follow up call with lead (Yadira Moreno) will send address | 0.04 | $100.00 | $4.00 |
| Antero Barrantes | 01/19/2023 | Other: Follow up with lead (Claudia Chaparro), she wants to still join . She will send contact info | 0.05 | $100.00 | $5.00 |
| Antero Barrantes | 01/19/2023 | Other: Follow up with lead Blanca Avila on retainer (will resend to her) | 0.04 | $100.00 | $4.00 |
| Antero Barrantes | 01/19/2023 | Communicate (with client): Phone call with Vasquez client (Milena Aguilar) regarding investigating facts and potential new leads Melvin and Maria | 0.12 | $100.00 | $12.00 |
| Antero Barrantes | 01/23/2023 | Communicate (with client): Email in spanish answering client's (Edward Guerrero) inquiry for case update | 0.21 | $100.00 | $21.00 |
| Antero Barrantes | 01/23/2023 | File court documents: [waiver of service(s)]: arrange via egnyte, prepare for filing, and filing in both cases | 1.87 | $100.00 | $187.00 |
| Antero Barrantes | 01/23/2023 | Communicate (with client): Phone call with client (Edgar Sanchez) -- gave case status update | 0.27 | $100.00 | $27.00 |

| Margaret A. Malloy | 01/23/2023 | Draft/revise: draft doc requests | 4.30 | $550.00 | $2,365.00 |
|---|---|---|---|---|---|
| Margaret A. Malloy | 01/23/2023 | Communicate (opposing counsel): re waivers of service | 0.10 | $550.00 | $55.00 |
| Margaret A. Malloy | 01/23/2023 | Communicate (in firm): with AB re. filing waivers | 0.20 | $550.00 | $110.00 |
| Margaret A. Malloy | 01/24/2023 | Draft/revise: revise doc requests; discuss with AB | 2.40 | $550.00 | $1,320.00 |
| Antero Barrantes | 01/25/2023 | Communicate (with client): Investigative Phone call for fact finding and case status update with clients (Yesenia and Luz Tabera Ricuarte) | 0.45 | $100.00 | $45.00 |
| Antero Barrantes | 01/26/2023 | Draft/revise: Revision on MMs document request to Def's, and my suggestions for add-ins | 0.34 | $100.00 | $34.00 |
| Antero Barrantes | 01/26/2023 | Communicate (with client): Vasquez client (Yasmil Oviedo) called with question regarding W-2, she wants to know if she can do (submit) her taxes. Question for attorneys | 0.07 | $100.00 | $7.00 |
| Antero Barrantes | 01/30/2023 | Communicate (with client): Call with client (Alejandra Montanez) regarding initial doc collection (will send client Egnyte link) | 0.27 | $100.00 | $27.00 |
| Antero Barrantes | 01/30/2023 | Communicate (with client): Egnyte link sent via email to client (Alejandra Montanez) | 0.09 | $100.00 | $9.00 |
| Antero Barrantes | 02/02/2023 | Communicate (with client): Call back to client (Deisy Hernandez). Client wanted status update but also I took opportunity to ask investigative question regarding fact finding relevant to Servpro actors | 0.45 | $100.00 | $45.00 |
| Antero Barrantes | 02/06/2023 | File court documents: Prepare letter to judge and file with EDNY (formatting from word doc to PDF was not working, but found ultimately fixed the problem) | 0.65 | $100.00 | $65.00 |
| Antero Barrantes | 02/07/2023 | Communicate (with client): Phone call with client (Natalia Colombo): intial part was a status update the rest investigate to attain facts relevant to case | 0.37 | $100.00 | $37.00 |
| Antero Barrantes | 02/10/2023 | Communicate (with client): Phone call with client (Yasmith Serrato) who wanted update on case. I also took opportunity to ask some initial fact finding questions | 0.22 | $100.00 | $22.00 |
| Antero Barrantes | 02/10/2023 | Communicate (with client): Phone call with client (Susana Rodriguez), who had updates for us regarding W-2s. She will send a picture. I also took the opportunity to give her an update on the case. She will also refer someone to us who wants to join lawsuit | 0.09 | $100.00 | $9.00 |
| Antero Barrantes | 02/17/2023 | Communicate (with client): Phone call with client (Adonis Perez) to communicate case status (again) | 0.07 | $100.00 | $7.00 |
| Antero Barrantes | 02/24/2023 | Communicate (with client): fact finding call with client Alejandra Montanez and revision of documents she sent via egnyte link I provided her with | 0.75 | $100.00 | $75.00 |
| Brendan Sweeney | 03/01/2023 | Communicate (opposing counsel): Conference with counsel for A+ regarding order of issues to be presented to court | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 03/01/2023 | Plan and prepare for: Research and prepare for court conference on potential motion to compel arbitration | 1.10 | $550.00 | $605.00 |
| Christopher Q Davis | 03/01/2023 | slack communication with brendan sweeney, nick bittner, antero barrantes; reviewed pleadings and consulted on MTC arbitration response strategy. | 0.70 | $550.00 | $385.00 |

| Brendan Sweeney | 03/06/2023 | Plan and prepare for: Draft outline of arguments in response to potential motions to dismiss to prepare for court conference | 2.60 | $550.00 | $1,430.00 |
|---|---|---|---|---|---|
| Brendan Sweeney | 03/06/2023 | Plan and prepare for: Research waiver issues and argument for discovery and evidentiary hearing before court decides motion to compel | 1.40 | $550.00 | $770.00 |
| Brendan Sweeney | 03/06/2023 | Plan and prepare for: Review defendants' letters and continue drafting outline to prepare for court conference | 1.80 | $550.00 | $990.00 |
| Brendan Sweeney | 03/07/2023 | Appear for/attend: Appear at court conference | 1.20 | $550.00 | $660.00 |
| Brendan Sweeney | 03/07/2023 | Plan and prepare for: Meet with Nick Bittner and Antero Barrantes to plan for next steps in case based on court conference | 0.40 | $550.00 | $220.00 |
| Nicholas Bittner | 03/07/2023 | Appear for/attend: Premotion Conference | 1.20 | $375.00 | $450.00 |
| Christopher Q Davis | 03/07/2023 | slack with BS and HH; video conference with BS re conference and assignments. | 0.50 | $550.00 | $275.00 |
| Antero Barrantes | 03/20/2023 | File court documents: Preparing and filing of the two 3rd Amended complaints for both cases | 0.50 | $100.00 | $50.00 |
| Brendan Sweeney | 03/21/2023 | Plan and prepare for: Develop strategy for discovery on enforceability of arbitration agreements | 1.50 | $550.00 | $825.00 |
| Brendan Sweeney | 03/21/2023 | Draft/revise: Draft outline for depositions on formation of arbitration contracts | 1.30 | $550.00 | $715.00 |
| Brendan Sweeney | 03/21/2023 | Communicate (opposing counsel): Draft email to opposing counsel regarding conditional certification and discovery in advance of evidentiary hearing on arbitration issues | 0.40 | $550.00 | $220.00 |
| Nicholas Bittner | 03/22/2023 | Draft/revise: Reviewing plaintiff list for appropriate declarants, drafting declaration for conditional cert motion | 2.50 | $375.00 | $937.50 |
| Nicholas Bittner | 03/23/2023 | Communicate (opposing counsel): meet and confer | 0.60 | $375.00 | $225.00 |
| Antero Barrantes | 03/23/2023 | File court documents: Preparing and filing opt-ins for two clients Oscar Salazar and his wife Luz Monje in both cases | 0.44 | $100.00 | $44.00 |
| Brendan Sweeney | 03/23/2023 | Plan and prepare for: Prepare for call with counsel for A+ regarding discovery on arbitration issues | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 03/23/2023 | Communicate (opposing counsel): meet and confer regarding arbitration agreements | 0.60 | $550.00 | $330.00 |
| Brendan Sweeney | 03/23/2023 | Communicate (in firm): meet with Nick Bittner and Antero Barrantes regarding strategy for evidentiary hearing on contract formation | 0.50 | $550.00 | $275.00 |
| Nicholas Bittner | 03/24/2023 | Draft/revise: Drafting discovery requests | 1.00 | $375.00 | $375.00 |
| Brendan Sweeney | 03/27/2023 | Draft/revise: Draft proposed scheduling order | 0.60 | $550.00 | $330.00 |
| Nicholas Bittner | 03/29/2023 | Communicate (with client): Call with declarant | 0.80 | $375.00 | $300.00 |
| Nicholas Bittner | 03/30/2023 | Draft/revise: Revising the declaration of Deici Gomez | 0.30 | $375.00 | $112.50 |
| Nicholas Bittner | 03/31/2023 | Draft/revise: Editing motion for conditional cert | 2.50 | $375.00 | $937.50 |
| Antero Barrantes | 04/03/2023 | Communicate (with client): Vasquez client (Maria Espinoza) had questions about status of the case [Phone Call] | 0.05 | $100.00 | $5.00 |

| | | | | | |
|---|---|---|---|---|---|
| Brendan Sweeney | 04/03/2023 | Review/analyze: Analyze motion to compel arbitration and supporting documents | 1.20 | $550.00 | $660.00 |
| Brendan Sweeney | 04/03/2023 | Review/analyze: Analyze pre-motion letter from Mack Defendants | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 04/04/2023 | Review/analyze: Analyze motion letter from JDL | 0.60 | $550.00 | $330.00 |
| Nicholas Bittner | 04/04/2023 | Review/analyze: Reviewing filed motion and correspondence from defendants | 1.20 | $375.00 | $450.00 |
| Christopher Q Davis | 04/04/2023 | Strategy meeting with NB, AB, and BS | 0.80 | $550.00 | $440.00 |
| Antero Barrantes | 04/04/2023 | Communicate (with client): Fact finding phone call with Vasquez client (Alejandra Maira Montanez) | 0.39 | $100.00 | $39.00 |
| Brendan Sweeney | 04/04/2023 | Draft/revise: Draft letters in response to Defendants' pre-motion letters seeking leave to file motions to dismiss | 3.60 | $550.00 | $1,980.00 |
| Brendan Sweeney | 04/04/2023 | Communicate (in firm): Strategy conference with CQD, NB and AB | 0.80 | $550.00 | $440.00 |
| Brendan Sweeney | 04/04/2023 | Plan and prepare for: Review motion to compel arbitration and develop strategy for opposition and discovery | 1.10 | $550.00 | $605.00 |
| Antero Barrantes | 04/04/2023 | Communicate (with client): Fact finding phone call with Vasquez client (Jessica Vanegas) | 0.22 | $100.00 | $22.00 |
| Antero Barrantes | 04/05/2023 | Communicate (with client): Fact finding phone call with Vasquez client (Bryan Farino Lopez) | 0.42 | $100.00 | $42.00 |
| Brendan Sweeney | 04/05/2023 | Plan and prepare for: Review motion to compel arbitration and draft outline of opposition and plan for discovery and evidentiary hearing | 3.10 | $550.00 | $1,705.00 |
| Nicholas Bittner | 04/07/2023 | Review/analyze: Reviewing arbitration resistor facts. | 2.50 | $375.00 | $937.50 |
| Nicholas Bittner | 04/07/2023 | Draft/revise: Drafting / finalizing response letters to pre-motion letters, motions to dismiss | 1.50 | $375.00 | $562.50 |
| Antero Barrantes | 04/07/2023 | File court documents: Prep and file letters in response to the Defendants in both cases [cv-2306 and cv-3468] | 0.54 | $100.00 | $54.00 |
| Christopher Q Davis | 04/10/2023 | Office conference litigation updates with NB and BS. | 0.50 | $550.00 | $275.00 |
| Brendan Sweeney | 04/10/2023 | Communicate (in firm): Discuss strategy for opposing motion to compel arbitration with Chris Davis and Nick Bittner | 0.50 | $550.00 | $275.00 |
| Antero Barrantes | 04/10/2023 | Communicate (with client): [BS +NB +AB] Zoom conference update with Vasquez Clients. [AB translating between clients and attorneys] | 1.00 | $100.00 | $100.00 |
| Brendan Sweeney | 04/10/2023 | Communicate (with client): Conference with plaintiffs to provide update on status | 1.00 | $550.00 | $550.00 |
| Nicholas Bittner | 04/10/2023 | Communicate (in firm): Case meeting with BS and CQD | 0.50 | $375.00 | $187.50 |
| Nicholas Bittner | 04/10/2023 | Communicate (with client): Meeting with clients with case update | 1.00 | $375.00 | $375.00 |
| Antero Barrantes | 04/10/2023 | Communicate (with client): Phone call with client who requested a status update and had questions | 0.40 | $100.00 | $40.00 |
| Antero Barrantes | 04/11/2023 | Communicate (with client): Fact finding phone call and case status update (w/ Claudia Chapparo) | 0.67 | $100.00 | $67.00 |

| | | | | | |
|---|---|---|---|---|---|
| Nicholas Bittner | 04/12/2023 | Draft/revise: Drafting FLSA conditional cert motion and attachments | 5.00 | $375.00 | $1,875.00 |
| Antero Barrantes | 04/12/2023 | Communicate (with client): AB + NB Phone Call w/ Vasquez Client (Claudia Chaparro). AB translated between attorney and client | 0.50 | $100.00 | $50.00 |
| Nicholas Bittner | 04/12/2023 | Communicate (with client): Call with Declarant for motion for FLSA certification | 0.80 | $375.00 | $300.00 |
| Antero Barrantes | 04/13/2023 | Communicate (with client): NB + AB Phone Call with Vasquez Clients (Oscar & Luz). Translate between attorney and clients | 0.50 | $100.00 | $50.00 |
| Antero Barrantes | 04/14/2023 | Draft/revise: Translate Class Notice into Spanish | 4.69 | $100.00 | $469.00 |
| Brendan Sweeney | 04/17/2023 | Communicate (in firm): Strategy meeting with Davis and Bittner regarding strategy for opposition to motion to compel | 1.50 | $550.00 | $825.00 |
| Christopher Q Davis | 04/17/2023 | Consultation with litigation team on assignments and strategy. | 1.50 | $550.00 | $825.00 |
| Antero Barrantes | 04/17/2023 | Communicate (with client): Fact finding call re arbitration with Vasquez Client (Dulce Nieves Zuniga) | 0.25 | $100.00 | $25.00 |
| Nicholas Bittner | 04/17/2023 | Communicate (in firm): strategy meeting | 1.50 | $375.00 | $562.50 |
| Antero Barrantes | 04/18/2023 | File court documents: Prep and filed two opt-ins for client Yadira Moreno in both cases | 0.25 | $100.00 | $25.00 |
| Antero Barrantes | 04/19/2023 | Communicate (with client): Fact finding call about arbitration issue with client Carolina Beltran | 0.29 | $100.00 | $29.00 |
| Antero Barrantes | 04/20/2023 | Communicate (with client): fact finding phone regarding arbitration agreement with client Yasmith Serrato | 0.22 | $100.00 | $22.00 |
| Antero Barrantes | 04/20/2023 | Communicate (with client): fact finding phone regarding arbitration agreement with client Ronal Argueta | 0.15 | $100.00 | $15.00 |
| Antero Barrantes | 04/20/2023 | Communicate (with client): Fact finding phone call regarding arbitration contract with client Maria Espinoza | 0.30 | $100.00 | $30.00 |
| Antero Barrantes | 04/20/2023 | Communicate (with client): Fact finding phone call regarding arbitration agreement with client Manuel Gaso | 0.47 | $100.00 | $47.00 |
| Antero Barrantes | 04/21/2023 | Communicate (with client): Fact finding phone call regarding arbitration agreement with client Eugenio Serrano | 0.14 | $100.00 | $14.00 |
| Antero Barrantes | 04/21/2023 | Communicate (with client): Fact finding phone call regarding arbitration with client Edith Bejarano | 0.32 | $100.00 | $32.00 |
| Antero Barrantes | 04/21/2023 | Communicate (with client): Fact finding phone call regarding arbitration with client Matthew Garcia | 0.12 | $100.00 | $12.00 |
| Antero Barrantes | 04/21/2023 | Communicate (with client): Fact finding phone call regarding arbitration with client Milena Aguilar Santana | 0.39 | $100.00 | $39.00 |
| Antero Barrantes | 04/21/2023 | Communicate (with client): Fact finding phone call regarding arbitration with client with Regina Frias Alcantara | 0.25 | $100.00 | $25.00 |
| Antero Barrantes | 04/21/2023 | Communicate (with client): Fact finding phone call regarding arbitration with client Dulce Nieves | 0.14 | $100.00 | $14.00 |
| Antero Barrantes | 04/21/2023 | Communicate (with client): Fact finding phone call regarding arbitration with client Carolina Beltran | 0.22 | $100.00 | $22.00 |
| Antero Barrantes | 04/26/2023 | Communicate (with client): Fact finding phone call regarding | 0.50 | $100.00 | $50.00 |

| | | arbitration with client Octavia Orzuna | | | |
|---|---|---|---|---|---|
| Antero Barrantes | 04/26/2023 | Communicate (with client): Fact finding phone call regarding arbitration with client Leonor Dominguez | 0.37 | $100.00 | $37.00 |
| Antero Barrantes | 04/27/2023 | Communicate (with client): Fact finding phone call regarding arbitration with client Kelly Lorena Gonzalez Serrato | 0.17 | $100.00 | $17.00 |
| Antero Barrantes | 04/27/2023 | Communicate (with client): Fact finding phone call regarding arbitration with client Natalia Colombo | 0.37 | $100.00 | $37.00 |
| Antero Barrantes | 04/28/2023 | File court documents: All relevant motion docs for Class cert and Notice | 1.09 | $100.00 | $109.00 |
| Brendan Sweeney | 05/01/2023 | Draft/revise: Draft document requests related to motion to compel arbitration | 1.30 | $550.00 | $715.00 |
| Nicholas Bittner | 05/02/2023 | Draft/revise: Drafting letter re: arbitration motion opposition | 0.50 | $375.00 | $187.50 |
| Antero Barrantes | 05/02/2023 | Communicate (with client): fact finding phone call regarding arbitration with client Oscar Guerrero | 0.25 | $100.00 | $25.00 |
| Antero Barrantes | 05/02/2023 | Communicate (with client): fact finding phone call regarding arbitration with client Dimas Perez | 0.25 | $100.00 | $25.00 |
| Brendan Sweeney | 05/10/2023 | Review/analyze: Analyze Defendant's discovery requests | 0.60 | $550.00 | $330.00 |
| Brendan Sweeney | 05/11/2023 | Review/analyze: Analyze discovery requests and local rules | 0.50 | $550.00 | $275.00 |
| Nicholas Bittner | 05/11/2023 | Communicate (in firm): Strategy call re: depositions | 0.80 | $375.00 | $300.00 |
| Brendan Sweeney | 05/16/2023 | Communicate (opposing counsel): Conference with Jackson Lewis attorneys regarding discovery on arbitration issues | 0.60 | $550.00 | $330.00 |
| Brendan Sweeney | 05/16/2023 | Communicate (in firm): Conference with Chris Davis regarding strategy for potential settlement | 0.40 | $550.00 | $220.00 |
| Antero Barrantes | 05/16/2023 | File court documents: file letters in both of the Vazquez cases | 0.25 | $100.00 | $25.00 |
| Brendan Sweeney | 05/17/2023 | Draft/revise: Analyze facts and draft responses to interrogatories regarding grounds for opposing arbitration | 1.30 | $550.00 | $715.00 |
| Antero Barrantes | 05/18/2023 | Communicate (with client): Review of interrogatory response with client Milena Aguilar | 0.17 | $100.00 | $17.00 |
| Antero Barrantes | 05/18/2023 | Communicate (with client): Client Yesenia Ricaurte called for status update and questions about the case | 0.19 | $100.00 | $19.00 |
| Antero Barrantes | 05/19/2023 | Communicate (with client): go over with client Edith Bejarano the interrogatory response | 0.09 | $100.00 | $9.00 |
| Antero Barrantes | 05/19/2023 | Communicate (with client): Going over with client Oscar Velasquez the interrogatory response | 0.09 | $100.00 | $9.00 |
| Intern Account | 05/22/2023 | Other: Combined the intake forms and individual complaints into 6 files, drafted the cover letter, and sent it to The Commission's Law Enforcement Bureau via email | 1.00 | $75.00 | $75.00 |
| Antero Barrantes | 05/22/2023 | Communicate (with client): fact finding phone call re arbitration with client Oscar Norato Salazar | 0.25 | $100.00 | $25.00 |
| Antero Barrantes | 05/22/2023 | Communicate (with client): Fact finding phone call re arbitration with client Jessica Vanegas | 0.10 | $100.00 | $10.00 |
| Antero Barrantes | 05/22/2023 | Communicate (with client): Fact finding phone call re | 0.24 | $100.00 | $24.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | arbitration with client Alejandra Montanez | | | |
| Antero Barrantes | 05/23/2023 | Communicate (with client): Fact finding phone call re arbitration with client Pedro Mendoza | 0.29 | $100.00 | $29.00 |
| Antero Barrantes | 05/23/2023 | Communicate (with client): Fact finding phone call re arbitration with client Bryan Farino Lopez | 0.22 | $100.00 | $22.00 |
| Antero Barrantes | 05/30/2023 | Communicate (with client): Fact finding phone call re arbitration with client Mario Chafoya | 0.17 | $100.00 | $17.00 |
| Brendan Sweeney | 05/30/2023 | Review/analyze: Analyze evidence regarding individual defenses to arbitration agreement | 0.40 | $550.00 | $220.00 |
| Brendan Sweeney | 05/30/2023 | Communicate (in firm): Conference with Nick Bittner and Antero Barrantes regarding discovery on arbitration contract formation | 0.30 | $550.00 | $165.00 |
| Brendan Sweeney | 05/30/2023 | Communicate (opposing counsel): Draft email to John Porta regarding request to delay conditional certification | 0.30 | $550.00 | $165.00 |
| Antero Barrantes | 05/30/2023 | Communicate (with client): Fact finding phone call re arbitration with client Adonis Perez | 0.09 | $100.00 | $9.00 |
| Antero Barrantes | 05/30/2023 | Communicate (with client): Fact finding phone call re arbitration with client Aracelis Peralta | 0.07 | $100.00 | $7.00 |
| Nicholas Bittner | 05/31/2023 | Draft/revise: Drafting interrogatory responses | 3.00 | $375.00 | $1,125.00 |
| Antero Barrantes | 05/31/2023 | Communicate (with client): Fact finding phone call re arbitration with client Vivian Fabian | 0.17 | $100.00 | $17.00 |
| Brendan Sweeney | 06/01/2023 | Draft/revise: Review interrogatory responses regarding arbitration agreements | 0.60 | $550.00 | $330.00 |
| Brendan Sweeney | 06/02/2023 | Review/analyze: Review oppositions to conditional certification | 1.30 | $550.00 | $715.00 |
| Antero Barrantes | 06/09/2023 | prep and filed letter motion for extension to reply | 0.17 | $100.00 | $17.00 |
| Nicholas Bittner | 06/09/2023 | Draft/revise: Gathering info for letter re: arb opposition | 2.00 | $375.00 | $750.00 |
| Nicholas Bittner | 06/09/2023 | Communicate (opposing counsel): Call with OC re: arbitration discovery | 0.60 | $375.00 | $225.00 |
| Brendan Sweeney | 06/12/2023 | Review/analyze: Review documents and draft outline to take deposition of Teresa Pollack | 5.30 | $550.00 | $2,915.00 |
| Brendan Sweeney | 06/13/2023 | Appear for/attend: Take deposition of Teresa Pollock | 3.20 | $550.00 | $1,760.00 |
| Brendan Sweeney | 06/13/2023 | Plan and prepare for: Prepare to take deposition of Teresa Pollock | 1.20 | $550.00 | $660.00 |
| Nicholas Bittner | 06/13/2023 | Appear for/attend: Attend deposition of Teresa Pollock | 3.20 | $375.00 | $1,200.00 |
| Nicholas Bittner | 06/13/2023 | Draft/revise: Drafting declarations with clients | 2.00 | $375.00 | $750.00 |
| Nicholas Bittner | 06/14/2023 | Draft/revise: Drafting declarations with clients | 1.50 | $375.00 | $562.50 |
| Nicholas Bittner | 06/15/2023 | Draft/revise: Drafting reply brief for FLSA Motion | 5.00 | $375.00 | $1,875.00 |
| Brendan Sweeney | 06/15/2023 | Draft/revise: Draft reply in support of conditional certification | 3.10 | $550.00 | $1,705.00 |
| Nicholas Bittner | 06/15/2023 | Communicate (other external): Emailing translator regarding interrogatory responses | 0.20 | $375.00 | $75.00 |

| Nicholas Bittner | 06/15/2023 | Communicate (opposing counsel): Reviewing client responses and drafting letter to OC regarding arbitration discovery | 0.60 | $375.00 | $225.00 |
|---|---|---|---|---|---|
| Nicholas Bittner | 06/15/2023 | Communicate (opposing counsel): Emailing OC re: arbitration discovery | 0.30 | $375.00 | $112.50 |
| Antero Barrantes | 06/16/2023 | File court documents: prep and filed of memo in support along with declarations | 1.19 | $100.00 | $119.00 |
| Brendan Sweeney | 06/16/2023 | Draft/revise: Draft reply in support of conditional certification | 1.30 | $550.00 | $715.00 |
| Law Clerk | 06/16/2023 | Draft/revise: Review, revise, edit motion re certification | 2.00 | $150.00 | $300.00 |
| Law Clerk | 06/16/2023 | Research: Research indemnification law, statute of limitations issues, conference with B Sweeney / N Bittner re same | 4.00 | $150.00 | $600.00 |
| Antero Barrantes | 06/20/2023 | Communicate (with client): Fact finding phone call with Yesenia Maria Tavera Ricaurte re arbitration | 0.25 | $100.00 | $25.00 |
| Nicholas Bittner | 06/21/2023 | Communicate (other external): Emailing translator regarding interrogatory response translations | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 06/21/2023 | Draft/revise: Drafting interrogatory responses from clients' responses | 0.90 | $375.00 | $337.50 |
| Nicholas Bittner | 06/22/2023 | Communicate (other external): Emailing translator regarding interrogatory response translations | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 06/22/2023 | Communicate (opposing counsel): Reviewing client responses and drafting letter to OC regarding arbitration discovery | 1.20 | $375.00 | $450.00 |
| Antero Barrantes | 06/23/2023 | Communicate (with client): fact finding phone call about checks recieved | 0.25 | $100.00 | $25.00 |
| Nicholas Bittner | 06/26/2023 | Communicate (opposing counsel): Emailing OC re: deposition notices and arbitration discovery | 0.30 | $375.00 | $112.50 |
| Nicholas Bittner | 06/26/2023 | Communicate (in firm): Discussing with BMS arbitration discovery and depositions | 0.60 | $375.00 | $225.00 |
| Antero Barrantes | 06/27/2023 | Communicate (with client): Fact finding call per instruction of att NB with Claudia Chaparro | 0.37 | $100.00 | $37.00 |
| Antero Barrantes | 06/28/2023 | Communicate (with client): fact finding phone call re arbitration with client Deisy Hernandez Gomez | 0.24 | $100.00 | $24.00 |
| Antero Barrantes | 06/29/2023 | Communicate (with client): Fact finding phone call with client Rafael Alcantara re arbitration | 0.10 | $100.00 | $10.00 |
| Nicholas Bittner | 06/29/2023 | Communicate (opposing counsel): Drafting and sending letter to OC re: depositions | 0.70 | $375.00 | $262.50 |
| Antero Barrantes | 06/30/2023 | Communicate (with client): Fact finding phone call with client Luz Tabera Ricaurte re arbitration | 0.30 | $100.00 | $30.00 |
| Nicholas Bittner | 06/30/2023 | Communicate (opposing counsel): Emailing OC regarding arbitration discovery | 0.30 | $375.00 | $112.50 |
| Nicholas Bittner | 07/05/2023 | Draft/revise: Drafting interrogatory responses from clients' responses | 1.10 | $375.00 | $412.50 |
| Nicholas Bittner | 07/06/2023 | Communicate (other external): Emailing translator regarding interrogatory response translations | 0.10 | $375.00 | $37.50 |

| Nicholas Bittner | 07/07/2023 | Communicate (opposing counsel): Reviewing client responses and drafting letter to OC regarding arbitration discovery | 0.80 | $375.00 | $300.00 |
|---|---|---|---|---|---|
| Nicholas Bittner | 07/07/2023 | Communicate (opposing counsel): Emailing OC re: deposition notices | 0.40 | $375.00 | $150.00 |
| Antero Barrantes | 07/10/2023 | Communicate (with client): Fact finding phone call with client Edgar Sanchez re arbitration | 0.04 | $100.00 | $4.00 |
| Nicholas Bittner | 07/11/2023 | Communicate (other external): Emailing translator regarding interrogatory response translations | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 07/12/2023 | Draft/revise: Drafting interrogatory responses from clients' responses | 0.40 | $375.00 | $150.00 |
| Nicholas Bittner | 07/12/2023 | Communicate (other external): Emailing translator regarding interrogatory response translations | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 07/12/2023 | Communicate (opposing counsel): Emailing OC regarding arbitration discovery | 0.40 | $375.00 | $150.00 |
| Nicholas Bittner | 07/13/2023 | Draft/revise: Drafting interrogatory responses from clients' responses | 0.80 | $375.00 | $300.00 |
| Nicholas Bittner | 07/13/2023 | Communicate (other external): Emailing translator regarding interrogatory response translations | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 07/13/2023 | Communicate (opposing counsel): Drafting letter and emailing OC regarding arbitration discovery | 0.60 | $375.00 | $225.00 |
| Nicholas Bittner | 07/14/2023 | Communicate (opposing counsel): Drafting joint status letter and sending to OC for review | 1.00 | $375.00 | $375.00 |
| Nicholas Bittner | 07/17/2023 | Communicate (opposing counsel): Discussing with OC joint status letter edits | 0.50 | $375.00 | $187.50 |
| Nicholas Bittner | 07/18/2023 | Communicate (other external): Emailing translator regarding interrogatory response translations | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 07/18/2023 | Communicate (opposing counsel): Discussing with OC joint status letter edits | 0.50 | $375.00 | $187.50 |
| Nicholas Bittner | 07/25/2023 | Communicate (opposing counsel): Reviewing client responses and drafting letter to OC regarding arbitration discovery | 2.10 | $375.00 | $787.50 |
| Nicholas Bittner | 07/27/2023 | Communicate (opposing counsel): Discussing with OC joint status letter | 0.70 | $375.00 | $262.50 |
| Antero Barrantes | 07/28/2023 | File court documents: file joint status letter | 0.14 | $100.00 | $14.00 |
| Nicholas Bittner | 07/28/2023 | Communicate (opposing counsel): Emailing OC re: joint status letter | 0.10 | $375.00 | $37.50 |
| Brendan Sweeney | 07/29/2023 | Plan and prepare for: Review motion to compel arbitration and plan strategy for opposition | 0.90 | $550.00 | $495.00 |
| Brendan Sweeney | 08/09/2023 | Draft/revise: Review legal research and draft opposition to motion to compel arbitration | 4.00 | $550.00 | $2,200.00 |
| Brendan Sweeney | 08/09/2023 | Draft/revise: Review Pollock deposition and interrogatory responses to draft fact section of opposition to motion to compel arbitration | 2.80 | $550.00 | $1,540.00 |

| | | | | | |
|---|---|---|---|---|---|
| Brendan Sweeney | 08/10/2023 | Draft/revise: Review legal research and draft opposition to motion to compel arbitration | 4.20 | $550.00 | $2,310.00 |
| Law Clerk | 08/18/2023 | Draft/revise: Draft statements of claim | 4.00 | $150.00 | $600.00 |
| Antero Barrantes | 08/21/2023 | File court documents: filing of MOL in opp to MTC arb and its supporting docs | 0.52 | $100.00 | $52.00 |
| Nicholas Bittner | 09/04/2023 | Draft/revise: Drafting tolling agreements for arbitration motion | 2.60 | $375.00 | $975.00 |
| Nicholas Bittner | 09/05/2023 | Communicate (opposing counsel): Emailing OC draft tolling agreements | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 09/11/2023 | Communicate (opposing counsel): Emailing OC re joint letter | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 09/13/2023 | Communicate (opposing counsel): Emailing OC re: motion to compel reply | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 09/15/2023 | Draft/revise: Drafting / editing letters to court | 0.50 | $375.00 | $187.50 |
| Antero Barrantes | 09/15/2023 | File court documents: Filing of letter into both vasquez cases re opt-ins | 0.39 | $100.00 | $39.00 |
| Nicholas Bittner | 09/15/2023 | Review/analyze: Reviewing Motion to Compel reply papers | 1.40 | $375.00 | $525.00 |
| Brendan Sweeney | 09/21/2023 | Draft/revise: Analyze damages model and draft settlement demand communication to opposing counsel | 1.10 | $550.00 | $605.00 |
| Brendan Sweeney | 09/22/2023 | Communicate (opposing counsel): Respond to communication from opposing counsel regarding damages calculation | 0.50 | $550.00 | $275.00 |
| Nicholas Bittner | 09/25/2023 | Draft/revise: drafting tolling agreements | 1.00 | $375.00 | $375.00 |
| Nicholas Bittner | 10/03/2023 | Communicate (opposing counsel): Setting up dial in and sending email to OC re: meet and confer | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 10/03/2023 | Draft/revise: Drafting tolling agreements for mediation | 1.50 | $375.00 | $562.50 |
| Nicholas Bittner | 10/04/2023 | Communicate (opposing counsel): emailing OC re: tolling agreements | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 10/04/2023 | Communicate (opposing counsel): Editing tolling agreements and sending to OC | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 10/11/2023 | Communicate (in firm): Discussing client contact project with AB | 0.50 | $375.00 | $187.50 |
| Nicholas Bittner | 10/18/2023 | Communicate (with client): Call with clients | 1.00 | $375.00 | $375.00 |
| Nicholas Bittner | 10/23/2023 | Communicate (in firm): Discussion with BS re: mediation | 1.20 | $375.00 | $450.00 |
| Nicholas Bittner | 10/23/2023 | Communicate (opposing counsel): Drafting and sending email to OC re: mediation | 0.40 | $375.00 | $150.00 |
| Nicholas Bittner | 10/25/2023 | Communicate (opposing counsel): Emailing OC following up with tolling agreements | 0.20 | $375.00 | $75.00 |
| Antero Barrantes | 10/27/2023 | Communicate (other external): Phone call with Vasquez Lead who wants to join case [Oscar Salgado] | 0.37 | $100.00 | $37.00 |
| Antero Barrantes | 10/27/2023 | Manage data/files: lead details placed into clio, ready for retainer and opt-ins [Oscar Delgado] | 0.64 | $100.00 | $64.00 |
| Antero Barrantes | 10/30/2023 | Communicate (other external): screened lead, took info and | 0.45 | $100.00 | $45.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | imported all relevant info onto clio manage [Lead: Camilo Torres] | | | |
| Antero Barrantes | 10/30/2023 | Communicate (other external): call with lead, info placed onto clio manage Guillermo Ramirez | 0.50 | $100.00 | $50.00 |
| Nicholas Bittner | 10/30/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.50 | $375.00 | $187.50 |
| Antero Barrantes | 10/31/2023 | Communicate (with client): Mediation questions with client (Oscar Salgado) | 0.46 | $100.00 | $46.00 |
| Antero Barrantes | 11/01/2023 | Other: Transcribing of notes [Oscar Salgado] | 0.61 | $100.00 | $61.00 |
| Antero Barrantes | 11/01/2023 | Communicate (with client): client Raul Carbajal was not able to attend October zoom meeting so I gave him the information via phone | 0.24 | $100.00 | $24.00 |
| Nicholas Bittner | 11/01/2023 | Communicate (opposing counsel): Updating tolling agreements and sending to OC | 0.30 | $375.00 | $112.50 |
| Nicholas Bittner | 11/06/2023 | Communicate (opposing counsel): Emailing OC following up with tolling agreements | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 11/06/2023 | Communicate (opposing counsel): Call with OC re: mediation discovery | 0.30 | $375.00 | $112.50 |
| Nicholas Bittner | 11/06/2023 | Review/analyze: Created damages analysis spreadsheet | 3.00 | $375.00 | $1,125.00 |
| Nicholas Bittner | 11/07/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 11/07/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.30 | $375.00 | $112.50 |
| Nicholas Bittner | 11/07/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 11/08/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.40 | $375.00 | $150.00 |
| Nicholas Bittner | 11/08/2023 | Communicate (in firm): Setting up Calendly invite, organizing project of client contact | 4.00 | $375.00 | $1,500.00 |
| Nicholas Bittner | 11/13/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 11/13/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 11/20/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 11/22/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.10 | $375.00 | $37.50 |
| Brendan Sweeney | 11/27/2023 | Draft/revise: Draft mediation statement | 3.10 | $550.00 | $1,705.00 |
| Nicholas Bittner | 11/27/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.10 | $375.00 | $37.50 |
| Antero Barrantes | 11/28/2023 | File court documents: prep, edit and file opt-ins for new clients | 0.91 | $100.00 | $91.00 |
| Brendan Sweeney | 11/29/2023 | Draft/revise: review caselaw on prevailing wage issues and draft mediation statement | 4.60 | $550.00 | $2,530.00 |

| Brendan Sweeney | 11/29/2023 | Plan and prepare for: Analyze and update damages analysis for mediation | 1.20 | $550.00 | $660.00 |
|---|---|---|---|---|---|
| Brendan Sweeney | 11/30/2023 | Draft/revise: Draft mediation statement and powerpoint summary of position for mediation | 4.20 | $550.00 | $2,310.00 |
| Brendan Sweeney | 11/30/2023 | Research: Research to refute anticipated arguments at mediation (including argument that subway cleaning is no public work and requirement to exhaust administrative remedies | 4.00 | $550.00 | $2,200.00 |
| Nicholas Bittner | 11/30/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery, new opt ins | 0.90 | $375.00 | $337.50 |
| Brendan Sweeney | 12/01/2023 | Draft/revise: Draft mediation statement | 3.80 | $550.00 | $2,090.00 |
| Brendan Sweeney | 12/01/2023 | Research: Research history of prevailing wage law and authority to refute argument that building services section is not applicable to cleaning of subway cars and stations | 4.10 | $550.00 | $2,255.00 |
| Nicholas Bittner | 12/01/2023 | Communicate (other external): Call with damages expert | 0.50 | $375.00 | $187.50 |
| Nicholas Bittner | 12/01/2023 | Communicate (opposing counsel): Organizing response to discovery request/sending spreadsheet to OC | 1.40 | $375.00 | $525.00 |
| Nicholas Bittner | 12/01/2023 | Communicate (other external): Sending docs to damages expert | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 12/01/2023 | Communicate (opposing counsel): Emailing OC re: mediation discovery | 0.60 | $375.00 | $225.00 |
| Christopher Q Davis | 12/04/2023 | Case conference re mediation w/ nb and and bs. | 0.60 | $550.00 | $330.00 |
| Brendan Sweeney | 12/04/2023 | Communicate (in firm): Conference with CQD and NB regarding strategy for mediation | 0.60 | $550.00 | $330.00 |
| Antero Barrantes | 12/04/2023 | Communicate (with client): phone call with vasquez client (Vivian Fabian) re date discrepancy with Mack Management | 0.32 | $100.00 | $32.00 |
| Nicholas Bittner | 12/04/2023 | Communicate (in firm): Conference with CQD and BS regarding strategy for mediation | 0.60 | $375.00 | $225.00 |
| Nicholas Bittner | 12/04/2023 | Communicate (other external): call with damages expert | 0.50 | $375.00 | $187.50 |
| Nicholas Bittner | 12/05/2023 | Communicate (in firm): Discuss mediation communication with BS | 0.10 | $375.00 | $37.50 |
| Law Clerk | 12/05/2023 | Communicate (with client): Called clients to update them on their case. | 2.00 | $150.00 | $300.00 |
| Nicholas Bittner | 12/06/2023 | Draft/revise: Reviewing and organizing mediation statement | 2.50 | $375.00 | $937.50 |
| Nicholas Bittner | 12/06/2023 | Communicate (opposing counsel): Emailing OC re: tolling agreements | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 12/06/2023 | Communicate (opposing counsel): emailing OC re: mediation discovery | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/06/2023 | Review/analyze: reviewing expert report/call with expert | 0.90 | $375.00 | $337.50 |
| Law Clerk | 12/06/2023 | Communicate (with client): Called clients to update them with their case. | 2.00 | $150.00 | $300.00 |
| Brendan Sweeney | 12/06/2023 | Draft/revise: Draft summary of position to accompany mediation statement | 2.10 | $550.00 | $1,155.00 |

| Nicholas Bittner | 12/07/2023 | Review/analyze: updating dates employed spreadsheet | 0.20 | $375.00 | $75.00 |
|---|---|---|---|---|---|
| Nicholas Bittner | 12/07/2023 | Communicate (opposing counsel): emailing OC re: tolling agreements | 0.30 | $375.00 | $112.50 |
| Nicholas Bittner | 12/07/2023 | Communicate (in firm): call with BS re: mediation | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/07/2023 | Draft/revise: drafting email to OCs re: mediation damages calculation | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/07/2023 | Communicate (other external): Call with damages expert | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/07/2023 | Draft/revise: drafting email to OCs re: mediation damages calc | 0.60 | $375.00 | $225.00 |
| Nicholas Bittner | 12/07/2023 | Communicate (other external): call with damages expert | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/07/2023 | Communicate (in firm): call with BS re: mediation | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/07/2023 | Communicate (opposing counsel): drafting comm to OC re: damages calc | 0.30 | $375.00 | $112.50 |
| Nicholas Bittner | 12/07/2023 | Communicate (other external): call with damages expert | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 12/07/2023 | Communicate (in firm): call with BS re: mediation statement | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/07/2023 | Draft/revise: finalizing mediation statement and attachments | 0.80 | $375.00 | $300.00 |
| Nicholas Bittner | 12/07/2023 | Communicate (opposing counsel): emailing OC damages calcs | 0.10 | $375.00 | $37.50 |
| Antero Barrantes | 12/08/2023 | File court documents: download, prep and edit, filing of opt-ins in both cases | 0.62 | $100.00 | $62.00 |
| Nicholas Bittner | 12/08/2023 | Communicate (in firm): slack client contact | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/08/2023 | Communicate (other external): emailing opt in's immigration attorney | 0.20 | $375.00 | $75.00 |
| Antero Barrantes | 12/08/2023 | Manage data/files: transfer of written lead notes to typed on clio grow notes section (for every lead turned client) | 0.42 | $100.00 | $42.00 |
| Law Clerk | 12/08/2023 | Communicate (with client): Called clients to update them on their case. | 2.00 | $150.00 | $300.00 |
| Nicholas Bittner | 12/11/2023 | Communicate (other external): emailing expert | 0.30 | $375.00 | $112.50 |
| Nicholas Bittner | 12/11/2023 | Communicate (other external): call with expert | 0.20 | $375.00 | $75.00 |
| Antero Barrantes | 12/12/2023 | Communicate (with client): AB Phone Call with Client [Moises Quishpi]<br><br>get whatsapp chats | 0.19 | $100.00 | $19.00 |
| Antero Barrantes | 12/12/2023 | Manage data/files: transfer evidence docs from emails from clients Moises Quishpi and Kern Chafla into egnyte | 0.45 | $100.00 | $45.00 |
| Antero Barrantes | 12/13/2023 | Communicate (with client): phone call with new client (Pedro Flores) in reference to getting any evidence | 0.05 | $100.00 | $5.00 |
| Antero Barrantes | 12/13/2023 | Draft/revise: quick translation of pre-mediation message to clients | 0.17 | $100.00 | $17.00 |
| Nicholas Bittner | 12/13/2023 | Communicate (in firm): slack re: settlement calls | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/13/2023 | Review/analyze: reviewing damages model | 0.40 | $375.00 | $150.00 |

| Nicholas Bittner | 12/13/2023 | Communicate (opposing counsel): emailing OC re: tolling agreement | 0.10 | $375.00 | $37.50 |
|---|---|---|---|---|---|
| Nicholas Bittner | 12/13/2023 | Communicate (in firm): discussing update to opt ins | 0.20 | $375.00 | $75.00 |
| Brendan Sweeney | 12/13/2023 | Plan and prepare for: review case law and prepare strategy for mediation | 2.40 | $550.00 | $1,320.00 |
| Nicholas Bittner | 12/14/2023 | Appear for/attend: mediation | 7.00 | $375.00 | $2,625.00 |
| Brendan Sweeney | 12/14/2023 | Appear for/attend: Appear at mediation | 7.00 | $550.00 | $3,850.00 |
| Brendan Sweeney | 12/14/2023 | Draft/revise: Revise proposed term sheet | 0.80 | $550.00 | $440.00 |
| Antero Barrantes | 12/15/2023 | Draft/revise: Mass communication to clients (in spanish) | 0.59 | $150.00 | $88.50 |
| Nicholas Bittner | 12/15/2023 | Communicate (in firm): discussion with BS | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 12/15/2023 | Communicate (other external): emailing expert | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/15/2023 | Communicate (in firm): Call with BS | 0.10 | $375.00 | $37.50 |
| Nicholas Bittner | 12/15/2023 | Communicate (other external): emailing expert | 0.20 | $375.00 | $75.00 |
| Nicholas Bittner | 12/15/2023 | Communicate (with client): composing and sending message to clients | 0.20 | $375.00 | $75.00 |
| Antero Barrantes | 01/18/2024 | File court documents: prep (establish correct filing types and deliberate with attorney NB stipulation filing, then filed consent and stip in EDNY for both vasquez wage cases | 0.78 | $150.00 | $117.00 |
| Nicholas Bittner | 02/07/2024 | Draft/revise: drafting preliminary settlement motion | 6.00 | $375.00 | $2,250.00 |
| Brendan Sweeney | 02/13/2024 | Draft/revise: revise declaration in support of preliminary approval | 0.80 | $550.00 | $440.00 |
| Brendan Sweeney | 02/13/2024 | Draft/revise: revise proposed order | 0.40 | $550.00 | $220.00 |
| Antero Barrantes | 02/15/2024 | File court documents: call court to identify appropriate event type, deliberate with atts, and proceeded with filing motion docs fro prelim approval in both cases | 1.15 | $150.00 | $172.50 |
| Antero Barrantes | 02/16/2024 | Draft/revise: draft cover letter for relevant courtesy copies of motion docs to judge | 0.65 | $150.00 | $97.50 |
| Law Clerk | 07/17/2024 | Draft/revise: Drafted MSJ In Lieu of Complaint re: Mack Breach of Settlement | 5.22 | $150.00 | $783.00 |
| Law Clerk | 07/18/2024 | Draft/revise: Drafted MSJ In Lieu of Complaint | 4.86 | $150.00 | $729.00 |
| Law Clerk | 07/24/2024 | Draft/revise: Drafted MSJ In Lieu of Complaint | 1.41 | $150.00 | $211.50 |
| Brendan Sweeney | 09/10/2024 | Plan and prepare for: Analyze court's opinion rejecting motion for preliminary approval of settlement, draft memo to opposing counsel outlining proposed modifications to settlement | 5.40 | $550.00 | $2,970.00 |
| Brendan Sweeney | 09/11/2024 | Draft/revise: Draft amendments to settlement agreement | 2.10 | $550.00 | $1,155.00 |
| Brendan Sweeney | 09/13/2024 | Draft/revise: Draft amended notice of settlement | 1.60 | $550.00 | $880.00 |
| Brendan Sweeney | 09/13/2024 | Research: Research standards for approval of hybrid settlements | 1.80 | $550.00 | $990.00 |
| Brendan Sweeney | 09/17/2024 | Draft/revise: Draft memo in support of renewed motion for approval of settlement | 3.80 | $550.00 | $2,090.00 |

| | | | | | |
|---|---|---|---|---|---|
| Brendan Sweeney | 09/18/2024 | Draft/revise: Draft memo in support of renewed motion for approval of settlement | 2.60 | $550.00 | $1,430.00 |
| Brendan Sweeney | 09/19/2024 | Communicate (other external): conferences and emails with Andrew Perun regarding analysis of recoveries in settlement | 0.80 | $550.00 | $440.00 |
| Brendan Sweeney | 09/23/2024 | Draft/revise: Draft memo of law in support of renewed motion for settlement approval | 4.20 | $550.00 | $2,310.00 |
| Brendan Sweeney | 09/23/2024 | emails and conference with Andrew perun regarding analysis of settlement | 0.60 | $550.00 | $330.00 |
| Christopher Q Davis | 09/24/2024 | Internal communication with lawyers re class communication; set up meeting with lead plaintiffs to discuss settlement delays. | 0.20 | $550.00 | $110.00 |
| Brendan Sweeney | 10/16/2024 | Draft/revise: draft memo of law in support of settlement based on comments from opposing counsel | 1.80 | $550.00 | $990.00 |
| Brendan Sweeney | 10/18/2024 | Draft/revise: Draft memo of law in support of preliminary approval | 2.20 | $550.00 | $1,210.00 |
| Brendan Sweeney | 10/21/2024 | Draft/revise: Draft memo in support of preliminary approval | 2.10 | $550.00 | $1,155.00 |
| Brendan Sweeney | 10/21/2024 | Draft/revise: Draft declaration in support of preliminary approval | 1.60 | $550.00 | $880.00 |
| Brendan Sweeney | 10/24/2024 | Draft/revise: Draft approval papers | 1.10 | $550.00 | $605.00 |

| | |
|---|---|
| **Quantity Subtotal** | **863.35** |
| **Services Subtotal** | **$357,725.50** |

## Expenses

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Expense | 07/08/2022 | DLS Invoice #407992<br>Paid via cc 7/8/22 | 1.00 | $406.49 | $406.49 |
| Expense | 07/08/2022 | DLS Invoice #407993<br>Paid via cc 7/8/22 | 1.00 | $129.00 | $129.00 |
| Expense | 07/08/2022 | DLS Invoice #407995<br>Paid via cc 7/8/22 | 1.00 | $209.03 | $209.03 |
| Expense | 08/12/2022 | DLS Invoice # 408887<br>Paid via cc on 8/12/22 | 1.00 | $425.57 | $425.57 |
| Expense | 11/04/2022 | FastSpring expense (Nick Bittner) | 1.00 | $25.99 | $25.99 |
| Expense | 11/18/2022 | Mediation lunch expense | 1.00 | $70.53 | $70.53 |
| Expense | 12/02/2022 | Invoice #01123<br>Check issued 12/2/22 | 1.00 | $1,600.00 | $1,600.00 |
| Expense | 12/07/2022 | Law Clerk Alex Amtrack receipt | 1.00 | $223.00 | $223.00 |
| Expense | 12/23/2022 | Casefleet-MM | 1.00 | $26.63 | $26.63 |
| Expense | 04/04/2023 | INVOICE 20230182-For transcript | 1.00 | $152.76 | $152.76 |
| Expense | 09/22/2023 | Veritext Invoice #: 6670410 | 1.00 | $1,691.30 | $1,691.30 |

| | | | | | |
|---|---|---|---|---|---|
| Expense | 10/11/2023 | Pacer charges 8/21/2023 clerk account | 1.00 | $1.30 | $1.30 |
| Expense | 10/18/2023 | Advanced Client Cost PAID: Mediation fees -Invoice # 39416 and check no. Paid via chase bill payment-transaction No. 18755220928 | 1.00 | $3,625.00 | $3,625.00 |
| Expense | 12/11/2023 | Fedex letter to Yesid Rojas | 1.00 | $28.97 | $28.97 |
| Expense | 12/13/2023 | Advanced Client Cost NOT YET PAID: Veritext Invoice #: 6520641 | 1.00 | $1,050.00 | $1,050.00 |
| Expense | 12/13/2023 | Advanced Client Cost NOT YET PAID: Veritext Invoice #: 6657074 | 1.00 | $480.32 | $480.32 |
| Expense | 12/13/2023 | Advanced Client Cost NOT YET PAID: Veritext Invoice #: 6667998 | 1.00 | $253.50 | $253.50 |
| Expense | 12/13/2023 | Advanced Client Cost NOT YET PAID: Veritext Invoice #: 6697777 | 1.00 | $255.00 | $255.00 |
| Expense | 12/13/2023 | Advanced Client Cost NOT YET PAID: Veritext Invoice #: 6716113 | 1.00 | $255.00 | $255.00 |
| Expense | 12/13/2023 | Advanced Client Cost NOT YET PAID: for invoice # 01123 and invoice to be billed. | 1.00 | $5,050.00 | $5,050.00 |
| Expense | 01/02/2024 | Advanced Client Cost PAID: Accurity Invoice #01223 | 1.00 | $3,650.00 | $3,650.00 |

| | |
|---|---|
| **Expenses Subtotal** | **$19,609.39** |

| Time Keeper | Position | Quantity | Rate | Total |
|---|---|---|---|---|
| Nicholas Bittner | Associate | 171.9 | $375.00 | $64,462.50 |
| Christopher Q Davis | Partner | 17.6 | $550.00 | $9,680.00 |
| Rachel Haskell | Partner | 1.7 | $450.00 | $765.00 |
| Margaret A. Malloy | Partner | 292.54 | $550.00 | $160,897.00 |
| John Pietruszka | Attorney | 13.84 | $350.00 | $4,844.00 |
| Brendan Sweeney | Attorney | 168.7 | $550.00 | $92,785.00 |
| Intern Account | Non-Attorney | 1.0 | $75.00 | $75.00 |
| Antero Barrantes | Non-Attorney | 3.17 | $150.00 | $475.50 |
| Antero Barrantes | Non-Attorney | 103.87 | $100.00 | $10,387.00 |
| Law Clerk | Non-Attorney | 89.03 | $150.00 | $13,354.50 |

| | |
|---|---|
| **Quantity Total** | **863.35** |
| **Subtotal** | **$377,334.89** |
| **Total** | **$377,334.89** |

# Statement of Account

| Outstanding Balance | New Charges | Amount in Trust | Payments Received | Total Amount Outstanding |
|---|---|---|---|---|
| ( $0.00 | + $377,334.89 | ) - ( $0.00 | + $0.00 | ) = **$377,334.89** |

Please make all amounts payable to: The Law Office of Christopher Q. Davis